1  BUCHALTER
   A Professional Corporation
2  SANJAY BHANDARI (SBN 181920)
   NEUSHA ETEMAD (SBN 329455)
3  EMILY S. CHAIDEZ (SBN 297283)
   655 W Broadway Suite 1600
4  San Diego, CA 92101
   Telephone: (619) 219-5335
5  Facsimile: (619) 219-5344
   Email:  sbhandari@buchalter.com
6  Email:  netemad@buchalter.com
   Email: echaidez@buchalter.com
7

8  BUCHALTER
   A Professional Corporation
9  MATTHEW L. SEROR (SBN 235043)
   18400 Von Karman Avenue, Suite 800
10 Irvine, CA  92612-0514
   Telephone: (213) 891-0700
11 Facsimile: (213) 896-0400
   Email: mseror@buchalter.com
12
   Attorneys for Plaintiff
13 TWINS SPECIAL CO., LTD.

14            **UNITED STATES DISTRICT COURT**

15          **SOUTHERN DISTRICT OF CALIFORNIA**

16 | TWINS SPECIAL CO., LTD., | Case No. 3:23-cv-00223-JO-DDL |
17 | | [Consolidated with Case No. 3:21-cv-00221-JO-DDL] |

| | |
|---|---|
| TWINS SPECIAL CO., LTD., | Case No. 3:23-cv-00223-JO-DDL [Consolidated with Case No. 3:21-cv-00221-JO-DDL] |
| Plaintiff, | |
| vs. | **PLAINTIFF TWINS SPECIAL CO., LTD.'S RESPONSE TO SECOND MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANTS AND COUNTERCLAIMANTS TWINS SPECIAL, LLC, NICHOLAS MECHLING, AND CHRISTOPHER MECHLING** |
| TWINS SPECIAL, LLC, et al., | |
| Defendants. | |
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING, | DATE: April 10, 2024 TIME : 9:00 a.m. |
| Counter-Claimants, | Presiding Judge: Hon. Jinsook Ohta Magistrate Judge: David D. Leshner |
| vs. | |
| TWINS SPECIAL CO., LTD. | |
| Counter-Defendants. | |

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

SIMON POULIOT, an individual, and
TWINS SPECIAL CO. LTD., a Thailand
Company,

             Plaintiffs,

vs.

NICHOLAS MECHLING, an individual
and CHRISTOPHER MECHLING, an
individual,

             Defendants.

AND RELATED COUNTER ACTIONS.

Plaintiff and Counter-Defendant Twins Special Co., Ltd. ("Twins Thailand") responds as follows to the Motion to Withdraw as Attorney of Record ("Motion") for Defendants and Counter-Claimants Twins Special, LLC ("Twins US"), Nicholas Mechling, and Christopher Mechling (together, "the Mechlings", collectively with Twins US, "Defendants") filed by the Law Offices of Rodney L. Donohoo, APC ("Donohoo") on March 19, 2024.

## I.      LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194 at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether the grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740 at *1 (S.D. Cal. Mar5 27, 2017). Under this District's Civil Local Rules, "corporations, partnerships, and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Local Civil Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Lascowitz v. Shellenberger*, 107 F.Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act

///

1  through the agency of natural persons, it follows that it can appear in court on its

2  own behalf only through a licensed attorney.").

3       "In ruling on a motion to withdraw as counsel, courts consider: (1) the

4  reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other

5  litigants; (3) the harm withdrawal might cause to the administration of justice; and

6  (4) the degree to which withdrawal will delay the resolution of the case. *Leatt Corp.*

7  *v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708 at

8  *1 (S.D. Cal. Feb. 2, 2010). The California Rules of Professional Conduct also

9  permit a lawyer to withdraw from representing a client if the client breaches a

10  material term of an agreement with the lawyer relating to the representation, and the

11  lawyer has given the client a reasonable warning after the breach that he or she will

12  withdraw unless the client complies with the agreement. Cal. Rule of Pro. Conduct

