Rodney L. Donohoo, Esq. (SBN 145040)
Kevin T. Rhine, Esq. (SBN 270283)
**LAW OFFICES OF RODNEY L. DONOHOO, APC**
16236 San Dieguito Rd., Suite 1-12
Post Office Box 9335
Rancho Santa Fe, CA 92067
T. 858.914.3394 | F. 858.737.2915
Email: rdonohoo@donohoolaw.com
ktrhine@donohoolaw.com

Attorney for Defendants and Counter-Claimants TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TWINS SPECIAL, LLC, et al.,<br><br>　　　　　Defendants.<br><br>TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING,<br><br>　　　　　Counter-Claimants,<br><br>　v.<br><br>TWINS SPECIAL CO., LTD.,<br><br>　　　　　Counter-Defendant. | Case No. 23-cv-00223-JO-DDL<br>*Consolidated w/* Case No. 21-cv-00221<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANTS AND COUNTERCLAIMANTS TWINS SPECIAL, LLC, NICHOLAS MECHLING AND CHRISTOPHER MECHLING**<br><br><u>Presiding Judge</u>: Hon. Jinsook Ohta<br><br><u>Magistrate Judge</u>: Hon. David D. Leshner<br><br>Courtroom: 14A<br><br>Date:  April 2, 2024<br>Time: 11:00 a.m.<br><br>Location:<br>James M. Carter & Judith N. Keep<br>U.S. Courthouse<br>333 West Broadway<br>San Diego, CA 92101 |

**COMES NOW** The Law Offices of Rodney L. Donohoo, APC, including Rodney L. Donohoo, Esq. and Kevin T. Rhine, Esq., and hereby submit the following Reply Brief in Support of its Motion to Withdraw as Attorneys of Record for Defendants and

1
MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW

Counterclaimants Twins Special, LLC ("Twins US"), Nicholas Mechling and Christopher Mechling (all Defendants collectively referred to as the "Mechlings") in the instant action and in the consolidated matter (Case No. 21-cv-00221), as follows:

## I.  INTRODUCTION

Twins Special Co., Ltd.'s ("Twins Thailand") Opposition to the Law Offices of Rodney L. Donohoo, APC's ("Donohoo APC") Motion to Withdraw is unconvincing for several reasons. First, Twins Thailand completely ignores one of the primary reasons for the motion: Donohoo APC's inability to effectively communicate with the Mechlings. This is extremely relevant to the Motion to Withdraw, as Donohoo APC could not meaningfully participate in this litigation without that communication.

Second, Twins Thailand seeks to force Donohoo APC to remain in this case out of convenience for Twins Thailand's hypothetical discovery motion. However, Donohoo APC could not meaningfully respond to such a motion without better communications with its clients. Furthermore, Twins Thailand has delayed in bringing the hypothetical motion for over a month, and should not be permitted to force Donohoo APC to remain in the action due to Twins Thailand's delay.

Third, despite Twins Thailand's false assertions to the contrary, Donohoo APC never represented to Twins Thailand or anyone else that Donohoo APC would remain counsel of record throughout the remainder of this litigation regardless of communication issues or breaches of the fee agreement.

Fourth, any delay in bringing this Motion was caused by Twins Thailand's own conduct during settlement discussions, which terminated when Twins Thailand demanded that presiding judge be changed, an agreement Donohoo APC could not make considering the pending Motion to Withdraw.

Finally, Donohoo APC makes this Motion as a last result. In approximately 25 years of existence, Donohoo APC has only moved to withdraw two (2) times, and one of those instances was due to a suspended corporation that was unable to be compliant, thus

prohibiting Donohoo APC from continuing the representation. Donohoo APC does not make this Motion lightly, and has only done so out of necessity.

## II. TWINS THAILAND IGNORES DONOHOO APC'S INABILITY TO EFFECTIVELY COMMUNICATE

Twins Thailand's Opposition to Donohoo APC's Motion to Withdraw completely ignores Donohoo APC's inability to effectively communicate with the Mechlings. While it is true the Mechlings have breached their fee agreement with Donohoo APC, as set forth in the moving papers, Donohoo APC has also been unable to effectively communicate with the Mechlings, rendering it "unreasonably difficult" for Donohoo APC to "carry out the representation effectively." *See* Cal. R. Prof. Conduct, Rule 1.16(b)(4). Furthermore, Donohoo APC is required to properly keep the Mechlings informed, which is also unreasonably difficult without effective communication. *See* Cal. R. Prof. Conduct, Rule 1.4(a).

Without being able to effectively communicate with the Mechlings, forcing Donohoo APC to remain in this Action as counsel of record will serve more harm than good. Donohoo APC cannot effectively represent the Mechlings without being able to effectively communicate with them. This will cause substantial issues in regard to disclosures, any use of experts, any responses to discovery motions, any other motions including summary judgment motions, and most importantly, trial preparation. Donohoo APC's continued role in this Action as counsel of record will only seek to cause more issues, and potentially more delays, and will not serve to benefit any of the parties to this Action.

Donohoo APC's inability to effectively communicate with the Mechlings will cause severe prejudice to the Mechlings. They will not receive effective representation, which is impossible without substantial and effective communication. As such, Donohoo APC's inability to communicate is in and of itself grounds for this Court to grant Donohoo APC's Motion to Withdraw.

## III. TWINS THAILAND CANNOT SHOW PREJUDICE

### A. Donohoo APC Cannot Meaningfully Participate in Discovery Motions

Twins Thailand incorrectly argues extensively that Donohoo APC's participation is necessary so that Twins Thailand can file a theoretical discovery motion that could have been filed a long time ago. However, Twins Thailand's argument is incorrect.

