UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., a private limited company organized under the laws of Thailand,<br><br>Plaintiff,<br><br>v.<br><br>TWINS SPECIAL, LLC, NICHOLAS MECHLING, an individual, CHRISTOPHER MECHLING, an individual, TWINS SPECIAL, an unincorporated general partnership, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 23-cv-223-JO-DDL<br>Related Case No.: 21-cv-221-JO-DDL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>**[Dkt. No. 163]** |

**I.**

**<u>BACKGROUND</u>**

On March 19, 2024, counsel for Defendants at the Law Offices of Rodney L. Donohoo, APC ("Donohoo APC") filed a Motion to Withdraw as Attorney of Record ("Motion to Withdraw"). Dkt. No. 163. Plaintiff filed a response to the Motion to Withdraw, and Donohoo APC filed a reply brief. Dkt. Nos. 164, 168. On April 2, 2024, the Court held a motion hearing, during which Defendants reported that they had not

retained new counsel and continue to meet with prospective attorneys. Having considered the Motion to Withdraw and the parties' statements at the hearing, the Court **GRANTS** the Motion to Withdraw.

## II.

## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under this District's Civil Local Rules, "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). For example, courts have held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id*. at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Additionally, the California Rules of Professional Conduct permit a lawyer to withdraw from representing a client if the client's

conduct makes it unreasonably difficult for the lawyer to carry out the representation effectively or if the client breaches a material term of an agreement with the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that he or she will withdraw unless the client complies with the agreement. Cal. Rule of Pro. Conduct R. 1.16(b)(4) and (5) (Cal. State Bar 2020).

Under this District's Local Rules, a motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." CivLR 83.3(f)(3)(b).

## III.
## DISCUSSION

As a preliminary matter, the Court notes that Donohoo APC has met the requirements of Civil Local Rule 83.3(f)(3) by providing a declaration and proof of service indicating that it served its clients and counsel for all adverse parties with the Motion to Withdraw via email on March 19, 2024. Dkt. Nos. 173, 173-1. The Court turns next to the merits of the Motion to Withdraw.

### A.   Valid Cause for Withdrawal

Donohoo APC asserts that withdrawal is warranted under California Rule of Professional Conduct 1.16(b)(4) because "Donohoo APC has been unable to meaningfully communicate with Defendants," and "[w]ithout proper communication between Donohoo APC and Defendants, it has become unreasonably difficult for Donohoo APC to continue to represent Defendants effectively." Dkt. No. 163-1 at 3-4. The declaration of Donohoo APC attorney Kevin T. Rhine ("Rhine Declaration") states that the firm has not been able to obtain meaningful input from Defendants regarding discovery and settlement matters "for approximately the last month prior to filing the instant motion." Dkt. No. 163-2 at ¶ 2. Additionally, Donohoo APC seeks withdrawal under California Rule of Professional Conduct 1.16(b)(5) because "Defendants have been unable to fulfill their obligations

pursuant to the terms of the Fee Agreement." Dkt. No. 163-1 at 4. The Rhine Declaration explains that "Defendants first breached the fee agreement on November 30, 2023 and have remained in breach of the fee agreement ever since November 30, 2023." Dkt. No. 163-2 at ¶ 3. Moreover, the Rhine Declaration provides that Donohoo APC "first notified Defendants of [its] intent to withdraw in mid-December 2023," and that it "has continued to inform Defendants of [its] intent to withdraw on an approximately weekly basis since mid-December." *Id*. at ¶ 4.

Donohoo APC contends that no litigants in the action will be prejudiced if the Motion to Withdraw is granted. Specifically, Donohoo APC asserts Plaintiff will not be prejudiced by Donohoo APC's withdrawal "as a trial date has not been set," and because the pretrial conference is "six months from now," which "provides ample time for Defendants to engage new counsel and prepare for trial." Dkt. No. 163-1 at 5. Donohoo APC further states that Defendants will not be prejudiced because "Donohoo APC began informing Defendants of its intent to withdraw in mid-December, and therefore Defendants have had three months to find new counsel." *Id*. Moreover, Donohoo APC contends that its withdrawal will not harm the administration of justice or delay resolution of the case because "no trial date has been set, and the parties have now completed the discovery process," and "[t]he final pretrial conference is not set to take place until September 2024." *Id*. at 5. These circumstances, Donohoo APC asserts, signify that "ample time exists for Defendants to obtain new counsel without any delay to the proceedings in this case and with the ability to meet all upcoming deadlines." *Id*. at 6.

The Court finds that withdrawal by Donohoo APC is appropriate on this record. First, Defendants have not meaningfully communicated with Donohoo APC and have not provided input on time-sensitive discovery and settlement matters. *See* Cal. Rule of Pro. Conduct R. 1.16(b)(4); *see also Mehri v. Lowe's Home Center, LLC*, No. 22cv545-LL-MMP, 2023 WL 7030547, at *1 (S.D. Cal. Oct. 25, 2023) (granting motion to withdraw as counsel under California Rule of Professional Conduct 1.16(b)(4) based on counsel's representation that its clients "repeatedly failed to communicate with their counsel, despite

repeated attempts, and have thereby rendered it unreasonably difficult for counsel to effectively carry out their representation"). Second, Defendants' failure to pay fees owed to Donohoo APC for legal services rendered is a breach of a material term of the Fee Agreement. Under California Rule of Professional Conduct 1.16(b)(5), such a breach represents an independent ground upon which to grant Donohoo APC's Motion to Withdraw. *See Leatt Corp.*, 2010 WL 444708, at *2.

The Court concludes that Defendants will not be prejudiced by Donohoo APC's withdrawal where they received notice of counsel's intent to withdraw and have been actively seeking new counsel. In particular, Defendant Twins Special LLC will not be prejudiced as an entity who must be represented by counsel where the Court grants sufficient time to retain new counsel.

Finally, the Court is mindful that this is the second motion to withdraw filed by Defendants' counsel. Resolution of the first motion to withdraw filed by Defendants' initial counsel necessitated delays in this case between September and November 2023, and granting the current request will necessitate changes to the current pretrial schedule. Dkt. No. 159. Plaintiff has continually asserted its desire to resolve this case expeditiously, and Plaintiff asserts that outstanding discovery issues remain to be resolved. Dkt. No. 164 at 4-5. Balancing these concerns against the reasons why Donahoo APC seeks to withdraw, the Court concludes that withdrawal is warranted and that a short continuance of the pretrial schedule also is warranted. However, the Court will not grant further continuances of the pretrial schedule absent a showing of exceptional circumstances.

**B.** **Defendant Twins Special LLC Must Retain New Counsel or Risk Default Proceedings**

Under Civil Local Rule 83.3(j), Defendant Twins Special LLC may only appear in court through an attorney.[1] The Court recognizes that granting the Motion to Withdraw

---

[1] On March 4, 2024, the Clerk entered a default as to defendant Twins Special, an unincorporated general partnership. Dkt. No. 160.

will leave Twins Special LLC without counsel.  However, Rule 83.3(j) is not offended where a court orders an unrepresented entity to find substitute counsel and provides time to do this on the condition that failure to do so will expose the defendant to default proceedings.  *See, e.g.*, *Osgood*, 2017 WL 7362740, at *2 (granting counsel's motion to withdraw from representing a business entity defendant; ordering the defendant to obtain new counsel within thirty days and requiring counsel to file a notice of appearance within that timeframe; and warning the defendant of the risk of default judgment upon its failure to retain new counsel); *see also United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming a default judgment against a corporate defendant that failed to comply with the court's order requiring it to retain new counsel).

## IV.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Donohoo APC's Motion to Withdraw as counsel for Defendants is **GRANTED**.

2. By not later than **April 8, 2024**, Donohoo APC shall (a) serve a copy of this Order on Defendants and file proof of service with the Court; (b) inform Defendants of the contents of this Order by phone, text message, and email; and (c) submit a declaration of having done so.

3. By not later than **May 3, 2024**, Defendant Twins Special LLC must retain counsel.  By the same deadline, counsel must file a notice of appearance or Twins Special LLC will be subject to default proceedings filed by Plaintiff pursuant to Federal Rule of Civil Procedure 55.

4. Defendants Nicholas Mechling and Christopher Mechling may proceed pro se (without counsel).  By not later than **May 3, 2024**, Defendants must provide their contact information (mailing addresses, telephone numbers, and email addresses) to the Court pursuant to Civil Local Rule 83.11(b).

/ / /

     The Court will issue a separate order amending the current pretrial scheduling order.

**IT IS SO ORDERED.**

Dated: April 5, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge