BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN: 181920)
NEUSHA ETEMAD (SBN 329455)
EMILY S. CHAIDEZ (SBN 297283)
655 W Broadway Suite 1600
San Diego, CA 92101
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email: sbhandari@buchalter.com
Email: netemad@buchalter.com
Email: echaidez@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO. LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>TWINS SPECIAL, LLC, et al.,<br><br>Defendants. | Case No. 3:23-cv-00223-JO-DDL<br>(Consolidated with<br>Case No. 21-cv-00221)<br><br>Presiding Judge: Hon. Jinsook Ohta<br>Magistrate Judge: David D. Leshner |
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING,<br><br>Counter-Claimants,<br><br>vs.<br><br>TWINS SPECIAL CO. LTD.,<br><br>Counter-Defendant. | **NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF AMENDED SCHEDULING ORDER** |

**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF AMENDED SCHEDULING ORDER**

BN 82474024v1

Case No. 3:23-cv-00223-JO-DDL

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLEASE TAKE NOTICE that Plaintiff TWINS SPECIAL CO., LTD. ("Twins Thailand") will and hereby does move for reconsideration of the Amended Scheduling Order [ECF 179].

As discussed at the May 6, 2024 conference before Judge Leshner, Twins Thailand asks for this change because it is prejudiced by the Amended Scheduling Order's 3-month delay, and no good cause was shown by the beneficiaries of that delay (the Defendants). This motion is based on this Notice, the attached Memorandum, the pleadings and records on file, and such additional information as may be presented at any hearing on this motion.

**Meet & Confer Certification**

For several weeks before the May 6, 2024 conference about this motion, Twins Thailand asked (including by emails dated April 10, April 16, April 18, April 20, and April 24) to confer with Defendants about it. Defendants repeatedly declined until they obtained counsel, thus waiving any meet and confer requirement. *Hart v. Gaioni*, No. CV02-01331-RMT, 2003 U.S. Dist. LEXIS 26326, at *4-5 (C.D. Cal. May 12, 2003) (meet and confer duty waived when nonmoving party refused to meet). Counsel for Mr. Pouliot (Plaintiff in consolidated case 21-cv-0221) has stated he does not oppose the dates proposed in this motion.

DATED: May 7, 2024

BUCHALTER
A Professional Corporation

By: */s/ Sanjay Bhandari*
SANJAY BHANDARI
Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

2

NOTICE OF MOTION AND MOTION FOR
RECONSIDERATION OF AMENDED SCHEDULING
ORDER

Case No. 3:23-cv-00223-JO-DDL

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 82474024v1

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Twins Special Co. Ltd. ("Twins Thailand") timely[1] and respectfully requests that the Court reconsider[2] its Amended Scheduling Order [ECF 178] to put this case back on track for the prior pretrial conference date of September 25, 2024.

## I.   DISCUSSION

The scheduling order should be returned to previously set dates for the following reasons: 1) Defendants Nicholas and Christopher Mechling ("the Mechlings") did not show the diligence required for a scheduling order modification; 2) Plaintiff Twins Thailand and others would suffer prejudice from delay; and 3) this case has already been delayed by more than a year by the Mechlings, from service dodging through multiple changes in counsel.

*First*, the Mechlings have not shown the diligence required to obtain a delay. Under Federal Rule of Civil Procedure 16(b), a scheduling order may be "modified only for good cause." The good cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If that party "was not diligent, the inquiry should end." *Id.* The record before the Court showed no evidence of diligence. The Mechlings hired recently withdrawn counsel (Law Offices of Rodney L Donohoo, APC) in November

---

[1] This motion is timely. As discussed at the May 6, 2024 conference with Judge Leshner, Twins Thailand sought to raise this issue immediately after the Court issued its Order on April 8, 2024. However, given that this Court's rules require a meet and confer before a motion can be filed, Twins Thailand first sought to complete that, emailing defendants repeatedly beginning on April 10, 2024. Defendants repeatedly declined to confer. After many attempts, on April 25th, Plaintiff requested a pre-motion conference with the Court. The Court set that conference for May 6, and at the conference, granted permission for this filing.

[2] Twins Thailand recognizes the court's broad discretion on reconsideration motions, but submits that reconsideration is appropriate here because of legal error in application of Rule 16(b), and the facts discussed herein concerning prejudice, which were not considered previously. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration proper based on new evidence or legal error); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (when a court after reviewing the record is "left with the definite and firm conviction that a mistake has been committed," reconsideration should be granted).

3

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF AMENDED SCHEDULING ORDER

BN 82474024v1

Case No. 3:23-cv-00223-JO-DDL

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

2023, and breached their fee agreement with counsel *that same month*. [ECF 163-2, ¶ 3]. The Mechlings were told *nearly five months ago* (as of "mid-December 2023") of Mr. Donohoo's "intent to withdraw," but failed to act to cure issues or obtain new counsel. [*Id.* ¶ 4]. Nor did they substantively communicate with Mr. Donohoo's firm, which declared itself "unable to obtain meaningful input regarding discovery matters and matters related to settlement" from mid-February 2023 on. [*Id.* ¶ 2]. This Court directly observed the Mechlings' refusal to cooperate with their counsel during the discovery hearings before the Court. In sum, the Mechlings' conduct has been the opposite of diligence, and presents no basis for a scheduling order change. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (scheduling change properly denied where party failed to cooperate with its own attorney, forcing the attorney to withdraw, and was not diligent in securing new counsel, having contacted only five attorneys); *Feller v. Petty*, No. 18-CV-03460-SJO, 2020 WL 247767 at (C.D. Cal. Feb. 11, 2020) (following *Bradford*; rejecting scheduling change for party who long failed to pay or cooperate with counsel). The Mechlings previously displayed essentially the same lack of diligence in their relationship with prior counsel Witham Mahoney & Abbott, also failing to promptly find new counsel despite four months' notice of Witham Mahoney's intent to withdraw. [ECF 108-2, ¶ 3]

*Second*, granting further delay would prejudice Twins Thailand and many others. The Mechlings have used the claims disputed in this case to attack Twins Thailand and its customers worldwide, initiating administrative "take-downs" on e-commerce sites as well as formal proceedings against Twins Thailand and customers in Canada, the United Kingdom, the European Union, and the Northern District of Illinois. Declaration of Sanjay Bhandari ¶ 2. Given the overlapping issues, at least one such tribunal has stayed proceedings pending the outcome in this case. *Id.*

*Third*, this case has already been long delayed as result of the Mechlings' litigation tactics. The Mechlings first instructed Witham Mahoney & Abbott to refuse

4

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF AMENDED SCHEDULING ORDER
BN 82474024v1

Case No. 3:23-cv-00223-JO-DDL

to accept service, and then individually refused to acknowledge mailings, telephone calls and emails (to addresses, numbers and email addresses they admitted under oath were active), requiring Twins Thailand to personally serve one of them *in Florida* using a private investigator to commence this case. Bhandari Decl. ¶ 3. They then fought about whether Hawaii was a proper jurisdiction for this case, causing several months' more delay, and now have delayed the case twice as a result of failing to cooperate with and/or pay their attorneys. *Id.* Further delay is particularly inappropriate given this history of delay.

## II.  **PROPOSAL**

By the time the Court issued its April 8, 2024 ruling amending the scheduling order, Twins Thailand had already served its expert report in compliance with the April 5 deadline, and Defendants had served none. They therefore already waived expert reports, and there is no need for supplemental reports. Given that Defendants have not taken a single deposition, there is also no need to preserve time for them to do expert discovery. Twins Thailand submits that it would be reasonable for the Court to simply return this case to its prior schedule, perhaps allowing a few weeks' extra for filing pretrial motions, perhaps to June 17, 2024, with all other dates to proceed as originally scheduled.

Alternatively, if the Court wishes to allow time for the unlikely possibility that Defendants will hire an expert or experts and engage in expert discovery, Twins Thailand proposes the following schedule through the filing of pretrial motions, all other dates thereafter to be as originally scheduled:

| | |
|---|---|
| Expert disclosure deadline | May 17, 2024 |
| Supplemental expert disclosures | May 24, 2024 |
| Complete expert discovery | May 31, 2024 |
| File pretrial motions | June 17, 2024 |

5

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

NOTICE OF MOTION AND MOTION FOR
RECONSIDERATION OF AMENDED SCHEDULING
ORDER
BN 82474024v1

Case No. 3:23-cv-00223-JO-DDL

## III. CONCLUSION

In terms that seem tailored to this case, the Ninth Circuit has firmly stated the importance of adhering to scheduling orders:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence. The Federal Rules of Civil Procedure explicitly authorize the establishment of schedules and deadlines, in Rule 16(b), and the enforcement of those schedules by the imposition of sanctions, in Rule 16(f).

*Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005). Defendants' lack of diligence cannot be met by indulgence. Rule 16(b) does not permit this, and the prejudice suffered thereby will be widespread, suffered by both Plaintiff and others, in this Court and in proceedings around the world. For these reasons, Twins Thailand respectfully requests that this Court return to the scheduling order to as close to what it was as possible.

DATED: May 7, 2024

BUCHALTER
A Professional Corporation


By: */s/ Sanjay Bhandari*
SANJAY BHANDARI
Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

6
NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF AMENDED SCHEDULING ORDER
Case No. 3:23-cv-00223-JO-DDL
BN 82474024v1
BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

# PROOF OF SERVICE

*Twins Special Co., Ltd. v. Twins Special, LLC, et al.*
Case No. 3:23-cv-00223-JO-DDL
Consolidated with Case No. 3:21-cv-00221)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612-0514. My email address is lurias@buchalter.com. I am employed in the office of a member of the bar of this court at whose direction the service was made.

On the date set forth below, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF AMENDED SCHEDULING ORDER**

on all other parties and/or their attorney(s) of record to this action by ☒ emailing/faxing and/or ☐ placing a true copy thereof in a sealed envelope as follows:

| | |
|---|---|
| Michael K. Murray, Esq.<br>James H. Millane, Esq.<br>LANAK & HANNA, P.C.<br>1851 East First Street, Suite 700<br>Santa Ana, CA 92705<br><br>Attorneys for Plaintiff Simon Pouliot as Assignee of Twin Special Co. Ltd.<br><br>T. (714) 620-2350<br>F. (714) 703-1610<br>Email: mkmurray@lanak-hanna.com<br>           jhmillane@lanak-hanna.com<br>           anamiranian@lanakhanna.com | Nick and Chris Mechling<br>3585 Fourth Avenue, Suite B<br>San Diego, California 92103<br>Phone: 858-735-7720 (Nick Mechling)<br>Phone: 858-735-7785 (Chris Mechling)<br>E-Mail: Mechling@gmail.com<br>**VIA E-MAIL** |
| Twins Special, LLC<br>2907 Shelter Island Drive, Suite 105-701<br>San Diego, California 92106<br>E-Mail: Mechling@gmail.com<br>**VIA E-MAIL** | |

☑   **BY EMAIL**   On May 7, 2024, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown herein, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**PROOF OF SERVICE**

1

2 ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on May 7, 2024, at Irvine, California.

3

4

    Laura Urias

5                               (Signature)

BN 76350850v1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28