BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W Broadway Suite 1600
San Diego, CA 92101
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email:  sbhandari@buchalter.com
Email:  echaidez@buchalter.com
Email:  netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TWINS SPECIAL, LLC, et al., <br><br> Defendants. | Case No. 3:23-cv-00223-JO-DDL <br> [Consolidated with Case No. 3:21-cv-00221-JO-DDL] <br><br> **PLAINTIFF TWINS SPECIAL CO., LTD.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER** |
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING, <br><br> Counter-Claimants, <br><br> vs. <br><br> TWINS SPECIAL CO., LTD. <br><br> Counter-Defendants. | DATE:     June 11, 2024 <br> TIME :    11:00 a.m. <br>              Courtroom 3A <br><br> Presiding Judge: Hon. Jinsook Ohta <br> Magistrate Judge: David D. Leshner |

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

SIMON POULIOT, an individual, and
TWINS SPECIAL CO. LTD., a Thailand
Company,

                    Plaintiffs,

vs.

NICHOLAS MECHLING, an individual
and CHRISTOPHER MECHLING, an
individual,

                    Defendants.

AND RELATED COUNTER ACTIONS.

TO THE COURT, ALL PARTIES AND COUNSEL, PLEASE TAKE NOTICE that at 11:00 a.m. on June 11, 2024 or as otherwise set by the Court, Plaintiff Twins Special Co., Ltd. ("Twins Thailand") will and hereby does move for an order imposing sanctions and compelling Defendants Twins Special, LLC, Nicholas Mechling, and Christopher Mechling (collectively, "Defendants") full compliance with this Court's February 9, 2024 Order (Dkt. 152).

This motion is made under Rule 37 of the Federal Rules of Civil Procedure on the grounds that Defendants failed to comply with this Court's February 9, 2024 Order ("Order") following Twins Thailand's motion to compel filed on January 25, 2024 (Dkt. 147). Defendants have willfully and wantonly delayed and have been generally unwilling to cooperate in discovery or follow Court orders relating to discovery as required by the rules of this Court and the Federal Rules of Civil Procedure. Twins Thailand thus respectfully moves this Court for an order (1) precluding Defendants from offering evidence or testimony relating to valuation of the company or trademarks at issue; (2) compelling further Rule 30(b)(6) testimony regarding the documents produced by Defendants after the close of prior depositions and on topics reasonably related thereto; (3) compelling compliance with its February

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

9, 2024 Order regarding the production of all responsive documents and supplemental written response; and (4) imposing a monetary sanctions against Defendants for attorneys' fees and costs caused by Defendants' misconduct, as determined by the Court but no less than $49,359.50.[1]

This motion is based on this Notice, the attached Memorandum and supporting Declaration of Emily S. Chaidez, the pleadings and records on file, and such additional information as may be presented prior to or at the hearing on this motion.

Meet & Confer Certification

This motion is made following the conference of counsel pursuant to Civil Local Rule 26.1a and Civil Chambers Rule (III)(A) and (C), which took place on May 6, 2024. Since that date, the Court held an additional status conference on May 14, 2024, but the issues herein have not been resolved.

Dated:  May 24, 2024

BUCHALTER
A Professional Corporation


By:  */s/ Emily S. Chaidez*
SANJAY BHANDARI
MATTHEW L. SEROR
EMILY S. CHAIDEZ
NEUSHA ETEMAD
Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

---

[1] In addition to this amount, which represents time incurred for discovery disputes, Twins Thailand's motion to compel, and the instant motion, Twins Thailand will submit a detailed supplemental memorandum of costs upon the Court's ruling on this motion and the completion of any supplemental deposition, if so ordered.

# TABLE OF CONTENTS

**Page**

I.          INTRODUCTION ........................................................................... 7

II.        STATEMENT OF FACTS ............................................................ 9

     A.    Defendants Have Consistently Failed to Comply with Their Discovery Obligations in this Matter........................................... 9

     B.    Twins Thailand Successfully Moved to Compel Defendants' Further Production of Documents.............................................. 9

     C.    Defendants Failed to Comply with the Court's Order and Have Still Not Produced All Responsive Documents............................ 10

          1.    Defendants Have Failed to Produce All Responsive Financial Documents ................................................. 10

          2.    Defendants Have Failed to Produce All Responsive Communications ........................................................ 12

     D.    Defendants' First and Second Supplemental Responses Are Not Consistent with the Spirit of the Court's Order. ................................. 14

III.       LEGAL STANDARD.................................................................... 16

IV.      MONETARY AND ISSUE PRECLUSION SANCTIONS ARE WARRANTED, AS IS RE-PRODUCTION OF A 30(**b**)(**6**) **DESIGNEE FOR DEPOSITION** ..................................................... 18

     A.    Defendants' Refusal to Comply with this Court's Discovery Orders Warrants the Issuance of Issue Preclusion Sanctions. ........................ 19

     B.    Defendants Should be Compelled to Re-Produce a 30(b)(6) Witness to Answer Questions Regarding the Belatedly Produced Documents. .......................................................................... 24

     C.    This Court Should Assess Monetary Sanctions Against Defendants for their Disobedience of a Court Order. ............................................. 26

V.       CONCLUSION............................................................................ 28

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adriana Int'l Corp. v Thoeren*,
  913 F.3d 1406 (9th Cir. 1990) ........................................................................... 18

*Bruner v. City of Phoenix*,
  No. CV-18-00664-PHX-DJH, 2020 WL 554387 (D. Ariz. Feb. 4,
  2020) .................................................................................................................. 22

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ............................................................................................. 22

*Computer Task Group, Inc. v. Brotby*,
  364 F.3d 1112 (9th Cir. 2004) ........................................................................... 18

*E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*,
  432 Fed. Appx. 657 (9th Cir. 2011) .................................................................. 22

*Grimes v. City & Cty. of San Francisco*,
  951 F.2d 236 (9th Cir. 1991) ............................................................................. 24

*Malone v. U.S. Postal Service*,
  833 F.2d 128 (9th Cir. 1987) ....................................................................... 18, 21

*N. Am. Watch Corp. v. Princess Ermine Jewels*,
  786 F.2d 1447 (9th Cir. 1986) ........................................................................... 16

*National Hockey League v. Metropolitan Hockey Club, Inc.*,
  427 U.S. 639 (1976) ........................................................................................... 16

*O'Connell v. Fernandez-Pol*,
  542 Fed. Appx. 546 (9th Cir. 2013) .................................................................. 22

*In re Phenylpropanolamine (PPA) Products Liability Litigation*,
  460 F.3d 1217 (9th Cir. 2006) ..................................................................... 17, 21

*Sali v. Corona Regional Medical Center*,
  884 F.3d 1218 (2018) ......................................................................................... 16

*States S.S. Co. v. Philippine Air Lines*,
  426 F.2d 803 (9th Cir. 1970) ............................................................................. 18

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

*Taylor v. Illinois*,
  484 U.S. 400 (1988) ............................................................................... 24

*United States v. Nat'l Med. Enterprises, Inc.*,
  792 F.2d 906 (9th Cir .1986) ................................................................. 22

*United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*,
  857 F.2d 600 (9th Cir. 1988) ................................................................. 18

*Wyle v. R.J. Reynolds Indus., Inc.*,
  709 F.2d 585 (9th Cir. 1983) ................................................................. 17

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3df 1101, 1106 (9th Cir. 2001) .................................................... 17

**Other Authorities**

C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2281
  (1970 & Supp. 1988) .............................................................................. 24

Fed. R. Civ. P. 30(b)(6) ...................................................................... *passim*

Fed. R. Civ. P. 30(d)(2) ............................................................................ 16

Fed. R. Civ. P. 37 ............................................................................... *passim*

Fed. R. Civ. P. 37(a)(5)(A) ...................................................................... 25

Fed. R. Civ. P. 37(b) ............................................................................... 16

Fed. R. Civ. P. 37(b)(2) ...................................................................... 17, 18

Fed. R. Civ. P. 37(b)(2)(A) ...................................................................... 15

Fed. R. Civ. P. 37(b)(2)(C) ...................................................................... 16

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants Twins Special, LLC ("Twins USA"), Nicholas Mechling, and Christopher Mechling (collectively, "Defendants") have continuously failed to meet their basic discovery obligations in this matter. This has led to numerous discovery conferences and ultimately the Court's granting of Twins Thailand's motion to compel on February 9, 2024 (Dkt. 152) ("Order"). In that Order, the Court required the Mechlings and Twins USA to produce all responsive documents on behalf of Twins USA and Avalanche Company, and to supplement previously served discovery requests by February 22, 2024. (Dkt. 152). While Defendants have produced a small sampling of additional documents in response to the Court's Order, Defendants have unquestionably failed to fully comply with the Court's Order, necessitating this Motion.[2]

Defendants' recalcitrance in complying with this Court's Order has already prejudiced Twins Thailand. The documents and supplemental responses Defendants were ordered to produce go to issues at the very heart of this matter, including topics such as Defendants' usage of the TWINS SPECIAL and KING PROFESSIONAL Marks, sales by Defendants (or its sub-licensees) of goods bearing the marks at issue, the value of Twins USA and the TWINS SPECIAL and KINGS PROFESSIONAL Marks, and communications with third parties evidencing instances of confusion among consumers and harm to the goodwill associated with the trademarks at issue. Defendants' refusal to produce these documents will deprive Twins Thailand of this evidence for use in connection with any dispositive motions or trial.

Defendants' failure to comply with this Court's February 9, 2024 Order has prejudiced Twins Thailand in other ways as well. Pursuant to the Court's amended

---

[2] The Mechlings and Twins USA's failure to abide by the Court's Order is confirmed by Defendants' prior counsel's motion to withdraw as counsel, where counsel for Defendants represented that Defendants failed to provide meaningful input regarding discovery since at least as early as February 19, 2024, three days before the additional documents and supplemental discovery responses were due.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3                                                     7
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

scheduling order, the deadline for the parties to disclose expert witnesses is rapidly approaching on June 3, 2024. Defendants' refusal to comply with this Court's orders has deprived Twins Thailand (and its experts) from using the information and documents Defendants have refused to produce in connection with the formulation of its expert opinions, particularly those related to the valuation of Twins USA and the TWINS SPECIAL and KINGS PROFESSIONAL Marks and including topics such as Defendants' copying Twins Thailand's copyrighted images and designations of origin to pass off their inferior goods.

As a result of Defendants' consistent discovery abuses and failure to comply with the Court's Order, Twins Thailand brings this Motion seeking sanctions, the further deposition of Defendant Twins USA, full compliance with the Court's February 9, 2024 Order. Specifically, Twins Thailand seeks:

1. an order precluding Defendants from offering evidence or testimony in this case related to any valuation of Twins USA, the TWINS SPECIAL Mark or the KINGS PROFESSIONAL Marks, including evidence or testimony to rebut any expert opinion offered by Twins Thailand on these topics;

2. an order compelling Defendants to re-produce their Rule 30(b)(6) witness to answer questions regarding the documents produced by Defendants after the previously conducted deposition session and on topics reasonably related thereto;

3. an order requiring Defendants to fully comply with the Court's February 9, 2024 Order, both with respect to the production of documents and providing amended written responses to previously propounded requests for production which identify responsive documents by Bates-number in an intelligible fashion; and

4. for sanctions against Defendants in the amount of $49,359.50 plus any supplemental costs, representing the fees and costs incurred by Twins Thailand in bringing the instant motion, the motion to compel, and preparing for and taking Twins USA's 30(b)(6) deposition thus far;

5. because Twins Thailand was effectively precluded from getting to the truth of how its images, designations of origin, and history came to be in Twins LLC's marketing materials, given Twins LLC's misconduct and the highly suspicious facts, it is appropriate to have an evidentiary presumption that Defendants copied those materials and placed them on their marketing materials, intending to thereby cause consumers to

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

believe they were dealing with Twins Thailand or a distributor authorized to provide quality Twins Thailand products.

## II.  STATEMENT OF FACTS

### A.  Defendants Have Consistently Failed to Comply with Their Discovery Obligations in this Matter.

Discovery disputes have been outstanding in this case for many months now, since at least the early fall of 2023. Twins Thailand believes an adequate record of the discovery issues has been created through numerous status conferences, hearings, and settlement conferences, in addition to the letters submitted by Twins Thailand which are part of the record in this case. The dispute ultimately led to Twin's Thailand's motion to compel, filed January 25, 2024. (Dkt. 147). To avoid an unnecessarily long recitation of the facts, only the essential facts germane to the issues presented in this Motion will be recited.

### B.  Twins Thailand Successfully Moved to Compel Defendants' Further Production of Documents.

On February 8, 2024, this Court heard Twins Thailand's motion to compel in which Twins Thailand identified three main areas of dispute: (1) missing documents, including emails, financials, and communications with sub-licensees; (2) Defendants' failure to comply with their obligations to prepare and present a knowledgeable witness pursuant to Rule 30(b)(6) and the necessity for producing prepared witnesses; and (3) Defendants' improper assertion of the attorney-client privilege regarding Theresa Tham. (Dkt. 147). On February 9, 2024, the motion to compel was granted as to all of Twins Thailand's requests for production to the extent Defendants did not produce all responsive, nonprivileged documents pertaining to Avalanche Company LLC. The Court ordered in relevant part that, no later than February 22, 2024, Defendants were to:

  a.  Produce all responsive, nonprivileged documents including but not limited to documents pertaining to Avalanche Company, LLC;

b. Serve a set of amended responses to all requests for production;

c. State in the amended responses whether all responsive, nonprivileged documents had been produced; and

d. Include the Bates number for each document produced in any response which indicates that all responsive, nonprivileged documents have been produced.[3]

(Dkt. 152) (emphasis added). On February 22, 2024, one day before the Mandatory Settlement Conference, Twins Thailand received an additional tranche of documents and Defendants' first attempt at a supplemental response identifying responsive Bates numbers and totaling 843 pages. Declaration of Emily S. Chaidez ("Chaidez Decl."), ¶25, Ex 13. The supplemental responses are a complete mess, listing Bates numbers individually and out of order with hidden "Supplemental" Bates numbers later plugged in without apparent rhyme or reason. The supplemental responses are far from useful; they create rather than diminish the work required to make sense of Defendants' numerous, repetitive, and incomplete document productions. However, upon review of the documents produced, it appears documents are still missing. Chaidez Decl., ¶¶21, 23, 33.

**C. Defendants Failed to Comply with the Court's Order and Have Still Not Produced All Responsive Documents.**

1. Defendants Have Failed to Produce All Responsive Financial Documents.

On September 14, 2023, Defendants produced their first set of documents, totaling 5,414 documents including 592 emails and providing no financial information. Chaidez Decl., ¶7. Indeed, in response to discovery requests, the Defendants indicated that they had no financial documents to produce. See Chaidez Decl., ¶30, Ex. 17. On December 5, 2023, Defendants produced 23 additional documents constituting 13 pages of various Avalanche sublicenses and 10 pages of what appear to be iPhone photos of various documents and handwritten notes, none of which include financial information. Chaidez Decl., ¶7. On December 15, 2023,

---

[3] The motion to compel further deposition testimony was denied without prejudice.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

Defendants produced 7,349 pages of documents, of which 5,081 were blank. Chaidez Decl., ¶7. This production was "replaced" on December 18, 2023 with 68 emails containing metadata and no financial information. Chaidez Decl., ¶7.

Only on <u>January 22, 2024</u>, after being pressed at the informal discovery conference and nearly <u>two weeks after</u> the completion of the deposition of Twins USA's 30(b)(6) witness, Defendants produced 22 documents constituting 139 pages of Quickbooks entries for an unknown entity for the period of April 2005 through December 2016, 9 pages of profit and loss statements, and cash flow statements and balance sheets for the year 2016 only. Chaidez Decl., ¶7. Twins Thailand met and conferred with Defendants regarding the incomplete production, including the complete absence of any financial information for 2017 to the present. Chaidez Decl., ¶20. On the morning of February 8, 2024, just hours before the hearing on Twins Thailand's motion to compel, Defendants produced 8 additional pages of financial records and 474 pages of transactions occurring from April 2005 through May 2020. Chaidez Decl., ¶22. In its February 8, 2024 production and in all productions since then, Defendants have failed to provide any financial data for any period in 2021 or later. Chaidez Decl., ¶22.

On February 12, 2024, Defendants produced their 2020 accounting reports in the form of an excel workbook. Chaidez Decl., ¶24. On March 27, 2024, Defendants produced additional documents including two publicly filed bankruptcy documents from October 2021 and 65 emails, some of which reference financial issues relating to Defendants. Chaidez Decl., ¶29.

Thus, all of the financial documents produced by Defendants (limited as they were) were produced well after the deposition of its Rule 30(b)(6) witness concluded on January 10, 2024. Chaidez Decl., ¶16. Not only that, the financial records Defendants have produced are still incomplete and inaccurate. For example, the financial records Defendants have produced indicate that Twins USA has made no sales at any point, that all sales have been conducted through Avalanche Co. Chaidez

BUCHALTER
A Professional Corporation
San Diego

BN 82767036v3

11

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

Decl. ¶35. Yet on June 1, 2022, Christopher Mechling signed a sworn statement as the Managing Member of Twins USA stating not only that Twins Special products "have been sold in the UK since as early as February 2011 under the entity Twins Special LLC" but also that the website generated £39,000 worth of sales and that the sales figures from 2011 to 2018 ranged from $68.76 to $170,226.70. Chaidez Decl., ¶36, Ex.19. This declaration (and the business information it swore was true) has not been produced by Defendants despite numerous opportunities to do so and it being brought to Defendants' attention at the hearing on Twins Thailand's motion to compel. Chaidez Decl., ¶36. Defendants have simply failed to produce all financial documents.

### 2. Defendants Have Failed to Produce All Responsive Communications.

Despite the Court's February 9, 2024 Order, there is no doubt that Defendants' production remains incomplete with respect to the production of communications as well. Chaidez Decl., ¶21, Ex., 12. Twins Thailand knows Defendants' production is incomplete because Twins Thailand itself has produced multiple email communications it had with Defendants (which are clearly responsive to Twins Thailand's discovery requests) that Defendants have failed to produce. Chaidez Decl., ¶21. Twins Thailand attached this sampling of emails to its motion to compel, and Defendants have still not produced these documents, **even after their supplemental productions on February 22, 2024 and March 27, 2024**. Chaidez Decl., ¶23.

In addition to those emails, in their "Observations in Reply to the Registered Proprietor's Observations Dated 26 June 2023" filed with the European Union Intellectual Property Office on March 5, 2024, Defendants attach a "LINE" application chat history between Defendants and "KoH_Twins" that was saved in December 2023 and includes 23 pages of chats ranging from September 23, 2017 to September 22, 2021 and that Defendants have never produced in this action. (Chaidez

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

12

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

Decl., ¶ 44, Ex. 21.) Clearly, such documents are within Defendants possession, custody, or control, and clearly, Defendants are well aware of their existence. Nevertheless, Defendants have repeatedly failed to produce such documents despite repeated demands and repeated productions. It is apparent Defendants are withholding documents that Twins Thailand knows exist, and which Defendants themselves know exist (and use to help themselves), which begs the question: what else are they withholding?

Aside from Twins Thailand's knowledge of very specific communications which have not been produced, the overall quantity and distribution of emails produced by Defendants leaves little doubt that documents have been withheld.

At the time of the hearing on the motion to compel, Defendants had produced a number of emails for each year between 2009 and 2022, which were later supplemented by Defendants' February 22, 2024 and March 27, 2024 productions. Chaidez Decl., ¶7. The volume of email by year for the original and supplemental productions is below:

| Original Production | | First Supplemental Productions | | All Productions | |
|---|---|---|---|---|---|
| Year | Email Ct | Year | Email Ct | Year | Email count |
| 2009 | 11 | 2009 | 15 | 2009 | 26 |
| 2010 | 42 | 2010 | 355 | 2010 | 397 |
| 2011 | 162 | 2011 | 243 | 2011 | 405 |
| 2012 | 104 | 2012 | 135 | 2012 | 239 |
| 2013 | 135 | 2013 | 315 | 2013 | 450 |
| 2014 | 11 | 2014 | 63 | 2014 | 74 |
| 2015 | 7 | 2015 | 102 | 2015 | 109 |
| 2016 | 8 | 2016 | 38 | 2016 | 46 |
| 2017 | 8 | 2017 | 17 | 2017 | 25 |
| 2018 | 89 | 2018 | 86 | 2018 | 175 |
| 2019 | 7 | 2019 | 20 | 2019 | 27 |
| 2020 | 1 | 2020 | 4 | 2020 | 5 |
| 2021 | 7 | 2021 | 1 | 2021 | 8 |
| 2022 | 0 | 2022 | 1 | 2022 | 1 |
| | | | | | |
| TOTALS | 592 | | 1395 | | 1987 |

Simply by looking at the table above, it is evident not all emails have been produced. Defendants' counterclaim details events occurring in 2018 or later and communications and takedown notices originating with Defendants that occurred during this timeframe. (Dkt. 81.) Yet, the vast majority of emails produced date well before 2018. Indeed, Twins Thailand has produced 487 emails for the period of 2018 to the present.  Chaidez Decl., ¶37. This stands in stark contrast to the quantity of emails Defendants have produced. Defendants' previous representations that all responsive emails have been produced have been repeatedly belied by subsequent productions. For example, despite representing in its opposition to the motion to compel that all responsive documents had been produced, Defendants then proceeded to produce approximately 3,000 additional pages of documents on the eve of the February 23, 2024 mandatory settlement conference. Chaidez Decl., ¶7, 25.

### D.   **Defendants' First and Second Supplemental Responses Are Not Consistent with the Spirit of the Court's Order.**

As to substance, request for production number 32 sought all documents sufficient to identify every purchase made by Defendants and Avalanche Co. of goods bearing the Marks from 2010 to the present. Chaidez Decl. ¶3, Ex. 2. Defendants originally responded with an objection only, then amended their response to state that, after a "diligent search and reasonable inquiry," Defendants were unable to locate any responsive documents <u>because such documents never existed</u> in Defendants' possession, custody, or control. Chaidez Decl., ¶5, Ex.4 (emphasis added). Following the hearing on Twins Thailand's motion to compel, Defendants' first and second supplemental responses omit the prior supplemental response which states no such documents ever existed, then identifies a number of documents by purported title with no Bates or supplemental Bates number identification, all of which appear to be 2020 financial documents that were produced on February 12, 2024. Chaidez Decl., ¶25, Ex. 13. This again leaves Twins Thailand wondering how ///

diligent Defendants' actual searches have been and whether other, outstanding responsive documents have been withheld.

Following Defendants' still-deficient supplemental February 22, 2024 production, and after participating in nearly a month of meet and confer efforts with no further resolution of discovery issues, Twins Thailand sent a letter to Defendants on March 22, 2024 identifying the remaining outstanding categories of documents and noting the significant deficiencies in Defendants' supplemental written responses. Chaidez Decl., ¶27, Ex. 14. On March 26, 2024, counsel for Defendants responded via email that counsel had not received any additional documents from their client and could not make any representations as to when, or whether such documents might be forthcoming. Chaidez Decl., ¶28, Ex. 15. Counsel also declined to provide dates for additional Rule 30(b)(6) testimony despite the thousands of pages of documents produced <u>after</u> completion of the deposition and the close of discovery. Chaidez Decl., ¶31, Ex. 18.

On March 27, 2024, counsel for Defendants again emailed, this time providing Defendants' <u>Second</u> Supplemental Responses to Twins Thailand's requests for production, totaling nearly 1,000 pages, as well as a link to another production of 65 emails and 2 bankruptcy documents. Chaidez Decl., ¶29, Ex. 16. The spreadsheet that accompanied Defendants' latest production inexplicably identifies 1,384 emails and is missing entries for no less than 6 of the 67 newly produced documents. Chaidez Decl., ¶31, Ex. 18.

Moreover, Defendants' second supplemental responses suffer from the same problems as the first set: the Bates number identification is done on an individual numerical basis that is not in order, the numbers are not categorized or organized according to ranges—indeed, numerous pages of individually typed numbers follow nearly every response, bringing the document to 938 pages in total—and several of the emails produced on March 27, 2024 are missing supplemental Bates numbering/identification in the index or in the supplemental written responses.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

15

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

Chaidez Decl., ¶¶30, 31, Exs. 17, 18. This is more or less useless and not in the spirit of this Court's February 9, 2024 Order requiring supplemental responses identifying responsive Bates numbers ranges for each request to which all responsive documents have purportedly been provided.

Finally, the 65 additional emails produced by Defendants over a month after being ordered to produce all responsive documents are _still_ missing relevant documents. Chaidez Decl., ¶23. Of the 7 emails identified at the February 8, 2024 hearing on Twins Thailand's motion to compel, 4 have yet to be produced despite two productions by Defendants in the interim. Chaidez Decl., ¶23.

## III.   LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure provides for discovery sanctions in a number of situations where discovery has not happened in a smooth manner or if the Court's assistance is required. In addition, federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. _Chambers v. NASCO, Inc._ (1991) 501 U.S. 32, 43. These inherent powers are not governed by rule or statute, but "by the control necessarily vested in courts to manage their own affiars so as to achieve the orderly and expeditious disposition of cases." (_Id._ (internal quotes omitted).)

FRCP 37(b)(2)(A) states that if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue "further just orders," including:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)  striking pleadings in whole or in part;
> (iv)   staying further proceedings until the order is obeyed;

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

16

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

(v)  dismissing the action or proceeding in whole or in part;

(vi)  rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FRCP 37(b)(2)(C) states that instead of or in addition to the foregoing orders, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees" caused by Defendants' failure to comply. In other words, Rule 37(b) "empowers the court to take remedial action if a party 'fails to obey an order to provide or permit discovery.'" *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1222 (2018) citing FRCP 37(b)(2)(A). Rule 30(d)(2) further provides that a court may impose "an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays or frustrates the fair examination of the deponent.

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). The district court's discretion has "particularly wide latitude" in the Ninth Circuit. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3df 1101, 1106 (9th Cir. 2001). Under Rule 37(b)(2), if a party "fails to obey an order to provide or permit discovery," the court where the action is pending "may issue further just orders," including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses," and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2).

"Rule 37 sanctions, including [terminating sanctions] may be imposed where the violation is due to willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the litigant's control meets this standard." *In re*

*Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1233 (9th Cir. 2006). The Ninth Circuit has identified five factors that a district court must consider before declaring a default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Adriana Int'l Corp. v Thoeren*, 913 F.3d 1406, 1412 (9th Cir. 1990) (quoting *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)). "Where a court order is violated, the first and second factors…favor sanctions and the fourth…cut[s] against them." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (citing *Malone*, 833 F.2d at 130).

Belated compliance with discovery orders does not preclude the imposition of sanctions. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986), citing *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 647-48. In addition, "courts have the inherent power to dismiss an action if a party has 'willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Ibid.* (citations omitted).

## IV.   MONETARY AND ISSUE PRECLUSION SANCTIONS ARE WARRANTED, AS IS RE-PRODUCTION OF A 30(b)(6) DESIGNEE FOR DEPOSITION

As a result of Defendants ongoing pattern of discovery abuse, including their failure to comply with this Court's order, Twins Thailand is seeking an order (1) precluding Defendants from offering any evidence or testimony relating to the value of Twins USA; the TWINS SPECIAL Mark; or the KING PROFESSIONAL Mark; (2) compelling Twins USA to re-produce a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) to provide testimony relating to documents produced in response

to the motion to compel (and testimony relating to Twins USA's apparent inability to produce vast swatches of responsive emails and financial documents); (3) compelling Defendants to fully comply with the Court's February 9, 2024 Order, both with respect to production of documents and providing amended written responses to previously propounded requests for production which identify responsive documents by Bates number in an intelligible fashion; and (4) for monetary sanctions.

A. **Defendants' Refusal to Comply with this Court's Discovery Orders Warrants the Issuance of Issue Preclusion Sanctions.**

In assessing prejudice, courts look to whether Defendants' "actions impair the [opposing party's] ability to go to trial or threaten to interfere with the rightful decision of the case. *Malone*, 833 F.2d at 131. "[T]he law presumes injury from unreasonable delay," and thus it is "not necessary for the court to find that there was a specific impairment" in the face of such delay. *States S.S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970). Defendants' behavior prejudices Twins Thailand if it "impaired [Twins Thailand's] ability to go to trial or interfered with the rightful decision in the case." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). "Failure to produce documents as ordered…is considered sufficient prejudice." *Computer Task Group*, 364 F.3d at 1116.

Defendants' refusal to comply with their discovery obligations, including their failure to comply with the Court's February 9, 2024 Order to produce all responsive documents on behalf of both Defendants and Avalanche Company, has already caused significant prejudice to Twins Thailand. One of the key issues in this case is the value of Twins USA and the TWINS SPECIAL and KING PROFESSIONAL Marks. Twins Thailand sought documents from Defendants relating to the value of both Twins USA and the trademarks, including documents relating to Defendants'

///

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

19

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

sales, inventory, and finances. Chaidez Decl., ¶6, Ex. 5. But those efforts have been thwarted by Defendants at every turn.

In its initial responses to Twins Thailand's discovery requests seeking financial information relating to Twins USA and the Marks, Defendants responded that they were unable to locate any responsive documents. See Chaidez Decl., ¶30, Ex. 17. When pressed on this issue at an informal discovery conference, the Defendants acknowledged that they did have some documents on this issue, and on January 22, 2014, <u>for the first time</u>, Defendants produced nine pages of profit and loss statements, cash flow statements and balance sheets for the year 2016 only. Chaidez Decl., ¶¶7, 19. That same day, Defendants produced 139 pages of Quickbooks entries for an unknown entity for the period of April 2005 through December 2016.[4] Chaidez Decl., ¶¶7, 19. Twins Thailand met and conferred with counsel for Defendants regarding the incomplete production, including the complete absence of any financial information for 2017 to present. Chaidez Decl., ¶20.

On the morning of February 8, 2024, just hours before the hearing on Plaintiff's motion to compel, Defendants produced eight additional pages of financial records, including summary documents for Twins USA and Avalanche Co. for the period 2016 through 2020. Chaidez Decl., ¶22. In addition, Defendants produced 474 pages of transactions occurring from April 2005 through May 2020. Chaidez Decl., ¶22. It is not clear how the listed transactions are allocated between Twins USA and Avalanche Co., nor why transactions from the different entities appear on the same ledger. **<u>Both in its February 8, 2024 production, and at all times since then, Defendants have failed to produce any financial data for any period in 2021 or later.</u>** Chaidez Decl., ¶22.

///

///

---

[4] Defendants reproduced these same documents on January 31, 2024 in response to Twins Thailand's further requests for production.

BUCHALTER
A Professional Corporation
San Diego

BN 82767036v3                                    20
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

Based on independent sources, Twins Thailand knows that the information provided by Defendants to date is not only incomplete insofar as nothing after 2020 has been produced, it is also inaccurate.

For example, on June 1, 2022 Christopher Mechling submitted a declaration under oath to the United Kingdom equivalent of the U.S. Trademark Office. Chaidez Decl., ¶36, Ex. 19. In that Declaration, Christopher Mechling represented that Twins USA had revenues for the period of 2018 through 2022 as follows:

| 2018 | $5,502.96 |
|------|-----------|
| 2019 | $6,709.17 |
| 2020 | $24,381.85 |
| 2021 | $3,382.42 |

Chaidez Decl., ¶36, Ex. 19. These sales are nowhere to be found on the financials produced in this case. Chaidez Decl., ¶36.

The foregoing sales are completely unaccounted for in Defendants' productions to date. So too are the sales undertaken by either of Defendants' sub-licensees, Plumtree or Fighting Spirit. Chaidez Decl., ¶36. As Nicholas Mechling testified to during deposition, Defendants' sales of products bearing the TWINS SPECIAL or KINGS PROFESSIONAL Marks were undertaken through sub-licenses Plumtree and Fighting Spirit in 2019 and 2020. See Chaidez Decl., ¶14, Ex. 10. Yet no such sales appear on the financials produced in this case. Chaidez Decl., ¶36. Moreover, Defendants have refused to produce even a single sales report, royalty report, e-mail or any other document relating to sales by sub-licensees.

The financial information which Twins Thailand sought, and which Defendants have failed to provide, directly relates to the value of Twins USA and the TWINS SPECIAL and KING PROFESSIONAL Marks. Under the parties' agreement, Twins Thailand is entitled to re-capture Defendants' interest in Twins USA, and in order for that to occur, a valuation of the entity is required. But by failing to provide the documents requested in document requests and in response to the

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3

21

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

Court's February 9, 2024 Order, Twins Thailand's experts are deprived of using this information and evidence in support of their opinions, which are due for exchange this week. Even if Defendants belatedly comply with the Court's Order and produce all required documents, the harm would not be fully cured. "Failure to produce information without a good reason increases the risk of prejudice from unavaibility of witnesses and loss of records." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d at 1234.

In Counts 1, 2, 4, and 5 of the Second Amended Complaint, Twins Thailand alleges that Defendants committed copyright, trademark, and unfair competition violations by copying Twins Thailand's copyright-protected designs [ECF 78 ¶¶ 34-42], and using symbols, false designations of origin, and false and misleading factual statements in promotional materials [*Id.* ¶¶ 43-48, 66-79], confusing consumers into believing Defendants sell Twins Thailand's top-quality goods when in fact Defendants no longer can offer Twins Thailand products. [*See, e.g., id.* at ¶¶ 44-47, 67-69, 73, 76.]

To arrive at the truth on these matters, we must know how Defendants (and their sub-licensees) came to have Twins Thailand's copyrighted images, designations of origin, and discussions of Twins Thailand's history and reputation in their promotional materials. Defendants' discovery misconduct seems almost deliberately designed to obfuscate these matters. Defendants have produced virtually nothing on any of this. Even though both Defendants have admitted to living in remote places (Asia, Hawaii) for nearly the entire time since the parties' relationship deteriorated, Defendants have produced virtually no written communications with anyone–web hosting companies, sublicensees, web designers, product designers, or otherwise– explaining how their marketing worked, in general or with regard to the designs, designations of origin, and text at issue.

For example, during the Rule 30(b)(6) deposition of Nick Mechling, he testified that while he was visiting Twins Thailand's facilities, a Twins Thailand

BUCHALTER
A Professional Corporation
San Diego

BN 82767036v3

22

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

employee named "Ton" gave him "large downloads of everything that was being developed … [including] photographs and Photoshop designs and all that." Chaidez Decl., ¶45, Ex. 22. Earlier in that deposition, it had already been established that an earlier catalog from around 2006 was a basis for Twins LLC's copyright defense, and should be included in its discovery responses. [*Ibid*.] Ultimately, the 2006 catalog appears to have been produced  in hard copy or PDF format only, but never digitally; the later "photographs and Photoshop designs and all that" were never produced. Chaidez Decl., ¶46. Thus, Twins Thailand was effectively precluded from getting to the truth of how its images, designations of origin, and history came to be in Twins LLC's marketing materials.

The deadline for expert disclosures is April 5, 2024, and therefore there is no way for any late-produced documents to be included in Twins Thailand's expert reports or opinions. As a result of this prejudice, which is entirely of Defendants' making, Twins Thailand requests an issue preclusion sanction barring Defendants from introducing evidence or testimony as to the value of Twins USA, the TWINS SPECIAL Mark, or the KING PROFESSIONAL Mark. An issue preclusion sanction represents the only fair and equitable way to ensure Defendants do not benefit from their refusal to comply with their discovery obligations and obey Court orders.

Twins Thailand acknowledges that the Court must consider whether there are less drastic alternatives to sanctions, such as "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs of attorney fees, the temporary suspension of the culpable counsel from practice before the court,…preclusion of claims or defenses, or the imposition of fees and costs[.]" *Malone*, 833 F.2d at 132n.1 (quoting *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (internal quotations and omissions omitted)).

Here, Defendants have been given numerous opportunities to comply and have flouted the Court's orders in response. As a result, issue preclusion sanctions

///

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3                23
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

relating to the issue of the valuation of Twins Special, LLC or the Marks at issue are appropriate now.

### B. Defendants Should be Compelled to Re-Produce a 30(b)(6) Witness to Answer Questions Regarding the Belatedly Produced Documents.

In addition to seeking issue preclusion sanction on the issue of valuation, Twins Thailand also seeks an order compelling the further deposition of Twins USA's 30(b)(6) witness.

Federal courts possess certain "inherent powers" not conferred by rule or statute "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Bruner v. City of Phoenix*, No. CV-18-00664-PHX-DJH, 2020 WL 554387, at *6 (D. Ariz. Feb. 4, 2020) (citing *Link v. Wabash R. Co*., 370 U.S. 626. 630-31 (1962).) That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *see also E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*, 432 Fed. Appx. 657, 659 (9th Cir. 2011) ("A court may levy a sanction on the basis of its own inherent power when a party has acted in bad faith, vexatiously, wantonly or, for oppressive reasons." (internal quotation omitted)).

"By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez-Pol*, 542 Fed. Appx. 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959)). The Court's authority to impose sanctions is subject to two limitations: "(1) the sanction must be just; and (2) the sanction must specifically relate to the particular claim at issue in the order." *United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906, 910 (9th Cir .1986).

Twins Thailand first served its Rule 30(b)(6) deposition notice on Twins Special LLC on September 26, 2023, and the deposition occurred on December 22, 2023 and January 10, 2024 (both Nicholas and Christopher Mechling were designated and the testimony spanned two days).

BUCHALTER
A Professional Corporation
San Diego

BN 82767036v3

24

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

The further deposition of Twins USA's 30(b)(6) witness is appropriate in this case as a result of Defendants' production of new and previously unproduced documents. Chaidez Decl., ¶¶19, 22, 24, 25, 29. Defendants only produced these documents following the completion of Twins USA's deposition. Chaidez Decl., ¶16. And while Defendants' document production is deficient for the reasons noted above, what has been produced raises significant questions that Twins Thailand was unable to ask Twins USA's corporate designee about as a result of Defendants' failure to produce responsive documents until ordered to do so by the Court.

For example, all of the financial documents produced by Defendants were produced after Twins USA's corporate witness was deposed.  As a result, Twins Thailand has not had the opportunity to question Twins USA's witness on any of those documents.[5] Twins Thailand should be entitled to question Twins USA's witness regarding the inconsistencies found not only in the actual documents produced, but also in prior representations made by Defendants.

Aside from questions relating to financial matters, documents produced by Defendants following the completion of depositions include emails between the Mechlings and third parties relating to matters germane to this case. These documents also justify a further deposition. For example, on March 27, 2024, Defendants produced 65 emails for the very first time. Chaidez Decl., ¶29. Among other topics, these emails relate to Defendants' inability to purchase products bearing the marks at issue; attempts to purchase product from Twins Thailand; how sales proceeds would be allocated from sales of products, and other topics.  Chaidez Decl., ¶29. These issues are directly relevant to the claims and defenses asserted in this action, most specifically Defendants' efforts to sell branded goods, Defendants' inability to acquire branded goods from sources other than Twins Thailand, and the amount of revenues Defendants derived from sales.

---

[5] At the time, Defendants were still claiming they had no financial documents in their possession to produce. That has since proven to be inaccurate based on subsequent productions.

BUCHALTER
A Professional Corporation
SAN DIEGO

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

Because Defendants only recently produced these documents, as well as belatedly produced financial documents after Defendants' depositions had concluded, Twins Thailand requests the Court order Defendants to re-produce a 30(b)(6) witness for Twins USA for further deposition testimony. The issues to be addressed in the continued deposition could not possibly have been included in the earlier deposition testimony as a result of Defendants' untimely production, and in the absence of a further deposition, Twins Thailand would be deprived of the right to question Twins USA on these issues.

Twins Thailand respectfully requests the Court order Twins Special, LLC's witness(es) to re-appear for deposition within 10 days of full compliance with the February 9, 2024 Order. Additionally, Defendants should be required to bear the sole cost of the reporter fees for having to re-take the deposition.

## C.   This Court Should Assess Monetary Sanctions Against Defendants for their Disobedience of a Court Order.

The very purpose of Rule 37 is to ensure compliance with discovery orders. "Without adequate sanctions the procedure for discovery would be ineffectual." C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2281 (1970 & Supp. 1988); *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991). "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988).

Defendants failed to obey this Court's February 9, 2024 Order. Despite being ordered to produce all responsive documents no later than February 22, 2024, Defendants made an additional production on March 27, 2024 that <u>still</u> does not include all responsive documents. Chaidez Decl., ¶¶23, 29. Despite being ordered to provide supplemental written responses indicating the responsive Bates numbers for each request to which Defendants represented all documents had been produced no later than February 22, 2024, Defendants produced a <u>second</u> supplemental written

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3                                              26
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

response on March 27, 2024 that totals nearly 1,000 pages and is completely useless as a resource for Twins Thailand to make any sense whatsoever of Defendants' numerous and duplicative productions. Chaidez Decl., ¶30, Ex. 17. Defendants' supplemental discovery responses are a mess, listing nearly every Bates number, individually and out of order, in response to nearly every request in which Defendants state responsive documents are being produced. Making matters worse, Defendants then bury references to "Supplemental" Bates numbers and other documents by title only in the midst of 40 pages of Bates numbers. Chaidez Decl., ¶30, Ex. 17.

If a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

Here, for each of the reasons discussed above, Twins Thailand has been required again to move for an order, this time for sanctions, to enforce the Court's previous orders, and attempt to ensure that Defendants comply with their basic discovery obligations. As a result, Defendants should be ordered to pay sanctions in the amount of $49,359.50[6] for their continued discovery abuses and blatant disobedience of this Court's February 9, 2024 Order that have resulted in this Motion. This amount reflects the time spent by counsel meeting and conferring regarding the need for this Motion, the drafting of the Motion, and the estimated time that counsel reasonably believes will be necessary to draft a reply and attend the hearing on this matter, as well as the preparation for, meeting and conferring regarding, and taking of Twins USA's 30(b)(6) designee, and the briefing and appearances on the motion to compel. Chaidez Decl., ¶43. The rates of all counsel are reasonable based on the

---

[6] In addition to this amount, which represents time incurred for discovery disputes, Twins Thailand's motion to compel, and the instant motion, Twins Thailand will submit a detailed supplemental memorandum of costs upon the Court's ruling on this motion and the completion of any supplemental deposition, if so ordered

BUCHALTER
A Professional Corporation
San Diego

BN 82767036v3

27

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

market hourly rates in San Diego, counsels' experience and level of expertise, and the complexity of issues raised in this case. Chaidez Decl., ¶¶38-41, Ex. 20. Finally, the Court ruled on Plaintiff's motion to compel specifically without prejudice to Plaintiff seeking sanctions.

## V.    CONCLUSION

For the foregoing reasons, Twins Thailand requests this Court enter an order:

1) Precluding Defendants from offering evidence or testimony in this case related to any valuation of Twins USA, the TWINS SPECIAL Mark, or the KINGS PROFESSIONAL Marks, including evidence or testimony to rebut any expert opinion offered by Twins Thailand on these topics;

2) Compelling Defendants to re-produce their Rule 30(b)(6) designee to answer questions regarding the documents produced by Defendants after the previously conducted deposition session and on topics reasonably related thereto;

3) Compelling Defendants to fully comply with this Court's February 9, 2024 Order within two weeks, both with respect to the production of documents and providing amended written responses to previously propounded requests for production which identify responsive documents by Bates number in an intelligible fashion; and

4) Imposing sanctions against Defendants in the amount of $49,359.50 plus any supplemental costs, representing the fees and costs incurred by Twins Thailand in bringing the motion to compel, the instant motion, and preparing for and taking Twins USA's Rule 30(b)(6) deposition thus far; and

5) because Twins Thailand was effectively precluded from getting to the truth of how its images, designations of origin, and history came to be in Twins LLC's marketing materials, given Twins LLC's misconduct and the highly suspicious facts, it is appropriate to have an evidentiary

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL

1     presumption that Defendants copied those materials and placed them on

2     their marketing materials, intending to thereby cause consumers to believe

3     they were dealing with Twins Thailand or a distributor authorized to

4     provide quality Twins Thailand products.

5   Dated:  May 24, 2024           BUCHALTER
                                A Professional Corporation

6

7

8                     By:   */s/ Emily S. Chaidez*
                                SANJAY BHANDARI

9                                  MATTHEW L. SEROR
                                 EMILY S. CHAIDEZ

10                                NEUSHA ETEMAD
                                 Attorneys for Plaintiff

11                                TWINS SPECIAL CO., LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82767036v3               29

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT ORDER - 3:23-cv-00223-JO-DDL