BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W Broadway Suite 1600
San Diego, CA 92101
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email:  sbhandari@buchalter.com
Email:  echaidez@buchalter.com
Email:  netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TWINS SPECIAL, LLC, et al., <br><br> Defendants. | Case No. 3:23-cv-00223-JO-DDL <br> (Related Case No. 21-cv-00221) <br><br> District Judge: Hon. Jinsook Ohta <br> Magistrate Judge: Hon. David D. Leshner <br><br> **PLAINTIFF TWINS SPECIAL CO., PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT AND DISMISSAL;** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES;** <br><br> **DECLARATION OF SANJAY BHANDARI IN SUPPORT OF MOTION FOR DEFAULT AND DISMISSAL** <br><br> Date:     July 10, 2024 <br> Time:    9:30 a.m. <br> Judge:   Hon. Jinsook Ohta <br> Ctrm:    4 |

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

1

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

PLEASE TAKE NOTICE that at the time and place indicated on the first page of this notice, or at such other time or place as the Court may set, Plaintiff Twins Special Co., Ltd. ("Twins Thailand") will and hereby does move for entry of judgment by default and for failure to prosecute against defendant TWINS SPECIAL, LLC ("Twins US-LLC"). This Motion is brought pursuant to Federal Rules of Civil Procedure 41 and 55, on the grounds summarized below and detailed in the papers filed herewith.

1. Twins US-LLC failed to meet the Court's May 17, 2024 deadline for entry of an appearance by counsel, despite being warned repeatedly that it could not participate in this case without counsel, and despite the May 17 deadline having been extended after Twins US-LLC failed to meet the Court's initial May 3 deadline. Two sets of lawyers for Twins US-LLC have now withdrawn, citing Twins US-LLC's failure to pay counsel and failure to communicate with counsel. Through this failure to cooperate with counsel, abide by court orders and deadlines, and even to meaningfully participate in discovery (including failing to take a single deposition), Twins US-LLC has repeatedly demonstrated lack of reasonable diligence in pursuit of the claims it filed against Twins Thailand, and in defense of claims brought against it by Twins Thailand.

2. As a result, based on the allegations in the complaint and the evidence submitted herewith:

   a. Based on Twins US-LLC's failure to prosecute, its claims should be dismissed under Fed. R. Civ. P. 41(b).

   b. Based on its defaults, Twins US-LLC should be held liable for the two claims on which it is the sole defendant, under Fed. R. Civ. P. 55(b).

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

2

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

3. Based on the foregoing and the evidence submitted herewith, Twins Thailand asks that the Court enter judgment as follows:

    a. Dismissing Twins US-LLC's counterclaims against Twins Thailand; and

    b. Canceling Twins US-LLC's trademark registrations.

**<u>Meet & Confer Certification</u>**

As set forth in the concurrently filed Declaration of Sanjay Bhandari, Plaintiff Twins Thailand has met any meet and confer obligation that may apply.


DATED:  May 24, 2024

                            BUCHALTER
                            A Professional Corporation


                            By:  */s/ Sanjay Bhandari*
                                      SANJAY BHANDARI
                                      Attorneys for Plaintiff
                                      TWINS SPECIAL CO., LTD.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

3

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

# **TABLE OF CONTENTS**

**Page**

I.   STATEMENT OF FACTS.................................................................................. 1

    A.   Neutral Summary of the Parties' Dispute ............................................. 1

    B.   Procedural History ............................................................................... 1

    C.   Resulting Prejudice Worldwide ........................................................... 4

II.   LEGAL STANDARDS ................................................................................... 5

    A.   Involuntary Dismissal of Claims for Failure to Prosecute.................... 5

    B.   Default on Claims for Failure to Retain Counsel ................................. 6

III.   DISCUSSION ............................................................................................... 8

    A.   Dismissal of Twins US-LLC's Counterclaims ..................................... 8

    B.   Default for Failure to Retain Counsel (Twins US-LLC).................... 11

        1.   Prejudice to Plaintiff Twins Thailand........................................ 11

        2.   Merits of Plaintiff's Claim and Sufficiency of Complaint ....... 11

        3.   Sum of Money at Stake ............................................................. 15

        4.   Possibility of a Dispute Concerning Material Facts................. 15

        5.   Whether Default Was Due to Excusable Neglect...................... 15

        6.   Policy Favoring Decisions on the Merits .................................. 15

IV.   REQUESTED RELIEF ................................................................................ 16

V.   CONCLUSION ............................................................................................ 16

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3
i
**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
**3:23-CV-00223-JO-DDL**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Action S.A. v. Marc Rich & Co., Inc.*,
  951 F.2d 504 (2nd Cir. 1991) ................................................................. 7

*AECOM Energy & Constr., Inc. v. Ripley*,
  348 F. Supp. 3d 1038 (C.D. Cal. Nov. 18, 2018) ................................. 12

*Almont Ambulatory Surgery Ctr., LLC v. Int'l Longshore & Warehouse
    Union*,
  No. CV-14-02177-MWF-VBK, 2016 WL 10518904 (C.D. Cal.
  May 16, 2016) ...................................................................................... 10

*Anderson v. Air West, Inc.*,
  542 F.2d 522 (9th Cir. 1976) ................................................................. 5

*Ball v. City of Chicago*,
  2 F.3d 752 (7th Cir. 1993) .................................................................... 6

*Bradford v. DANA Corp.*,
  249 F.3d 807 (8th Cir. 2001) ........................................................... 5, 15

*Colokathis v. Wentworth-Douglass Hosp.*,
  693 F.2d 7 (1st Cir. 1982) .................................................................... 5

*DirecTV, Inc. v. Huynh*,
  503 F.3d 847 (9th Cir. 2007) ................................................................. 7

*In re Eisen*,
  31 F.3d 1447 (9th Cir. 1994) ........................................................... 10, 11

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) ..................................................... 7, 11, 15

*Elektra Entm't Group Inc. v. Crawford*,
  226 F.R.D. 388 (C.D. Cal. 2005) ......................................................... 15

*Employee Painters' Trust v. Ethan Enterprises, Inc.*,
  480 F.3d 993 (9th Cir. 2007) ........................................................... 7, 11

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

ii

**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
**3:23-CV-00223-JO-DDL**

*Esposito v. U.S.*,
   368 F.3d 1271 (10th Cir. 2004) ................................................................. 2

*Feller v. Petty*,
   No. 18-CV-03460-SJO, 2020 WL 247767 (C.D. Cal. Feb. 11,
   2020) ........................................................................................................... 5

*In re First T.D. & Investment, Inc.*,
   253 F.3d 520 (9th Cir. 2001) .................................................................... 8

*Grell v. Laci Le Beau Corp.*,
   73 Cal. App. 4th 1300 (1999) ................................................................... 2

*J & J Sports Prods, Inc. v. Concepcion*,
   No. 10-CV-05092, 2011 U.S. Dist. LEXIS 60607, 2011 WL
   2220101 (N.D. Cal. June 7, 2011) .......................................................... 15

*Jones v. Niagara Frontier Transp. Authority*,
   722 F.2d 20 (2d Cir. 1983) ....................................................................... 6

*Landstar Ranger, Inc. v. Parth Enters., Inc.*,
   725 F. Supp. 2d 916 (C.D. Cal. 2010) ................................................... 15

*Link v. Wabash R. Co.*,
   370 U.S. 626 (1962) .................................................................................. 5

*McDonnell Douglas Corp. v. National Data Corp.*,
   228 USPQ 45 (T.T.A.B. 1985) ............................................................... 14

*Multi Denominational Ministry of Cannabis & Rastafari, Inc. v.*
   *Gonzales*,
   474 F. Supp. 2d 1133 (N.D. Cal. 2007) ................................................... 6

*Neilson v. Chang (In re First T.D. & Investment, Inc.)*,
   253 F.3d 520 (9th Cir. 2001) .................................................................... 8

*One True Vine, LLC v. Wine Group, LLC*,
   2009 U.S. Dist. LEXIS 102489 (N.D. Cal. Nov. 3, 2009) ..................... 16

*PepsiCo, Inc. v. Cal. Sec. Cans*,
   238 F. Supp. 2d 1172 (C.D. Cal. 2002) ....................................... 11, 14, 15

*PepsiCo, v. Triunfo-Mex, Inc.*,
   189 F.R.D. 431 (C.D. Cal. 1999) ............................................................. 7

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

iii

**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
**3:23-CV-00223-JO-DDL**

*Philip Morris United States v. King Mt. Tobacco Co.*,
    569 F.3d 932 (9th Cir. 2007) ............................................................... 12

*Phillip Morris USA, Inc., v. Castworld Prods., Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) ......................................................... 15

*Robi v. Five Platters, Inc.*,
    918 F.2d 1439 (9th Cir. 1990) ............................................................. 12

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*,
    506 U.S. 194 (1993) .............................................................................. 7

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) ................................................................. 7

*U.S. v. Barnes*,
    No. CV 14-5621 SJF(PLAx), 2015 WL 2386190 (C.D. Cal. Apr. 3,
    2015) ............................................................................................. 14, 15

*U.S. v. High Country Broad. Co. Inc.*,
    3 F.3d 1244 (9th Cir. 1993) ............................................................. 6, 11

*Von Poppenheim v. Portland Boxing and Wrestling Comm'n*,
    442 F.2d 1047 (9th Cir. 1971) ............................................................ 5, 6

*William v. Jp World Enter.*,
    2022 U.S. Dist. LEXIS 59409 (E.D. Cal. Mar. 9, 2022) ...................... 2

*Yourish v. Cal. Amplifier*,
    191 F.3d 983 (9th Cir. 1999) ............................................................. 5, 6

**Statutes**

15 U.S.C. § 1064(3) ..................................................................................... 11, 14

15 U.S.C. § 1119 .......................................................................................... 12, 16

Cal. Rev. & Tax Code § 23301 ........................................................................ 2

Fed. R. Civ. P. 41(b) ....................................................................... 1, 5, 8, 16

Fed. R. Civ. P. 55, 55(b) ........................................................................... 1, 15

Fed. R. Civ. P. 17(b) ...................................................................................... 2

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

iv

**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
**3:23-CV-00223-JO-DDL**

**Other Authorities**

Civ. L.R. 83.3(j) .......................................................................................... 1, 6, 10, 11

BUCHALTER
A Professional Corporation
San Diego

BN 82734465v3                                     V

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   For the reasons set forth below, Plaintiff Twins Special Co., Ltd. ("Twins

3   Thailand") respectfully requests that the Court enter (i) dismissal of the

4   counterclaims of Twins Special, LLC ("Twins US-LLC") for failure to prosecute,

5   and (ii) judgment by default on two claims against Twins US-LLC pursuant to

6   Federal Rules of Civil Procedure 41(b) and 55, and Civil Local Rule 83.3(j).

7   **I.   STATEMENT OF FACTS**

8   **A.   Neutral Summary of the Parties' Dispute**

9   While not conceding other allegations therein, Twins Thailand derives these

10  uncontested operative facts from defendants' operative answer and counterclaims,

11  ECF 81. Plaintiff Twins Thailand is a "Thailand-based" entity that "created brands

12  of boxing gear and martial arts equipment under the names TWINS SPECIAL and

13  KING PROFESSIONAL." [ECF 81, ¶ 150.] In or around 2009, Twins Thailand and

14  Defendants Nicholas and Christopher Mechling (the "Mechlings") began a business

15  relationship focused on distribution of such branded goods in North America. [*Ibid*.]

16  This led to two contracts: a 2010 Agreement relating to international distribution and

17  the formation of Counterclaimant Twins US-LLC [*Id.* ¶¶ 153-54], and a 2013

18  Agreement that reallocated shares in Twins US-LLC. [*Id.* ¶ 158]. The 2010

19  Agreement consists of two documents attached as Exhibit 1 and 2 to ECF 81; the

20  2013 Agreement consists of the one page document attached as Exhibit 3 to ECF 81.

21  [*Id.* ¶¶ 154, 158.] The parties disagree about their rights and obligations under these

22  contracts and other governing law, and filed cross-actions based on those

23  contradictory interpretations.

24  **B.   Procedural History**

25  On March 22, 2022, Twins Thailand filed this case against Twins US-LLC and

26  the Mechlings. [ECF 1.] Although Twins Thailand almost immediately notified

27  Twins US-LLC's counsel of record (in the previously filed, related case in this

28  district, Witham Mahoney & Abbott (later also counsel of record in this case)),

BUCHALTER
A Professional Corporation
San Diego

BN 82734465v3                    1
**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
                                    **3:23-CV-00223-JO-DDL**

defendants did not authorize counsel to accept service. [ECF 20-2 ¶¶ 3-6 and Ex. A.] Twins Thailand was compelled to hire a private investigator, *id.* ¶ 7, who after extensive efforts (*id.* ¶ 8) finally succeeded in causing Twins US-LLC and Nicholas Mechling to be personally served in Boca Raton, Florida on August 4, 2022. [ECF 22.]  Only after forcing Twins Thailand to incur significant costs in serving Twins US-LLC and Nicholas Mechling did Christopher Mechling agree to accept service of process by way of a Notice and Acknowledgement of Receipt. [ECF 26.]

Twins US-LLC is a suspended entity. Declaration of Sanjay Bhandari in Support of Motion for Default and Dismissal ("Bhandari Decl."), ¶ 2 and Ex. A. Although this status would ordinarily prevent it from participating in this case,[1] it operates under a March 11, 2020 Limited Purpose Revivor [ECF 56-8 at 8] (issued in connection with Twins US-LLC's 2020 bankruptcy case [*ibid.*]) which Twins Thailand has thus far not challenged.

After first attempting to avoid service, defendants then fought jurisdiction in Hawaii, filing a motion to dismiss that was stricken [ECF 30], with both parties stipulating to transfer to San Diego thereafter. [ECF 62.] The operative complaint was filed March 29, 2023 [ECF 78], and answered by defendants, with counterclaims, on April 12, 2023 [ECF 81]. Even then, defendants were long overdue on payment to their counsel [ECF 108-2, ¶ 2], having failed to remit payment since about January 2023. [*Id.*] In May 2023, defense counsel told defendants that counsel would withdraw unless fees were paid. [Id. ¶ 3.] Four months later, on September 22, 2023, because defendants remained noncompliant, counsel did move to withdraw. [*Ibid.*;

---

[1] A suspended entity cannot participate in litigation. Fed. R. Civ. P. l7(b) (entity's capacity to sue or be sued is determined "by the law under which it was organized"); *Esposito v. U.S.,* 368 F.3d 1271, 1273 (10th Cir. 2004) (capacity includes the "right to litigate in a federal court"); *William v. Jp World Enter.,* No. 1:21-cv-00686-DAD-BAK, 2022 U.S. Dist. LEXIS 59409 at *2-3 (E.D. Cal. Mar. 9, 2022) (denying motion by suspended California entity because it lacked capacity to litigate in federal court); Cal. Rev. & Tax Code § 23301 (suspended California entities cannot participate in court); *Grell v. Laci Le Beau Corp.,* 73 Cal. App. 4th 1300, 1306 (1999) (same).

BUCHALTER
A Professional Corporation
San Diego

BN 82734465v3                                                    2
MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

*see also* ECF 108.] The withdrawal motion was referred to Magistrate Judge Leshner [ECF 113], who held an October 12 hearing and then set a continued hearing for "October 31, 2023, to allow Defendants to search for new counsel." [ECF 124 at 1-2.] When counsel did not appear by October 31, the Court granted defense counsel's motion to withdraw, (*id.* at 4-5), and issued an Amended Scheduling Order pushing dates out approximately three months. [*Id.* at 4; *compare* ECF 91 at 2 (October 23, 2023 fact discovery deadline vs. January 31, 2024 deadline).] The Court expressly warned Twins US-LLC that it cannot appear without counsel, and would be found in default if it did not retain counsel. [ECF 124 at 4-5.] The Court also gave the entity defendants yet another extension of over a month (to November 20, 2023) to retain counsel before they would be subject to default proceedings. [*Id.* at 5.]

On November 9, 2023, attorney Rodney Donohoo entered an appearance for the Mechlings and Twins US-LLC. [ECF 125.] Again, Twins US-LLC's failure to properly pursue this case was nearly immediate. By November 30, 2023, it and the other defendants "breached the fee agreement … [and] remained in breach of the fee agreement [from] November 30, 2023" to the filing by Mr. Donohoo and his co-counsel March 19, 2024 of a motion to withdraw as counsel. [ECF 163 ¶ 3.] They were told as of "mid-December 2023" of counsel's "intent to withdraw," but failed to act to cure issues or obtain new counsel. [*Id.* ¶ 4]. Defendants also failed to communicate with counsel: counsel declared in March 2023 that for the past month, they were "unable to obtain meaningful input regarding discovery matters and matters related to settlement," rendering it "unreasonably difficult for [counsel] to continue to represent Defendants effectively." [*Id.* ¶ 2.]

Once again, delay ensued. Magistrate Judge Leshner issued another Amended Scheduling Order, pushing the pretrial conference from September 25th to December 4th [ECF 179]. Defense counsel were allowed to withdraw by Order dated April 5, 2024, which again warned Twins US-LLC that it must be represented by counsel on pain of default [ECF 176 at 5-6], and allowed Twins US-LLC approximately one

Buchalter
A Professional Corporation
San Diego

BN 82734465v3                                    3
**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
                                                 3:23-CV-00223-JO-DDL

additional month, until May 3, 2024, to retain counsel. [*Id.* at 6.] On May 6, 2024, Judge Leshner granted Twins US-LLC yet another extension, to May 17, 2024, to retain counsel, warning Twins US-LLC of the consequences of not doing so, citing Local Rule 83.3(j)'s requirement that Twins UC-LLC could only appear in this case through counsel. [ECF 186 at 1-2 and 2 n.1.]

The docket of this case reveals that Twins UC-LLC has not met Magistrate Judge Leshner's extended May 17, 2024 deadline. Plaintiff Twins Thailand has sent the Mechlings four emails (to the email address the Mechlings were required to provide by Magistrate Judge Leshner) since the last status conference (on May 15, 2024) to discuss various matters, including this motion. Not one of those four emails was responded to before the filing of this motion. [Bhandari Decl., 5.]

Thus, as summarized above, defendants failed to obtain new counsel (or cooperate with and pay their existing counsel) from at least February to November 2023 (eight months), and again from December 2023 through the present (another six months), resulting in significant delays in the case calendar (compare ECF 91 (initial scheduling order, setting, e.g., expert discovery cutoff of January 18, 2024) with ECF 179 (amended scheduling order setting expert discovery cutoff of July 19, 2024)), many burdensome hearings for Judge Leshner and other parties, and other prejudice detailed below.

### C.   <u>Resulting Prejudice Worldwide</u>

During this extensive delay, Plaintiff Twins Thailand has suffered market confusion arising from the conduct of the Mechlings and their entities. For months, the first thing a customer sees upon accessing Twins Thailand's website is not its products, but a discussion of (i) the Mechlings' claims to control Twins Thailand's brands and logos, (ii) their litigation against Twins Thailand customers and others, (iii) customer complaints about Mechling-controlled entities taking customer money without providing goods, and (iv) Twins Thailand's attempts to respond through

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

4

**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
**3:23-CV-00223-JO-DDL**

1  litigation, asking for customer patience while the Mechlings delay litigation because
2  of their failure to pay attorneys. [Bhandari Decl., ¶ 8 and Ex. D.]

3       All the while, the Mechlings and Twins-LLC have engaged in copyright and
4  trademark litigation and registration activities around the world based on the claims
5  at issue in this case, including active cases in the Northern District of Illinois, in the
6  United Kingdom, the European Union, and Canada. [Bhandari Decl., ¶ 7 and Exs. B-
7  E.] Tribunals in at least Canada and the U.K. have paused their proceedings pending
8  the outcome of this case. [*Id.* Exs. B, D] While failing to pay their lawyers or meet
9  court deadlines in this case, the Mechlings and Twins-LLC continue to file papers in
10 such proceedings internationally, including as recently as May 21, 2024. [*Id.* Ex. C.]

11 **II.    LEGAL STANDARDS**

12      **A.    Involuntary Dismissal of Claims for Failure to Prosecute**

13      A plaintiff in federal court must pursue their claims "with 'reasonable
14 diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air West, Inc.*, 542 F.2d
15 522, 524 (9th Cir. 1976) (citations omitted); *Link v. Wabash R. Co.*, 370 U.S. 626,
16 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with
17 prejudice because of his failure to prosecute cannot seriously be doubted") (affirming
18 *sua sponte* dismissal based on history of delay and counsel's failure to appear at
19 pretrial conference); Fed. R. Civ. P. 41(b). Delays due to repeated withdrawals of
20 counsel, especially where the plaintiff is culpable for counsel's withdrawal, show a
21 lack of diligence that justifies dismissal. *Colokathis v. Wentworth-Douglass Hosp.*,
22 693 F.2d 7, 10 (1st Cir. 1982); *see generally Bradford v. DANA Corp.*, 249 F.3d 807,
23 809 (8th Cir. 2001) (scheduling change properly denied due to lack of diligence
24 where party failed to cooperate with its own attorney, forcing the attorney to
25 withdraw, and was not diligent in securing new counsel, having contacted only five
26 attorneys); *Feller v. Petty*, No. 18-CV-03460-SJO, 2020 WL 247767 (C.D. Cal. Feb.
27 11, 2020) (following *Bradford*; rejecting scheduling change based on lack of
28 diligence of party who long failed to pay or cooperate with counsel).

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3                                    5
**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
3:23-CV-00223-JO-DDL

Before entering dismissal, the court should consider other means of ensuring a plaintiff's diligent pursuit of claims. *Von Poppenheim v. Portland Boxing and Wrestling Comm'n,* 442 F.2d 1047, 1053-54 (9th Cir. 1971); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).[2] However, a court that has provided a plaintiff with warnings and delays to allow plaintiff to come into compliance satisfies any such obligation, justifying immediate dismissal. *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 23 (2d Cir. 1983) (affirming the district court's order that the complaint of the plaintiff corporation be dismissed unless it obtained counsel within forty-five days). "Somewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered." *Id.,* 442 F.2d at 1054.[3]

Further, because entities cannot pursue litigation in federal courts without counsel, claims brought by unrepresented entities must be dismissed if the entity fails to have counsel enter an appearance. *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) (dismissing with prejudice the claims of an incorporated ministry for failure to retain counsel).

## B.    Default on Claims for Failure to Retain Counsel

As in most courts, under this Court's local rules "corporations, partnerships and other legal entities[] may appear in court only through an attorney permitted to

---

[2] *Yourish* recommends, but does not require, that trial courts expressly consider five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. 191 F.3d at 990.

[3] *See also Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993) ("A defendant has legitimate interests that a dismissal for failure to prosecute may be essential to protect; in such a case a less drastic sanction, far from being mandatory, may be a serious error. Defendants are not second-class citizens in our courts. The fact of being sued creates no presumption that the person or institution sued has in fact committed a wrong. … A protracted lawsuit ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued. Delay may also make it more difficult to mount an effective defense. All these are consequences superadded to the lawful sanction for whatever misconduct the defendant may have engaged in that precipitated the suit—and he may not have engaged in any misconduct. Unwarranted prejudice to a defendant from keeping a suit alive is an important consideration in the choice of sanctions for dilatory behavior from the wide menu available to the district judge.").

Buchalter
A Professional Corporation
San Diego

BN 82734465v3

6

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

practice pursuant to Civil Local Rule 83.3." Civ. L.R. 83.3(j). A corporate defendant that defies this rule, and/or disregards a Court's order to retain counsel, will face as a sanction the striking of its answer and entry of default judgment. *U.S. v. High Country Broad. Co. Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("[T]he district court ordered High Country to retain counsel for the duration of the litigation. When High Court failed to do so, the district court entered a default judgment against it; this was perfectly appropriate."); *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) ("[W]e have recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel."); *see generally Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.").

Though a default judgment is warranted as a sanction, courts in the Ninth Circuit exercise their discretion on whether to enter default judgment under the following test:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true, except those relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987); *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). A hearing need not be held on damages so long as there is an evidentiary basis for the damages awarded in the default judgment. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2nd Cir. 1991).

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

7

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

Though the standard is discretionary, "[i]n applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Regardless of the above factors, because of the potential for inconsistent results, courts in the Ninth Circuit decline to enter default judgment on claims against multiple defendants when only one has defaulted. *Neilson v. Chang (In re First T.D. & Investment, Inc.)*, 253 F.3d 520, 532 (9th Cir. 2001) ("[W]hen a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."). Accordingly, Twins Thailand seeks default only on two of its claims, claims 3 and 4 for cancellation of Twins US-LLC's trademark registrations based on the prosecution histories of those trademark registrations. These two claims are factually quite distinct from the matters in issue in the other claims against defendants; a judgment on those two claims would not dictate the results on those other claims; and Twins US-LLC is the only defendant named in the two claims. The *First T.D.* rule therefore does not apply, and default judgment may issue.

## III.   DISCUSSION

### A.   Dismissal of Twins US-LLC's Counterclaims

The counterclaims filed by Twins US-LLC must be dismissed. Without counsel, Twins UC-LLC cannot pursue those claims, and the lack of counsel (and failure to cooperate with counsel even while they were on the case) reflects both a failure to abide by court orders and a lack of diligence that justifies dismissal.

Judge Fitzgerald of the Central District of California recently described at length the three independent bases that justify dismissal of unrepresented entities' claims in such circumstances. As Judge Fitzgerald explains, such dismissals are required by the rule barring unrepresented entities from appearing in court; they are a justified sanction for breach of local rules requiring counsel; and they are justified

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3                                    8
MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

under Rule 41(b) for failure to prosecute, consistent with the applicable multi-factor

test for exercise of the court's discretion under Rule 41(b):

> This dismissal can be viewed in various ways. For example, it can be viewed, under Ninth Circuit case law, as the inevitable result of the requirement for a business entity to be represented by counsel. *See Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1142 (9th Cir. 1989) (upholding dismissal of affirmative claims and grant of default judgment on counterclaims after attorney withdrew and company failed to retain new counsel or appear for pretrial conferences); *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 1000–01 (9th Cir. 2007) (upholding default judgment after corporation failed to hire an attorney following withdrawal); *Galtieri–Carlson v. Victoria M. Morton Enters., Inc.*, No. 2:08–cv–01777 FCD–KJN–PS, 2010 WL 3386473, at *3 (E.D. Cal. 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel).
>
> This dismissal can be viewed as an appropriate sanction for violation of the Local Rules of the Central District of California. Local Rule 83–2.2.2 explicitly requires organizations (including corporations) to appear through counsel. Local Rule 83–2.2.4 explicitly warns that failure to obey the Local Rules on attorney representation may be a ground for dismissal.
>
> This dismissal can also be viewed as the appropriate sanction for failure to prosecute this action. As a general matter, district courts may dismiss actions for failure of prosecution under Federal Rule of Procedure 41(b). *See Link v. Wabash Railroad Co*., 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court). In determining whether dismissal is appropriate, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (setting forth the governing standard).
>
> The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissing Plaintiffs' claims. Plaintiffs have had over seven months to retain new counsel, and yet failed to do so even after the Court and HLB warned them that they could not proceed *pro se*. … Plaintiffs' delay of this action thus favors dismissal.
>
> The third factor—prejudice to the opposing parties—also weighs against Plaintiffs. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute the action diligently. *Eisen*, 31 F.3d at 1452–53 ("The law presumes injury from unreasonable delay.") (citation omitted). That presumption may be rebutted if the

BUCHALTER
A Professional Corporation
San Diego

BN 82734465v3

9

**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
**3:23-CV-00223-JO-DDL**

plaintiff proffers an excuse for delay. *Id.* Plaintiffs have failed to come forward with any excuses that would justify delaying this action further.

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal. It is Plaintiffs' responsibility, however, to move the action toward resolution at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Because Plaintiffs have failed to discharge that responsibility, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiffs' failure to prosecute.

The final factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court has attempted to avoid outright dismissal by providing Plaintiffs an opportunity to retain new counsel within two months after HLB's withdrawal. Plaintiffs, however, have failed to comply with the OSC re: Dismissal and OSC re: Plan Documents, and ignored the Court's explicit warning that failure to retain counsel would result in dismissal with prejudice. *See also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

*Almont Ambulatory Surgery Ctr., LLC v. Int'l Longshore & Warehouse Union*, No. CV-14-02177-MWF-VBK, 2016 WL 10518904, at \*2–3 (C.D. Cal. May 16, 2016). Judge Fitzgerald's analysis applies directly to this case.

First, Twins US-LLC cannot pursue its claims without counsel, requiring those claims to be dismissed.

Second, Twins US-LLC's claims should be dismissed as a sanction for its failure to comply with Court orders and Court deadlines for it to come into compliance with Local Rule 83.3(j), about which it was warned.

Third, the *Eisen* (*In re Eisen*, 31 F.3d 1447. 1445 (9th Cir. 1994)) factors favor dismissal. Twins US-LLC has clogged up the docket and frustrated both the general public interest (in the US and in other tribunals around the world awaiting the US court's resolution) and the Thai boxing community's interest in expeditious resolution. Twins Thailand is presumed to be and actually prejudiced by the delay in resolution of these issues. Twins US-LLC has failed to pursue its claim diligently, failed to take a single deposition [Bhandari Decl. ¶ 3], and has been uncooperative

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

10

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

even with its own counsel. Finally, the Court has given Twins US-LLC all the rope that could reasonably be given to avoid the sanction of dismissal, extending deadlines multiple times and warning Twins US-LLC multiple times of the consequence of failing to meet those deadlines. At this stage, dismissal is appropriate.

### B. Default for Failure to Retain Counsel (Twins US-LLC)

The first two prongs of the above analysis again apply directly.

First, Twins US-LLC cannot represent itself, and so cannot defend the claims made against it. Civ. L.R. 83.3(j); *High Country Broad. Co.,* 3 F.3d at 1245.

Second, Twins US-LLC should be sanctioned for repeated failure to abide by Local Rule 83.3(j) despite multiple extensions and warnings. *Employee Painters' Trust*, 480 F.3d at 998.

Third, the analysis for the *Eisen* factors (*see* section III.A, above) applies similarly to the *Eitel* factors.

#### 1. Prejudice to Plaintiff Twins Thailand

Twins US-LLC has threatened and sued Twins Thailand and others around the world based upon the trademark registrations at issue. Its failure to defend leaves Twins Thailand and others without any recourse absent the Court's granting of default judgment. This factor therefore favors default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

#### 2. Merits of Plaintiff's Claim and Sufficiency of Complaint

Under the second and third factors, which are often considered together, courts examine whether Plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471; *PepsiCo*, 238 F. Supp. 2d at 1175. If so, these factors favor default judgment.

Twins Thailand's third and fourth claims seek the cancellation of Twins US-LLC's four trademark registrations[4] on two independent bases: (1) that the

---

[4] U.S. Registration Nos. 4,848,711; 4,848,712; 4,848,713 and 3,749,271 (collectively, the "Registrations").

BUCHALTER
A Professional Corporation
San Diego

BN 82734465v3

11

**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
**3:23-CV-00223-JO-DDL**

Registrations should be cancelled pursuant to 15 U.S.C. § 1064(3) due to material misrepresentations made the United States Patent and Trademark Office in connection with obtaining the Registrations; and (2) that the Registrations should be cancelled pursuant to 15 U.S.C. § 1064(3) because Twins US-LLC misrepresented the source of the goods on which the marks are used.[5]

Material misrepresentations made in connection with the application for a trademark registration warrant the cancellation of the registration. *AECOM Energy & Constr., Inc. v. Ripley*, 348 F. Supp. 3d 1038, 1059 (C.D. Cal. Nov. 18, 2018), citing *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990). To succeed in cancelling a registration on the basis of fraud, an applicant must have: (1) made a false representation regarding a material fact; (2) knowing it was false; (3) intending to induce reliance; and (4) the misrepresentation caused reasonable reliance; that (5) proximately caused damage. *Id.*

As evidenced by the well-pleaded allegations of the Second Amended Complaint, now taken as true, Twins US-LLC and Booster Budo Fitness B.V.B.A. (Twins US-LLC's predecessor in interest with respect to Registration No. 3,749,271) made numerous misrepresentations to the Trademark Office in connection with the prosecution of the Registrations:

- The representations made as to the first use of the applied for marks by the applicants was inaccurate and materially misleading. Twins US-LLC claimed first use dates of February 2003 (Registration Nos. 4,848,711 and 4,848,713) and February 2006 (Registration 4,848,712). The cited dates do not reflect Twins US-LLC's use of the marks, but rather *Twins Thailand's* first use of the marks in the United States [Dkt. 78, ¶51] ("Each of the

---

[5] Courts have concurrent jurisdiction with the Patent and Trademark Office over cancellation proceedings and may "determine the right to registration, order the cancellation of registrations … and otherwise rectify the register with respect to the registrations of any party to the action." *Philip Morris United States v. King Mt. Tobacco Co.*, 569 F.3d 932, 944 (9th Cir. 2007), quoting 15 U.S.C. § 1119.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

12

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

applications filed by Twins US in 2010 includes a date of first use of February 2003 and February 2006. These dates are prior to the formation of Twins US. In fact, the relied upon dates of first use are actually the dates of first use of the Marks by Plaintiff in the United States"). Twins US-LLC has conceded that the first use dates included in the trademark applications pre-date the formation of Twins US-LLC. [Dkt. 81, ¶ 51] ("Defendants admit that the Claimed Date of First Use is prior to the formation of Twins LLC");

- The applications that led to the issuance of the Registrations also represented that no other entity was using, or was entitled to use, the applied-for marks in commerce. This was inaccurate and misleading. When the applications for each of the Registrations were filed, and when post-registration declarations of use were filed with the Trademark Office, Twins US-LLC and Booster Budo knew that Twins Thailand maintained rights in the applied for marks and was selling goods bearing the marks in the United States. [Dkt. 78, ¶¶ 55, 56] (when the trademark applications were filed, "Twins US was aware of Plaintiff's rights in the mark which were the subject of the applications, knew that Plaintiff retained all rights to the applicable marks in Thailand, and knew that Plaintiff was continuing to sell products bearing the marks in the United States."). These facts were concealed from the Trademark Office by Twins US-LLC and Booster Budo in order to secure the Registrations [Dkt. 78, ¶ 62];

- In connection with its post-registration declarations of use filed with the Trademark Office, Twins US-LLC represented that Twins US-LLC's rights were not subject to challenge. That was inaccurate and misleading. Third parties had challenged Twins US-LLC's rights in the marks. [Dkt. 78, ¶ 62] ("[A]t the time Twins US made these representations, it was no longer using the Marks in commerce and at least one third party had challenged Twins

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3                    13
MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

US's claim of ownership of the Marks. Despite its knowledge as to these matters, Twins US concealed the true facts from the U.S. Trademark Office for the purpose of obtaining its Section 8 and 15 renewal.")

The Registrations are also subject to cancellation because Twins US-LLC used the Registrations to pass off its own goods as originating from Twins Thailand. *McDonnell Douglas Corp. v. National Data Corp.*, 228 USPQ 45, 46 (T.T.A.B. 1985) (cancellation is appropriate where the user of a mark engages in the "blatant, aggressive misuse of a registered mark … in order to trade upon the renown and reputation" of the party seeking cancellation."). Twins Thailand's Second Amended Complaint sufficiently alleges that Twins US-LLC has passed off its own goods as those of Twins Thailand for the purposes of deceiving consumers. [Dkt. 78, ¶¶ 28-33] ("[D]espite the fact that it no longer has any or sufficient goods manufactured by Plaintiff in its possession, Defendants continued to make representations that the goods they were selling originated from the Plaintiff") ("Defendant's website also include references to certifications that Plaintiff's goods had received from various bodies" … Defendants continued to feature its purported continued ties to Plaintiff in promotional materials related to Plaintiff, including a promotional video featuring Plaintiff's products.") Twins US-LLC's repeated efforts to deceive customers into believing Twins US-LLC's goods bearing the marks were manufactured by and originated with Twins Thailand offers an independent basis for cancellation pursuant to 15 U.S.C. § 1064(3).

By way of the well-pleaded allegations in Twins Thailand's Second Amended Complaint, which are deemed admitted for the purposes of seeking a default judgment, Twins Thailand has met its burden and cancellation of the Registrations is warranted based both on the material misrepresentations made by Twins US-LLC and as a result of its continued efforts to pass off its goods as those of Twins Thailand. [Dkt. 78, ¶¶ 28, 30-33, 55-65].

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

14

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL

### 3.    Sum of Money at Stake

Under the fourth factor, the court "balances the amount of money at stake in relation to the seriousness of the Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1175. Where, as here, there is no money at stake and only permanent injunctive relief is sought, this factor weighs in favor of default judgment. *U.S. v. Barnes*, No. CV 14-5621 SJF(PLAx), 2015 WL 2386190, at 6 (C.D. Cal. Apr. 3, 2015).

### 4.    Possibility of a Dispute Concerning Material Facts

Because the allegations of the complaint are taken as true on default, this factor generally weighs in favor a default judgment. *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); *PepsiCo*, 238 F. Supp. 2d at 1177.

### 5.    Whether Default Was Due to Excusable Neglect

This factor weighs in favor of entry of default judgment where the defendant was properly served. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Further, as set forth above, defendants were warned many times, by their lawyers and by the Court, that they would face this consequence if they did not pay and cooperate with counsel to remain represented. Their culpable conduct over the course of at least a year caused two sets of lawyers to withdraw, establishing lack of diligence and the absence of excusable neglect. *Bradford*, 249 F.3d at 809.

### 6.    Policy Favoring Decisions on the Merits

Although this factor usually weighs against dismissal, it is neutralized where, as here, a party culpably fails to litigate. *J & J Sports Prods, Inc. v. Concepcion*, No. 10-CV-05092, 2011 U.S. Dist. LEXIS 60607, at *5, 2011 WL 2220101 (N.D. Cal. June 7, 2011) ("although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where defendants refuse

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 82734465v3

15

**MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**
**3:23-CV-00223-JO-DDL**

to litigate"); *Phillip Morris USA*, *Inc.*, *v. Castworld Prods.*, *Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) (noting "the mere existence of Fed. R. Civ. P. 55(b) indicates that [this] *Eitel* factor is not alone dispositive"); *PepsiCo*, 238 F. Supp. 2d at 1177.

## IV.   REQUESTED RELIEF

Plaintiff Twins Thailand's proposed order is brief and requests only two forms of relief.

First, the dismissal under Rule 41(b) of Twins US-LLC's claims against Twins Thailand, for failure to reasonably pursue those claims.

Second, an order be entered cancelling the Registrations and that said order be certified to the Director of the Patent and Trademark Office so that an appropriate entry may be made upon its records reflecting the cancellation of the Registrations. See 15 U.S.C. § 1119; *One True Vine, LLC v. Wine Group, LLC*, 2009 U.S. Dist. LEXIS 102489, * 7 (N.D. Cal. Nov. 3, 2009).

## V.   CONCLUSION

For the reasons discussed above, given Defendant-Counterclaimant Twins US-LLC's repeated failures to cooperate with counsel, its failures to abide by court rules and orders, and resulting prejudicial impacts on this court's docket and Plaintiff, as well as tribunals worldwide, the Court should enter dismissal of Twins US-LLC's claims, and judgment on those claims for which Twins US-LLC is the only defendant.

DATED:  May 24, 2024                    BUCHALTER
                                        A Professional Corporation


                                        By:  */s/ Sanjay Bhandari*
                                        SANJAY BHANDARI
                                        Attorneys for Plaintiff
                                        TWINS SPECIAL CO., LTD.

BUCHALTER
A Professional Corporation
San Diego

BN 82734465v3

16

MEM. OF POINTS & AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT
3:23-CV-00223-JO-DDL