UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., a private limited company organized under the laws of Thailand,<br>　　　　　　　　　　Plaintiff,<br>v.<br>TWINS SPECIAL, LLC, NICHOLAS MECHLING, an individual, CHRISTOPHER MECHLING, an individual, TWINS SPECIAL, an unincorporated general partnership, and DOES 1-10, inclusive,<br>　　　　　　　　　　Defendants. | Case No.: 23-cv-223-JO-DDL<br>Consolidated Case No.: 21-cv-221-JO-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**<br><br>**[Dkt. No. 202]** |

## I.

## **INTRODUCTION**

Defendants move to amend the operative Scheduling Order and continue all pretrial dates by 120 days. Dkt. No. 202. The Court concludes Defendants have failed to demonstrate good cause to amend the Scheduling Order; however, in the interests of justice, the Court will grant Defendants additional time to serve rebuttal expert disclosures and will extend the deadline for Plaintiff to depose any rebuttal expert disclosed by Defendants. The Court **DENIES** the motion in all other respects.

## II.

## **PROCEDURAL HISTORY**

Plaintiff filed this case in the District of Hawaii on March 22, 2022. Dkt. No. 1. On February 6, 2023, the case was transferred to the Southern District of California. Dkt. No. 62. Following a Case Management Conference on May 23, 2023, the Court entered a Scheduling Order with pretrial deadlines and dates. Dkt. No. 91.

On September 22, 2023, counsel for Defendants, Witham Mahoney & Abbott, LLP ("WMA"), moved to withdraw based on Defendants' failure to pay legal fees in breach of their Engagement Agreement. Dkt. No. 108. The parties jointly moved to continue the existing pretrial dates given the issues raised in the motion to withdraw. Dkt. No. 112. Following a hearing on October 12, 2023, the Court entered an amended Scheduling Order that continued the pretrial dates and deadlines by approximately three months. Dkt. No. 120. Thereafter, on November 7, 2023, the Court granted WMA's motion to withdraw. Dkt. No. 124.

On November 9, 2023, the Law Offices of Rodney L. Donohoo, APC ("Donohoo") entered an appearance as counsel for Defendants. On March 4, 2024, following a settlement conference with the parties, the Court issued a further amended Scheduling Order continuing the deadlines for the parties to exchange expert disclosures and complete expert discovery by approximately 30 days. Dkt. No. 159.

The Court held a settlement conference on February 29, 2024, but the case did not resolve. On March 19, 2024, Donohoo moved to withdraw as Defendants' counsel, citing an inability to meaningfully communicate with Defendants and Defendants' failure to pay legal fees. Dkt. No. 163. The Court granted the motion on April 5, 2024, and ordered Defendant Twins Special, LLC to retain new counsel by May 3, 2024. Dkt. No. 176.

On April 8, 2024, the Court entered another amended Scheduling Order that continued all pending pretrial deadlines and dates by approximately 60 days. Dkt. No. 179. The Court advised the parties that it "will not grant further continuances of the pretrial schedule absent a showing of exceptional circumstances." *Id.* at 2.

On May 7, 2024, Plaintiff moved for reconsideration of the amended Scheduling Order, seeking to advance the pretrial dates and deadlines. Dkt. No. 184. The Court denied the motion, thereby ensuring that Defendants retained the benefit of the continued pretrial dates contained in the operative Scheduling Order. Dkt. No. 190. However, the Court repeated its admonition that there would be no "further continuances of the pretrial schedule absent a showing of exceptional circumstances." *Id.* at 2.

Defendant Twins Special, LLC did not timely retain new counsel by the May 3 deadline, and the Court continued the deadline to May 17, 2024. Dkt. No. 186. That deadline was not met either.

On June 6, 2024, attorney Stephen B. Morris entered an appearance as counsel for Defendants. Dkt. Nos. 196, 197. The instant motion to amend the Scheduling Order followed on June 18, 2024. Dkt. No. 202.

## III.

## DISCUSSION

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court's good cause analysis "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.*

Defendants' motion to amend the Scheduling Order and continue all the pretrial dates does not acknowledge Rule 16(b)(4)'s "good cause" standard. The motion asserts that "prior counsel for defendants failed to retain any experts in this matter" but then acknowledges that "Defense counsel was not being timely paid by defendants" and that communications between Defendants and their prior counsel had "broke[n] down." Dkt. No. 202 at 2. Defendants cite no authority supporting the proposition that a party's failure to communicate with their counsel constitutes good cause to amend a scheduling order

under Rule 16(b)(4). To the contrary, the good cause analysis "primarily considers the diligence of the party seeking the amendment," *Johnson*, 975 F.2d at 609, and Defendants' failure to communicate with their prior counsel supports a finding that they were not diligent. Moreover, the record reflects that Plaintiff timely served its expert disclosures on April 5, 2024, and then re-served the disclosures directly on defendants Nicholas and Christopher Mechling on May 21, 2024. Dkt. No. 207-2 at 2-3. As such, even if communications had broken down between Defendants and their prior counsel when the disclosures were served on April 5, Plaintiff's service of the disclosures directly on the Mechlings on May 21 provided the Mechlings with time to retain an expert prior to the June 3 and June 18 disclosure deadlines. For all of these reasons, the Court finds Defendants were not diligent and have not demonstrated good cause to amend the Scheduling Order.

Notwithstanding the finding that Defendants were not diligent, the Court will grant Defendants a final opportunity to serve a rebuttal expert disclosure in the interests of justice.

## IV.
## CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendants must serve any rebuttal expert disclosures under Fed. R. Civ. P. 26(a)(2)(D) by not later than **July 12, 2024**. Plaintiff must depose any rebuttal experts disclosed by Defendants by not later than **July 26, 2024**. All other dates contained in the current pretrial schedule remain in effect and will not be modified absent a showing of exceptional circumstances. *See* Dkt. No. 179.

/ / /
/ / /
/ / /
/ / /
/ / /

2. Defendants' motion to amend the scheduling order [Dkt. No. 202] is **DENIED** in all other respects.

**IT IS SO ORDERED.**

Dated: June 28, 2024

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge