BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
NEUSHA ETEMAD (SBN 329455)
EMILY S. CHAIDEZ (SBN 297283)
655 W Broadway Suite 1600
San Diego, CA 92101
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email:  sbhandari@buchalter.com
Email:  netemad@buchalter.com
Email: echaidez@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>TWINS SPECIAL, LLC, et al.,<br><br>Defendants. | Case No. 3:23-cv-00223-JO-DDL<br>[Consolidated with Case No. 3:21-cv-00221-JO-DDL]<br><br>**PLAINTIFF TWINS SPECIAL CO., LTD'S REPLY IN SUPPORT OF MOTION FOR DEFAULT AND DISMISSAL**<br><br>DATE:       July 10, 2024<br>TIME :       9:30 a.m.<br>JUDGE:    Hon. Jinsook Ohta<br>CTRM:      4<br><br>Presiding Judge: Hon. Jinsook Ohta<br>Magistrate Judge: David D. Leshner |
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING,<br><br>Counter-Claimants,<br><br>vs.<br><br>TWINS SPECIAL CO., LTD.<br><br>Counter-Defendants. | |
| AND CONSOLIDATED ACTIONS | |

Plaintiff and Counter-Defendant Twins Special Co., Ltd. ("Twins Thailand") hereby submits the following reply in support of its motion for default and dismissal (Dkt. 194):

## I.     **INTRODUCTION**

In opposition to Twins Thailand's motion, Defendants and Counterclaimants Twins Special, LLC, Nicholas Mechling, and Christopher Mechling (collectively, "Twins US") argue that the motion for default is moot in light of the delinquent appearance of counsel and that dismissal of its counterclaims is inappropriate in light of an order issued by another court against third parties.[1] Twins US makes no other effort to rebut or even address the numerous arguments proffered by Twins Thailand in its motion. Such wholesale failure results in waiver of the uncontested issues. For that reason alone, this Court should grant Twins Thailand's motion.

In its motion, Twins Thailand argues that Twins US' claims are subject to dismissal for failure to prosecute and separately subject to default for failure to timely procure counsel—for the third time—and requests dismissal of Twins US' claims against Twins Thailand and an order cancelling the registrations at issue in light of Twins US' material misrepresentations to the United States Patent and Trademark Office ("USPTO"). In its opposition, Twins US argues that default is inappropriate in light of its retention of counsel—albeit several weeks late—and that dismissal would be "inappropriate" in light of another court ruling from the United States District Court for the Northern District of Illinois which Twins US casts as "specifically reject[ing]" the arguments made by Twins Thailand that Twins US made material misrepresentations to the USPTO. Twins does not explain its failure to prosecute its counterclaims aside from a vague reference to "fall[ing]

---

[1] Twins US does not seek to have this Court take judicial notice of the other order or otherwise attempt to explain how the ruling has any impact on the issues raised in Twins Thailand's motion. To the extent Twins US does seek to have this Court take judicial notice, Twins Thailand objects on the grounds of foundation, relevance, and hearsay.

short in this forum as they have struggled to pay their many attorneys around the world" (Opposition, p. 2) and its bare statement that its "appearance before this court has been less than ideal to date, and there are legitimate reasons for that." (Opposition, p. 3.)

Nor does Twins US address the arguments Twins Thailand makes in support of its claims for cancellation aside from cherry-picking an inadmissible order issued in another district in litigation pending between Twins US and entirely distinct parties. That order does not address any of Twins Thailand's arguments that the subject trademark registrations are subject to invalidation due to the material misrepresentations made during the prosecution thereof. Thus, in filing its opposition, Twins US has wholly failed to provide any meaningful opposition whatsoever to the specific relief sought in the motion. Twins Thailand offers more than simply lack of counsel to support its arguments for default and dismissal, and given the prejudice presumed to have been suffered by Twins Thailand and unrebutted by Twins US, such relief is entirely appropriate here. Twins Thailand respectfully requests this Court grant its motion in full.

## II.   TWINS US HAS WAIVED ANY ARGUMENT THAT IT HAS NOT FAILED TO PROSECUTE

Twins US offers no argument in its Opposition regarding its failure to prosecute other than to state that its performance has "fallen short" and been "less than ideal" in this litigation. (Opposition, pp. 2-3.) There is no further argument regarding its wholesale failure to prosecute this action. As such, Twins US has waived the argument.

> If a party fails to respond to an argument made on a motion to dismiss, a court may find such failure constitutes waiver or abandonment of the issue. *See Stitching Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or

abandonment in regard to the uncontested issue" (cleaned up); *Quereshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address in opposition brief claims challenged in a motion to dismiss an "abandonment of those claims"); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding that plaintiffs waived an argument by failing to respond to defendant's argument in their opposition to a motion to dismiss).

*Rozier v. Dept. of Homeland Sec. Fed. Protective Serv.*, No. 2:21-cv-07232-SB-AFM, 2022 WL 2199938, at *3 (C.D. Cal. Mar. 7, 2022).

Here, Twins US offers no argument to justify its failure to prosecute aside from an inability to pay counsel, which is not grounds to prolong a harassing lawsuit. Instead, Twins US regurgitates portions of an inapplicable order, the contents of which are not subject to judicial notice, which Twins US did not even request. Even had Twins US made such a request, judicial notice would be improper here. A court may take judicial notice "of the *existence* of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents." *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F.Supp.3d 1007, 1019 (C.D. Cal. 2017) [emphasis in original, citations omitted]. Thus, the content of the order cited at length by Twins US is not subject to judicial notice for the factual findings stated therein—to the extent Twins US even represents the order accurately with regard to its purported findings—and inadmissible as being determinative with regard to any factual finding in <u>this</u> case.

Nevertheless, even assuming, *arguendo*, that the Court can take judicial notice of the findings contained in another court's order for factual purposes, the cited portion of the order wholly fails to explain why Twins US has failed to prosecute the counterclaims alleged in this action or why those claims should not be dismissed pursuant to Rule 41. Absent any authority or even discussion of the

///

matter, Twins US has waived any contrary argument and Twins Thailand's motion should be granted.

## III. DISMISSAL IS WARRANTED FOR FAILURE TO PROSECUTE

"The law presumes injury from unreasonable delay." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) [citation omitted]. In *Anderson*, the court upheld dismissal with prejudice of plaintiff's complaint despite being represented by counsel,[2] finding that "[t]here is no requirement that every single alternate remedy be examined by the court before the sanction of dismissal is appropriate," and that despite plaintiff's representation by counsel, "neither the payment of extra defense costs nor a change in counsel could remedy all the prejudice suffered by the defendants." *Id*. at 525-26. The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id*. at 524.

Without any explanation as to *how* it is so, Twins US states that the prejudice suffered by Twins Thailand and addressed at length in its motion is "disingenuous[] because various courts have found in favor of Twins US-LLC on its trademark counterfeiting claims." (Opposition, p. 3.) Even assuming this Court could take notice of the content of such orders, they do not demonstrate how Twins Thailand has not been prejudiced in this litigation. The purported fact that other courts have made findings relating to third parties who have allegedly infringed on the alleged rights of Twins US has no bearing on the valid and legitimate prejudice Twins Thailand has suffered as a result of this protracted and expensive litigation.

///

---

[2] Other courts, including the United States Supreme Court, have similarly held that dismissal is appropriate notwithstanding representation by counsel as a result of delay and failure to appear. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); *Colokathis v. Wentworth-Douglass Hosp.*, 693 F.2d 7, 10 (1st Cir. 1982).

Twins US fails to cite any authority addressing or contradicting the valid authority cited by Twins Thailand in its motion regarding the Court's authority to dismiss for failure to prosecute pursuant to Rule 41 and the propriety of doing so here. Indeed, Twins US does not even attempt to argue that it has not unduly protracted this litigation—because it cannot in good faith do so. In the absence of any such argument or authority in opposition, Twins Thailand's motion should be granted.

## IV. THE OTHER RULING CITED BY TWINS US IS INAPPLICABLE

As already noted, Twins US improperly seeks to rely on the findings of another court in a different district between different parties to preclude dismissal here on the purported basis that the findings somehow negate Twins US' wholesale failure to prosecute this case or Twins US' inability to abide by this Court's valid orders to obtain counsel by a date certain. The findings of another court related to different claims between different parties are wholly irrelevant to these proceedings and the attempt to cherry-pick portions of irrelevant court orders to obscure its own lack of diligence in prosecuting this matter is unavailing.[3]

Even if this Court were inclined to read the order from the Eastern District of Illinois as holding some persuasive authority, the subject matter discussed therein has no bearing on the matters now before the Court. For example, the misrepresentations and other conduct alleged by Twins Thailand as forming the basis for its trademark cancellation claims were not before the court in the Eastern District of Illinois action. Neither were the breach of contract claims alleged by Twins US against Twins Thailand in this matter. For these reasons, the cited order

---

[3] The cited order, and the other documents attached to the Declaration of Stephen B. Morris offered in opposition to the motion should be disregarded and given no consideration by the Court in connection with Twins Thailand's motion. The documents lack foundation, are irrelevant and constitute inadmissible hearsay.

has no bearing on this case and should not be relied upon to deny Twins Thailand's motion.

Because Twins US offered nothing in opposition to the motion other than the inadmissible and irrelevant order of the Eastern District of Illinois, Twins US has failed to meaningfully oppose the motion or offer any evidence in opposition to the relief sought therein.

"With the exception of motions on the pleadings, motions in federal court are generally decided on the basis of declarations or affidavits or other written evidence, including properly authenticated exhibits…The court does not consider any arguments based on factual assertions that are unsupported by evidence." *Daniel F. v. BlueShield of California*, 305 F.R.D. 115, 122-23 (N.D. Cal. 2014). Here, in the absence of the inadmissible court orders, Twins US has offered no evidence to support its bare factual assertions that dismissal would be "inappropriate" in this case. To the contrary, Twins US has had ample opportunity to litigate this case "in a fair and timely manner" and has utterly failed to do so. Dismissal and cancellation are therefore appropriate and Twins Thailand's motion should be granted for Twins US' failure to prosecute and failure to even actually oppose the motion.

## V.   CONCLUSION

Twins US offers no meaningful opposition to Twins Thailand's motion aside from references to financial hardship and unstated "legitimate reasons" for its repeated delays in prosecuting this case and a lengthy cherry-picked quotation from an inadmissible and irrelevant court order from a separate case involving distinct parties. Twins US has not discussed or rebutted any of the authority cited by Twins Thailand in its motion or in fact cited any applicable authority in its opposition to

///

///

///

address the relief requested in the motion. For these and the foregoing reasons, Twins Thailand respectfully requests the Court grant its motion in full.

Dated: July 3, 2024

BUCHALTER
A Professional Corporation

By: */s/ Emily S. Chaidez*
SANJAY BHANDARI
MATTHEW L. SEROR
NEUSHA ETEMAD
EMILY S. CHAIDEZ
Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.