Stephen B. Morris (SBN 126192)
**The Law Offices of Stephen B. Morris**
147 Elm Avenue
Imperial Beach, California 91932
Tel: (619) 985-4462
smorris@stephenbmorrislaw.com

Attorney for Defendants and cross-claimant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., a private limited company organized under the laws of Thailand, | Case No. 3:23-cv-00223-JO-DDL |
| | Related Case No.: 21-cv-221-JO-DDL |
| Plaintiff, | |
| vs. | CROSS-CLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO OSC AS TO WHY MONETARY SANCTIONS SHOULD NOT ISSUE |
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, an individual, CHRISTOPHER MECHLING, an individual, TWINS SPECIAL, an unincorporated general partnership, and DOES 1-10, inclusive, | |
| | Date: August 7, 2024 |
| Defendants. | Time: 9:30 a.m |
| | Judge:  Hon: Jinsook Ohta |
| | Ctrm: 4C |

Twins Special, LLC "(Twins US-LLC) responds to the Court's OSC.  (Dkt. No. 214). Defendant, cross-claimant, Twins Special, LLC (Twins US-LLC), respectfully requests that the court not award monetary sanctions in connection with plaintiff's motion to enter default or dismissal of claims (Dkt. 194).

1

## I.     <u>PLAINTIFF DID NOT PREVAIL ON ITS MOTION</u>

Plaintiff Twins Special, Co., Ltd (Twins Thailand) brought a motion for default and dismissal, based upon cross complainant's several replacements of counsel and the attendant delay caused thereby.  Neither form of relief was ordered by the court.  Nevertheless, the court set an OSC as to why monetary sanctions should not issue.

Fundamentally, having not obtained the relief sought, which was a "long shot" from the outset, the court should not entertain alternative sanctions not noticed or requested. Plaintiff did not seek monetary sanctions, nor any other non-monetary sanction, other than default or dismissal. The long-standing policy of this court to have matters decided based upon the merits made plaintiff's motion unlikely to succeed, and yet plaintiff pressed its motion anyway.  Plaintiff's motion was questionable from the start.

The primary basis for relief sought by plaintiff was Twins US-LLC's "failure to prosecute" its claims, relying upon the five-factor test set forth in *In re Eisen*, 31 F.3d 1447 (9th Cir. 1994), a bankruptcy case.  The *Eisen* factors to be considered are: (1) The public interest in expeditious resolution; (2) The effect upon the court's docket; (3) Potential prejudice to the opposing party; (4) The

---

public policy favoring disposition on the merits; and (5) The availability of less drastic sanctions.

In *Eisen*, the court granted dismissal primarily because of a *four-year* delay in prosecution. The court found such a delay in the context of the bankruptcy proceeding to be "inherently unreasonable." (Id at 1452.) This case has been pending for a little over two years and has nowhere near the delays encountered in *Eisen*.

Too, because, here, there is related litigation in multiple forums, discovery, both formal and informal, has been ongoing in the United States and across the world. (Mechling Decl. para.7). While plaintiff argued, for example, that Twins US-LLC has "not taken a single deposition in this case" (Notice of Motion at page 2, line 16) it failed to mention the ongoing and highly successful defense by Twins US-LLC of its Marks across the United States and the world. Multiple injunctions have been obtained by Twins US-LLC and multiple Consent Judgments have likewise been entered in favor of Twins US-LLC. (Mechling Decl., para 7).

Twins US-LLC has not been idle throughout the past two years. (Id). Indeed, Twins US-LLC has been highly diligent, and highly successful, in protecting its Marks. (Id). Yes, there have been some delays in this forum, but

3

they have not come close to the delays present in *Eisen*, and Twins US-LLC has responded to every motion filed by plaintiff and has obtained new counsel under difficult circumstances.

Twins US-LLC asks the court to recognize that the very nature of its claims against Twins Thailand is that its revenue has been severely impacted by the unlawful circumvention by Twins Thailand of its registered trademarks in the United States and across the world, causing hundreds of thousands of dollars in lost revenue.  The financial difficulties through which Twins US-LLC has had to navigate have been caused by the unlawful distribution and sale by plaintiff of unauthorized product.  (Mechling Decl. paras, 8, 11).

The hundreds of thousands of dollars realized in unlawful revenue by plaintiff has allowed it to fuel this litigation and has placed Twins US-LLC at a financial disadvantage.  While admittedly a clever tactic, the court should not further the damage to Twins US-LLC by awarding any monetary sanction.

Moreover, while it is the clear policy of this court to have matters decided based upon the merits, plaintiff allocated pages 11-14 of its moving brief to argue the merits to circumvent trial on the merits.  In *Eisen*, which was the primary basis for plaintiff's motion, the court, citing *Anderson v Air West*, 542 F.2d 522, 526 (9th Cir. 1976) quoted from *Anderson*:

4

[w]hile the strength or weakness of the plaintiff's case may be a factor in determining the harshness of dismissal in a particular case, the court should not closely scrutinize the merits of an action when reviewing an order on dismissal.

Thus, plaintiff not only brought a motion seeking relief it was unlikely to obtain, but it also argued at length that the merits favored dismissal, without acknowledging the cautionary language of *Anderson*, which it also cited but ignored.

Having not obtained the only relief sought, the court should not consider plaintiff to have prevailed on its tenuous motion.

## II.    TWINS US-LLC HAD NO NOTICE THAT MONETARY SANCTIONS WERE BEING SOUGHT

It is axiomatic that a party must receive fair notice of relief being sought against it.  (F.R.C.P., Rule 7).

(b) Motions and Other Papers.

(1) In General. A request for a court order must be made by motion. The motion must:

(A) be in writing unless made during a hearing or trial;

(B) state with particularity the grounds for seeking the order; and

(C) *state the relief sought*. (italics added).

No notice of monetary sanctions, nor any other sanction, other than default or dismissal, was referenced in plaintiff's Notice of Motion and Motion, nor in

5

plaintiff's Memorandum of Points and Authorities.  Plaintiff went for the jugular only, and it failed.  This court should not consider a monetary sanction, nor any other sanction.

### III.    A MONETARY SANCTION WOULD BE UNDULY HARSH GIVEN THAT PLAINTIFF HAS CAUSED TWINS US-LLC'S NEGATIVE FINANCIAL CONDITION

As referenced above, plaintiff's unlawful sale and distribution of products in the United States and across the world has negatively impacted Twins US-LLC's bottom line.  (Mechling Decl. para. 11).

It cannot seriously be contended by plaintiff that it has lawfully marketed and sold Twins products in the United States since assigning to Twins US-LLC all rights to do so.  Indeed, there have been seizures of millions of dollars of unlawfully imported products from Thailand by law enforcement on behalf of Twins US-LLC.  (Mechling Decl., para 7).  Let there be no doubt.  Twins Thailand has been engaged in a concerted and global effort to sell unauthorized product in violation of the contracts entered into by it and Twins US-LLC, as reflected by the registered trademarks lawfully obtained by Twins US-LLC in the United States and elsewhere.

Plaintiff has sought to capitalize upon its success in engaging in this unlawful activity.  This court should not further reward that effort.

## IV.   ALTERNATIVE SANCTIONS ARE AVAILABLE TO THE COURT

Even if the court were inclined to consider sanctioning Twins US-LLC, notwithstanding a lack of adequate notice provided by plaintiff, lesser sanctions are available to the court.

At the hearing on plaintiff's motion, the court warned Twins US-LLC's counsel that if, in the future, there is even one day that Twins US-LLC is not represented by counsel, it will enter default on the counterclaims asserted.  This, alone, is sufficient to send the message to twins US-LLC that the court will not tolerate any further delays by reason of nonpayment of fees to counsel and resulting motions to withdraw.

The court's message was received loud and clear, and it is greatly respected by Twins US-LLC.

While the court's comment was not made a formal part of its order, at the time of hearing, the court may make an official warning to Twins US-LLC, which would be an appropriate and measured sanction under the circumstances.

//

//

//

//

7

## V.   CONCLUSION

For all the reasons set forth herein, Twins US-LLC requests the court not to award a monetary sanction in connection with plaintiff's failed motion.

Date: 7/22/24                **The Law Offices of Stephen B. Morris**

s/ Stephen B. Morris

_____
Stephen B. Morris, Attorneys for Twins Special, LLC,
Christopher Mechling, Nicholas Mechling

8