Stephen B. Morris (SBN 126192)
**The Law Offices of Stephen B. Morris**
147 Elm Avenue
Imperial Beach, California 91932
Tel: (619) 985-4462
smorris@stephenbmorrislaw.com

Attorney for Defendants and cross-claimant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., a private limited company organized under the laws of Thailand,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>TWINS SPECIAL, LLC, NICHOLAS MECHLING, an individual, CHRISTOPHER MECHLING, an individual, TWINS SPECIAL, an unincorporated general partnership, and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-00223-JO-DDL<br><br>Related Case No.: 21-cv-221-JO-DDL<br><br>CROSS-CLAIMANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO IMPROPER "RESPONSE" FILED BY TWINS SPECIAL CO., LTD. RE OSC<br><br>Date:　August 7, 2024<br>Time:　9:30 a.m.<br>Ctrm:　4C<br>Judge: Hon. Jinsook Ohta |

　　　Twins Special, LLC "(Twins US-LLC) responds to the improper and unauthorized brief filed by Twins Special Co., Ltd., in response to Twins US-LLC's response to the OSC as to why monetary sanctions should not issue. Court's OSC.  (Dkt. No. 214).

1

_____
CROSS-CLAIMANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO IMPROPER "RESPONSE" FILED BY TWINS SPECIAL CO., LTD. RE OSC

## I. THE COURT DID NOT AUTHORIZE PLAINTIFF TO FILE A "RESPONSE BRIEF"

After preliminarily denying the relief sought by plaintiff in connection with its motion to deny defendant Twins US-LLC the opportunity to have its case heard on the merits, the court set an OSC as to why monetary sanctions should not issue. Twins US-LLC timely filed a response to that OSC. In connection with that order, the court authorized plaintiff to submit billing records and support for the hourly rates claimed in connection with bringing the underlying motion which was denied. Instead, plaintiff has filed a "response" which amounts to an opposition brief.

The court did not authorize or invite the filing of such a "response" brief and should not consider it.

## II. PLAINTIFF MISCHARICTERIZES TWINS-US LLC'S RESPONSE TO THE OSC

Plaintiff suggests to this court that Twins US-LLC has previously argued it was "too busy" with other litigation to actively participate in this case. (PS&AS at p. 2, lines 17-18). This is patently false. The point has never been that Twins US-LLC was "too busy," but rather that in terms of gathering information necessary to the prosecution of this case, other sources have been available in other forums, which has sufficed. The argument is disingenuous and false.

2

Likewise, even though counsel for plaintiff understands Twins US-LLC has filed a Motion for Summary Judgment as to all claims, on both the complaint and the counter-complaint, the argument is still pressed by plaintiff that Twins US-LLC has not actively participated in these proceedings.  To be sure, delays have occurred in the past due to prior counsel withdrawing, but Twins US-LLC has now obtained experienced counsel who has responded to every pending motion, attended every hearing and every ordered deposition, and, indeed, filed a motion for summary judgment.  The case is back on track.

### III.  MONETARY SANCTIONS WILL JEOPARDIZE TWINS-US LLC'S ABILITY TO RETAIN COUNSEL

Next, plaintiff argues that because Twins US-LLC has retained new counsel, a sole practitioner, they surely could have paid their prior law firms. (PS&AS at p. 3, lines 3-5). This is simply inaccurate.  Quite obviously, one lawyer tends to charge less than several lawyers combined.  Moreover, whatever attorney-client issues arose in the past between Twins US-LLC and its prior counsel have nothing to do with the efforts made by Twins US-LLC and the Mechlings to move this matter forward.

While Twins US-LLC accepts responsibility for the delays which have occurred, the case is, nevertheless, back on track.  The case will, however, go off track again if the court awards monetary sanctions against Twins US-LLC arising

3

from a motion which was unlikely to be granted, because of the strong judicial policy of resolving matters on the merits, and which did not include in the Notice of Motion a request for monetary sanctions.

Plaintiff seeks over $20,000 in sanctions for bringing and losing a motion for entry of default or dismissal. The imposition of a surprise, and un-noticed monetary sanction will likely cause Twins US-LLC to become unrepresented once again. The company is operating month to month to pay existing legal bills. (Christopher Mechling Decl. para. 6). Twins US-LLC respectfully suggests that a monetary sanction is not appropriate under these exigent circumstances.

### IV. PLAINTIFF IMPROPERLY INJECTS ISSUES PENDING BEFORE JUDGE LESHNER INTO THE OSC

Unfortunately, counsel for plaintiff has injected into this OSC, matters now pending before Judge Leshner. This is highly inappropriate. It is inappropriate because this court does not have a complete record as to the limited pending discovery disputes being supervised by Judge Leshner, and Twins US-LLC's complete compliance with the recent orders made by him.

Counsel seeks to improperly "color" this court's thinking by improperly referencing matters set forth either inaccurately, or incompletely, by counsel. (Decl. Stephen B. Morris). For example, on page 3 of plaintiff's unauthorized brief, (lines 20-27) plaintiff's counsel describes some but not all communications

4

between counsel, which were ongoing and necessarily fluid as schedules were being coordinated.  What is not disclosed by plaintiff's counsel is that (1) the expert depositions of the Mechling brothers as non-retained experts occurred on time, per Judge Leshner's order (both depositions were taken on July 26, 2024); (2) Nicholas Mechling flew from Thailand to San Diego to be personally present for his "discovery deposition" and for a second deposition as the designated 30(b)(6) representative, which both occurred on August 1, 2024, again in full compliance with Judge Leshner's order.  These depositions ran from 10:00 a.m. until after 6 p.m. And, finally, Christopher Mechling, who had nothing to do with the additional discovery search ordered by Judge Leshner, is nevertheless making himself available for deposition on Monday August 5, 2024, to answer any additional pertinent questions.

      Counsel suggests to the court that the supplemental discovery ordered by Judge Leshner, which was provided, again on time, by Twins US-LLC was deficient.  (PS&AS p. 4, lines 2-5).  Because plaintiff's brief was filed the day before the "discovery deposition" of Nicholas Mechling, in which Mr. Mechling explained, in excruciating detail, every email and domain which was searched, what key words were used for each search, what devices were searched, and what efforts were made by him to pull documents from third party sub-licensees, *ad*

5

CROSS-CLAIMANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO IMPROPER "RESPONSE" FILED BY TWINS SPECIAL CO., LTD. RE OSC

*nauseam*, over three hours, counsel omits the actual facts. The *actual facts*, not counsel's speculation or argument, improperly adopted and put before this court, before deposing the pertinent witness, are what count, and they reflect total compliance.

V.  **BILLING RATES AND HOURS BILLED**

Twins US-LLC takes no issue with the billing rates proffered by plaintiff's counsel, nor with the time spent bringing a motion which plaintiff lost. If the court is inclined to award a monetary sanction, based on a motion which was lost, and where the Notice of Motion failed to identify a request for monetary sanctions, knowing that it will likely mean Twins US-LLC will not be able to sustain adequate representation, then candidly it makes no difference what billing rate is used, or how many hours are attributed to Twins Thailand's failed motion.

VI.  **CONCLUSION**

For all the reasons set forth herein, Twins US-LLC requests the court not to award a monetary sanction in connection with plaintiff's failed motion.

Date: 8/5/24     **The Law Offices of Stephen B. Morris**

         s/ Stephen B. Morris

         _____
         Stephen B. Morris, Attorneys for Twins Special, LLC,
         Christopher Mechling, Nicholas Mechling

CROSS-CLAIMANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO IMPROPER "RESPONSE" FILED BY TWINS SPECIAL CO., LTD. RE OSC