BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W Broadway Suite 1600
San Diego, CA 92101
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email: sbhandari@buchalter.com
Email: echaidez@buchalter.com
Email: netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TWINS SPECIAL, LLC, et al., <br><br> Defendants. | Case No. 3:23-cv-00223-JO-DDL <br> [Consolidated with Case No. 3:21-cv-00221-JO-DDL] <br><br> **JOINT STATUS REPORT AND MOTION FOR FORENSIC EXAMINATION PROTOCOL** |
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING, <br><br> Counter-Claimants, <br><br> vs. <br><br> TWINS SPECIAL CO., LTD. <br><br> Counter-Defendants. | Presiding Judge: Hon. Jinsook Ohta <br> Magistrate Judge: David D. Leshner |
| AND CONSOLIDATED ACTIONS | |

The Court having ordered the parties to 1) "meet and confer regarding the protocol for a forensic examination of Defendants electronic devices and cloud-based accounts," and 2) by August 30 "file a status report that includes a proposed inspection protocol and timeline" [ECF 231], Plaintiff Twins Special Co., Ltd. ("Twins Thailand") and Defendants Twins Special, LLC, Nicholas Mechling, and Christopher Mechling ("Defendants") hereby jointly report as follows.

## JOINT STATUS REPORT

The parties agree that the Court's order contemplates a Forensic Examiner be retained for the purposes of imaging and searching Defendants' documents pursuant to an agreed Protocol. Plaintiff now moves for adoption of this Protocol. Defendants do not move for any Forensic Examination, but they conferred in good faith and obtained significant changes in Plaintiff's proposed Protocol, resulting in the stipulated Protocol below.

## PROTOCOL

**I.   Forensic Examiner Review and Authorization**

   a. The forensic examination shall be conducted by an independent forensic examiner (the "Examiner") as authorized by the Court. The purpose of the Examiner's work is to search for and locate documents (if any) relevant to this proceeding that have not been previously produced.

   b. Twins Thailand shall select and pay the Examiner, reserving the right to seek an order shifting costs to Defendants.[1]

   c. The Examiner shall promptly sign an acknowledgment of the protective order. [Dkt. 99.]

   d. The Examiner shall act consistent with professional norms and apply professional judgment throughout as he carries out his work, including

---

[1] Twins Thailand proposed two forensic experts to Defendants. Defendants do not take a position on which expert should be appointed.

proposing changes to timing or procedures if called for in the Examiner's judgment.

e. All parties must cooperate promptly and fully with the Examiner,[2] including by promptly meeting the Examiner (or his agents) for device turnover at locations reasonably close to the devices' locations, and promptly supplying information, passwords, and credentials required to access and decrypt data. Willful obstruction of this Protocol, including hiding or destruction of data, may be punishable by sanctions and as contempt of court.

## II. Examination Process

a. Within one business day of the entry of this Order, the Examiner will send Defendants a Disclosure form. The form will require Defendants to 1) identify all relevant devices and accounts in their possession, custody or control ("Sources") and their physical locations;[3] and 2) provide passwords and other necessary information to access data. The Defendants and the Examiner will arrange turnover locations reasonably close to the devices and provide at least two proposed times for device turnover over the next two business days. It is contemplated that the turnover will occur in Bangkok, Thailand. The Examiner will image and return Source devices as soon as practical, but in no event longer than

---

[2] All references to the Examiner include staff and subcontractors (e.g., in Thailand).
[3] The Disclosure will cover all devices (including computers, tablets, phones, and external storage media) and cloud-based accounts (including Gmail, Google Drive, and similar communication or storage platforms) in the possession, custody, or control of Defendants which may contain relevant documents, including at least (but not limited to) the accounts and devices identified on Exhibit A. The Disclosure will also request information about any devices no longer in Defendants' possession, custody or control but which were used for relevant documents since December 1, 2017 (just before the December 2017 agreement Defendants allege partially resolved disputes with Plaintiff).

**JOINT STATUS REPORT AND MOTION RE FORENSIC EXAM**   3:23-CV-00223-JO-DDL

BN 84255601v2

three business days following receipt of the Sources.

b. The Examiner will then conduct the analysis authorized by the Court following professional norms and his professional judgment, potentially including the following.

    i. First, the Examiner would make a record of what it obtains from Defendants, including taking steps to recover and maintain data (including metadata) obtained, and to determine whether any Sources appear to have been the subject of any attempt to remove or hide data.

    ii. Second, the Examiner will search the Sources and segregate financial data (e.g., profit and loss statements, Excel files, Quickbooks files, tax returns).

    iii. Third, the Examiner shall conduct a search of the Sources for documents.  The Examiner shall use the search terms attached hereto as Exhibit B.  Before doing this, the Examiner will attempt to remove any privileged materials removing any communications with any of Defendants' current or prior counsel of record in this action (including others at those firms) or other attorneys representing Defendants. In the event the Examiner locates additional potential avenues of inquiry, the Examiner shall present his finding to the parties.  The parties will then meet and confer in an attempt to determine if a modification of the protocol is needed, and if so, what modifications are needed.  If the parties are unable to reach an agreement as to any modification of the protocol, the parties shall promptly raise the issue with the Court.

iv. Fourth, the Examiner will attempt to "de-dupe" any hits against Defendants' prior production, to the extent the production's format allows automated de-duping.

v. Fifth, the Examiner will provide the resulting set of potentially relevant but Unproduced Materials to Defendants' counsel for responsiveness and privilege review. (This review must be done by Defendants' counsel or ESI professionals working under counsel's direction, not by Defendants themselves.) The Examiner will also provide an initial draft report to both sides disclosing the work done to date, including summary information about the potentially Unproduced Materials (e.g., volume of documents, breakdown by creation dates, breakdown by search terms).

vi. Sixth, Defendant's counsel will produce to Plaintiff any responsive documents not previously produced within five business days of counsel's receipt of the Unproduced Materials from the Examiner.

vii. Seventh, the parties will provide the Examiner any questions or proposed edits for the Examiner to address in its final Report.

viii. Finally, no later than five business days after getting the Examiner's Final Report, the parties will file a Joint Status Report together with the Examiner's Report.

| | | |
|---|---|---|
| 1 | Dated: August 30, 2024 | BUCHALTER |
| 2 | | A Professional Corporation |
| 3 | | |
| 4 | | By: */s/ Sanjay Bhandari*_____ |
| 5 | | SANJAY BHANDARI<br>MATTHEW L. SEROR |
| 6 | | EMILY S. CHAIDEZ<br>NEUSHA ETEMAD |
| 7 | | Attorneys for Plaintiff<br>TWINS SPECIAL CO., LTD. |
| 8 | | |
| 9 | Dated: August 30, 2024 | THE LAW OFFICES OF STEPHEN B. MORRIS |

<br>

By: */s/ Stephen B. Morris*_____
STEPHEN B. MORRIS
Attorney for Defendants TWINS SPECIAL, LLC, NICHOLAS MECHLING and CHRISTOPHER MECHLING

## SIGNATURE CERTIFICATION

I hereby certify that the content of the document is acceptable to all persons required to sign the document; for any e-signatures above, I obtained counsel's authorization to affix their electronic signature to this document.

By */s/ Sanjay Bhandari*_____
SANJAY BHANDARI
MATTHEW L. SEROR
EMILY S. CHAIDEZ
NEUSHA ETEMAD
Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.