13  R. 1.16(b)(5)(Cal. State Bar 2020).

14  **II.     DEFENDANTS HAVE TWICE SOUGHT TO REPLACE**

15  **COUNSEL**

16       While Twins Thailand is sympathetic to Donohoo's plight and does not

17  oppose withdrawal under appropriate conditions, such conditions are not met at

18  present and this Motion is duplicative of the prior motion to withdraw filed by

19  Defendants' prior counsel, Witham Mahoney & Abbot, LLP ("WMA") just six

20  months ago, on September 22, 2023. [ECF 108]. Moreover, Donohoo's Motion

21  raises serious issues that should be resolved before Donohoo is relieved, including

22  significant prejudice to Twins Thailand.

23       This is the second motion to withdraw as counsel filed on behalf of

24  Defendants. [See ECF 108, 163]. In the prior motion, WMA argued it had "afforded

25  Defendants ample time to obtain new counsel." [ECF 108-1 at 2:7-8]. In the present

26  Motion, Donohoo argues it first notified Defendants of its intent to withdraw in

27  "mid-December 2023" and continued to inform Defendants of such intent on a

28  weekly basis thereafter. [ECF 163-1 at 13-16]. Donohoo further argues that the

pretrial conference is set for September 25, 2024, which "provides ample time for Defendants to engage new counsel and prepare for trial" and that "Defendants have had three months to find new counsel". [ECF 163-1 at 5:8-15]. Both the motion filed by WMA and the present Motion cite the exact same authority to set forth the standard elements considered on a motion to withdraw, yet the present Motion fails to cite any authority in support of its position that a corporate entity may be unrepresented without facing default. [See, ECF 108-1 at 2; ECF 163-1 at 2-3]. Both motions argue that withdrawal is warranted under California Rule of Professional Responsibility 1.16; that no litigants will be prejudiced if the motion is granted; and that withdrawal will not delay resolution of the case or harm the administration of justice. Twins Thailand responded to the prior motion with partially the same arguments contained herein and expressly cautioned at that time that newly appointed counsel following WMA would be involved in the case for the duration, which Donohoo accepted. Now, after six more months of active litigation and discovery disputes premised largely on Defendants' failure to produce responsive documents, counsel seeks to withdraw on the eve of a motion seeking sanctions based on Defendants' and counsel's discovery misconduct. *See* Declaration of Emily S. Chaidez in Support of Twins Special Co., Ltd.'s Response to Second Motion to Withdraw ("Chaidez Decl."), ¶6.

Thus, not only is the present Motion an actual case of déjà vu, it also lacks merit insofar as withdrawal by Donohoo at this juncture would actually significantly prejudice Twins Thailand, contrary to its representations.

### III.   <u>PLAINTIFF WILL BE PREJUDICED BY WITHDRAWAL AT THIS JUNCTURE</u>

In the Motion, Donohoo argues that "Plaintiff will not be prejudiced by Donohoo APC's withdrawal as a trial date has not been set." [ECF 163-1 at 5:6-7]. In support, the Motion cites the September 25, 2024 pretrial conference date and the January 31, 2024 discovery cutoff. [ECF 163-1 at 5:7-9]. However, contrary to

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

1  Donohoo's representations, Twins Thailand would be significantly prejudiced by

2  withdrawal at this juncture. As noted and demonstrated throughout the history of

3  this case, serious discovery issues remain that will be the subject of a forthcoming

4  sanctions motion filed by Twins Thailand within the next week and that require

5  Donohoo's participation and attendance <u>as counsel of record</u>. Chaidez Decl., ¶¶5-7.

6  Until the parties and the Court are able to move past the outstanding discovery

7  issues in which counsel is steeped, it would be highly prejudicial to Plaintiff to

8  permit withdrawal of Donohoo as counsel of record for Defendants.

9       Also among the issues not addressed in Donohoo's Motion is how Twins US

10  can continue in litigation. This issue was presented in the prior motion for WMA to

11  be relieved as counsel. As with the prior motion, Donohoo's Motion claims that

12  "Defendants will also not be prejudiced by permitting Donohoo APC's withdrawal

13  as Donohoo APC has taken reasonable steps to prevent any such prejudice,"

14  including informing Defendants "of its intent to withdraw in mid-December." [ECF

15  163-1 at 5:12-13]. Yet, if the Court were to grant Donohoo's Motion, Twins US

16  would be severely prejudiced. As an entity, it cannot continue litigation without

17  counsel, and would be subject to entry of a default judgment. *Licht v. Am. W.*

18  *Airlines,* 40 F.3d 1058, 1059 (9th Cir. 1994). For this reason, before allowing

19  counsel to withdraw from representing an entity, courts routinely set deadlines for

20  appearance of new entity counsel or entry of default against the entity, and require

21  withdrawing counsel to explain these issues to entity representatives. *See, e.g.,*

22  *Jaguar Land Rover Ltd. v. A-Z Wheels LLC*, Case No. 13-CV-878, 2013 WL

23  12094184 at *1 (S.D. Cal. Dec. 10, 2013); *Sihler v. Fulfillment Lab, Inc.*, No.

24  20CV1528-LL-DDL, 2023 WL 3046072, at *3 (S.D. Cal. Apr. 21, 2023); *Three*

25  *Sons, Inc. v. Felix Express Inc.*, No. SACV211692, 2022 WL 2286760 at *2 (C.D.

26  Cal. May 6, 2022); *Parasoleil, LLC v. Artisan Panels, Inc.*., No. 21CV01569, 2022

27  WL3130877 at *2 (C.D. Cal. May 4, 2022).

28  / / /

How Donohoo's individual clients will proceed as *pro se* litigants is another issue that must be addressed. Donohoo's papers provide no comfort that new counsel will appear soon or indeed at all: the papers only state Donohoo provided notice of its intent to withdraw to Defendants as of mid-December 2023 and that "Defendants have had three months to find new counsel" but only vaguely references that it "has been informed that Defendants have already spoken with new counsel who _could_ represent Defendants following Donohoo APC's withdrawal." [ECF 163-1 at 5:15-20 (emphasis added)]. Yet no new counsel has been identified. This is not surprising: most attorneys would hesitate to take on a case knowing that two sets of prior counsel had not been paid for months upon end, and the clients' main business is under a bankruptcy plan. Although Twins Thailand does not oppose a brief continuance to allow Defendants to retain counsel, there should be a clear end point, with a schedule that follows regardless of whether new counsel appears. There must also be a clear means of service, mechanisms for meet and confers, modifications of what counsel must confer with pro se parties about, and other ground rules set for *pro se* litigation.

## IV.   CONCLUSION

Based on the foregoing, Twins Thailand respectfully requests this Court enter an order:

1.  Denying Donohoo's Motion to Withdraw as counsel for Defendants until the anticipated motion for evidentiary sanctions based on discovery misconduct has been heard and concluded;

2.  Requiring that, by not later than April 12, 2024, Donohoo shall (a) serve a copy of the order on Defendants and file a proof of service with the Court; (b) inform Defendants of the contents of the order by phone, text message, and email, and (c) submit a declaration of having done so;

3.  Requiring that, by not later than May 6, 2024, Twins US must retain counsel and have counsel file a notice of appearance or be subject to

default proceedings filed by Plaintiff pursuant to Federal Rule of Civil Procedure 55;

4. Requiring that, should the Mechlings choose to proceed *pro se*, by not later than May 6, 2024, the Mechlings must provide their contact information (mailing addresses, telephone numbers, and email addresses) to the Court pursuant to Civil Local Rule 83.11(b); and

5. Deeming Defendants served, in the absence of new counsel, upon email communication sent to mechlings@gmail.com with no need for personal service.

Dated:  March 20, 2024

BUCHALTER
A Professional Corporation


By:  /s/ Emily S. Chaidez
SANJAY BHANDARI
MATTHEW L. SEROR
NEUSHA ETEMAD
EMILY S. CHAIDEZ
Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.