First and foremost, Donohoo APC has produced all discovery information in its possession. [Rhine Declaration, ¶ 2]. Should Twins Thailand bring its theoretical motion, Donohoo APC would be entirely unable to meaningfully respond without effective communication with the Mechlings. [Rhine Declaration, ¶ 2]. Donohoo APC has no personal knowledge regarding any alleged documents that were supposed to be produced by the Mechlings, or any other alleged outstanding discovery. [Rhine Declaration, ¶ 3]. Any such information could only come from the Mechlings, and Donohoo APC has been thus unable to obtain any such information from the Mechlings. [Rhine Declaration, ¶ 3].

Second, Twins Thailand could have brought its potential motion over a month ago, long before Donohoo APC even filed the instant Motion to Withdraw. Had Twins Thailand been more diligent, any discovery motion would have been heard by the time this Court issues any order on Donohoo APC's Motion to Withdraw. Twins Thailand cannot use its own dilatory conduct as a basis for forcing Donohoo APC to remain in this Action on the basis that it is more convenient for Twins Thailand.

### B. Donohoo APC Never Stated It Agreed to Be Involved for the Duration of this Action

Twins Thailand argues that *Twins Thailand* "expressly cautioned at the time that newly appointed counsel following WMA would be involved in the case for the duration, which Donohoo accepted." [Opposition, p. 4:11-14]. This is simply false. First Twins Thailand, as a party in this case, does not, and cannot decide, who will be counsel for the party they have sued. Further, at no point did Donohoo APC ever represented (nor could it represent) that it agreed to be counsel of record for the Mechlings throughout the entirety of this Action, regardless of any breaches of the settlement agreement and

regardless of whether or not Donohoo APC was able to effectively communicate with the Mechlings. [Rhine Declaration, ¶ 4]

### C. The Mechlings Have Been Fully Informed that Twins US Must Appear Through Counsel

Twins Thailand asserts that Twins US cannot represent itself in Court and must be informed of the same. Donohoo APC does not disagree and has fully informed the Mechlings of this issue. Without waiver of privileged communication, Donohoo APC is certain that Twins US is fully aware of the requirement that Twins US must, and should, have counsel upon Donohoo APC withdrawing from this Action. [Rhine Declaration, ¶ 5].

### D. Any Delay in Donohoo APC Bringing this Motion Was Caused by Twins Thailand

Any delay in Donohoo APC bringing the instant Motion was solely caused by Twins Thailand. As indicated in Donohoo APC's moving papers, Donohoo APC waited until the discovery deadline had past and until settlement communications had completed before bringing this Motion, in order to avoid prejudice to both the Mechlings and Twins Thailand.

During the course of settlement communications, Twins Thailand had indicated that it was open to a potential settlement. Subsequently, Twins Thailand suggested that such an agreement could be in line with the mediator's proposal that occurred on or around February 23, 2024. [Rhine Declaration, ¶ 6]. However, after several in person meetings with opposing counsel, several additional conferences with the Court, and numerous phone calls and emails, Twins Thailand abruptly stated that no further discussions regarding settlement would occur. [Rhine Declaration, ¶ 7]. Counsel for Twins Thailand indicated that one of the primary reasons for refusing to discuss settlement was because Twins Thailand insisted that the Magistrate Judge in this matter be deemed the presiding judge for all purposes, and Donohoo APC could not agree to do so. [Rhine Declaration, ¶ 8]. Counsel for Twins Thailand first raised this issue in

February 2024. [Rhine Declaration, ¶ 8]. Donohoo APC could not make that agreement in the face of being forced to move to withdraw. [Rhine Declaration, ¶ 8]. Any such agreement should be made with the Mechlings' new counsel or with the Mechlings directly, should they not obtain new counsel. [Rhine Declaration, ¶ 8].

Thus, Twins Thailand's false premise of engaging in settlement communications while simultaneously knowing that they would never agree to a settlement unless Donohoo APC stipulated to change the presiding judge in this Action caused Donohoo APC to delay bringing this Motion for an additional month.

### E. Donohoo APC Has Rarely Ever Moved to Withdraw.

Donohoo APC believes it is relevant to state to this Court that, prior to the instant Motion, Donohoo APC has only moved to withdraw two prior times in its approximately 25-year existence. [Rhine Declaration, ¶ 9]. One of those instances was because Donohoo APC's client was a corporation that was FTB suspended and was unable to come into compliance, and California law prohibits an attorney from representing a suspended corporation. [Rhine Declaration, ¶ 9]. Such history confirms that Donohoo APC not only brings the current motion in good faith, but out of absolute necessity.

### F. Twins Thailand's Proposed Order Is Unreasonable

Twins Thailand suggest that Donohoo APC's Motion to Withdraw should be denied so that Donohoo APC can be required to respond to the theoretical discovery motion, and includes this suggestion in its proposed order. However, as indicated above, Donohoo APC does not have sufficient independent knowledge to meaningfully respond to any such motion and is unable to effectively communicate with its clients. As such, Donohoo APC's Motion should be granted immediately after the hearing on this Motion.

In regard to Twins Thailand's other requests, related to dates by which the Mechlings should be required to retain new counsel and service requirements, Donohoo APC has no input on those subjects because Donohoo APC has not received input from its clients. Donohoo APC does not work for Twins Thailand, and should not be forced

to continue in this case merely out of some perceived convenience by counsel for Twins Thailand.

## IV. CONCLUSION

For all of the foregoing reasons, and those contained in Donohoo APC's moving papers, Donohoo APC's Motion to Withdraw should be granted in its entirety and without delay.

Dated: March 26, 2024           **LAW OFFICES OF RODNEY L. DONOHOO, APC**

By:   /s/ *Rodney Donohoo*
      Rodney L. Donohoo, Esq.
      Kevin T. Rhine, Esq.
      Attorney for Defendants and Counter-Claimants
      TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING