UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., a private limited company organized under the laws of Thailand,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TWINS SPECIAL, LLC, NICHOLAS MECHLING, an individual, CHRISTOPHER MECHLING, an individual, TWINS SPECIAL, an unincorporated general partnership, and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 23-cv-223-JO-DDL<br>Related Case No.: 21-cv-221-JO-DDL<br><br>**ORDER ON STIPULATION FOR FORENSIC EXAMINATION**<br><br>**[Dkt. No. 234]** |

Plaintiff Twins Special Co. Ltd. ("Twins Thailand") seeks to conduct a forensic examination of electronic devices and cloud-based accounts utilized by defendants. Defendants do not object to the forensic examination, and the parties have jointly proposed a protocol for the examination. Dkt. No. 234. On September 3, 2024, the Court held a status conference with the parties to review the stipulated protocol.

/ / /

/ / /

Having considered the parties' stipulated protocol, the Court ORDERS as follows:

I. **Forensic Examiner Review and Authorization**

    a. The forensic examination shall be conducted by an independent forensic examiner (the "Examiner") as authorized by the Court. The purpose of the Examiner's work is to search for and locate documents (if any) relevant to this proceeding that have not been previously produced.

    b. Twins Thailand shall select and pay the Examiner, reserving the right to seek an order shifting costs to Defendants.

    c. The Examiner shall promptly sign an acknowledgment of the Protective Order [Dkt. No. 99].

    d. The Examiner shall act consistent with professional norms and apply professional judgment throughout as he carries out his work, including proposing changes to timing or procedures if called for in the Examiner's judgment.

    e. All parties must cooperate promptly and fully with the Examiner,[1] including by promptly meeting the Examiner (or his agents) for device turnover at locations reasonably close to the devices' locations, and promptly supplying information, passwords, and credentials required to access and decrypt data. Any party may move for appropriate sanctions for the willful obstruction of this Protocol, including hiding or destruction of data, in accordance with the undersigned's chambers rules.

II. **Examination Process**

    a. Within one business day of the entry of this Order, the Examiner will send Defendants a Disclosure form. The form will require Defendants to 1) identify all relevant devices and accounts in their possession, custody or control

---

[1] All references to the Examiner include staff and subcontractors (*e.g.*, in Thailand).

    ("Sources") and their physical locations;[2] and 2) provide passwords and other necessary information to access data. Defendants and the Examiner will arrange turnover locations reasonably close to the devices and provide at least two proposed times for device turnover over the next two business days. It is contemplated that the turnover will occur in Bangkok, Thailand. The Examiner will image and return Source devices as soon as practical, but in no event longer than three business days following receipt of the Sources.

  b.  The Examiner will then conduct the analysis authorized by the Court following professional norms and his professional judgment, potentially including the following.

      i.  First, the Examiner will make a record of what it obtains from Defendants, including taking steps to recover and maintain data (including metadata) obtained, and to determine whether any Sources appear to have been the subject of any attempt to remove or hide data.

      ii.  Second, the Examiner will search the Sources and segregate financial data (e.g., profit and loss statements, Excel files, Quickbooks files, tax returns).

      iii.  Third, the Examiner shall conduct a search of the Sources for documents. The Examiner shall use the search terms attached hereto as Exhibit B. Before doing this, the Examiner will attempt to remove any privileged materials removing any communications with any of

---

[2] The Disclosure will cover all devices (including computers, tablets, phones, and external storage media) and cloud-based accounts (including Gmail, Google Drive, and similar communication or storage platforms) in the possession, custody, or control of Defendants which may contain relevant documents, including at least (but not limited to) the accounts and devices identified on Exhibit A. The Disclosure will also request information about any devices no longer in Defendants' possession, custody or control but which were used for relevant documents since December 1, 2017 (just before the December 2017 agreement Defendants allege partially resolved disputes with Plaintiff).

        Defendants' current or prior counsel of record in this action (including others at those firms) or other attorneys representing Defendants. In the event the Examiner locates additional potential avenues of inquiry, the Examiner shall present his finding to the parties. The parties will then meet and confer in an attempt to determine if a modification of the protocol is needed, and if so, what modifications are needed. If the parties are unable to reach an agreement as to any modification of the protocol, the parties shall promptly raise the issue with the Court.

    iv.    Fourth, the Examiner will attempt to "de-dupe" any hits against Defendants' prior production, to the extent the production's format allows automated de-duping.

    v.    Fifth, the Examiner will provide the resulting set of potentially relevant but Unproduced Materials to Defendants' counsel for responsiveness and privilege review. (This review must be done by Defendants' counsel or ESI professionals working under counsel's direction, not by Defendants themselves.) The Examiner will also provide an initial draft report to both sides disclosing the work done to date, including summary information about the potentially Unproduced Materials (*e.g.*, volume of documents, breakdown by creation dates, breakdown by search terms).

    vi.    Sixth, Defendant's counsel will produce to Plaintiff any responsive documents not previously produced within five business days of counsel's receipt of the Unproduced Materials from the Examiner.

    vii.    Seventh, the parties will provide the Examiner any questions or proposed edits for the Examiner to address in its final Report.

    viii.    No later than five business days after receiving the Examiner's Final Report, the parties will file a Joint Status Report together with the Examiner's Report.

### III. Joint Status Report

By not later than September 28, 2024, the parties shall file a joint status report addressing:

    a.    The current status of the forensic examination;

    b.    The expected completion date for the entire Protocol; and

    c.    The parties' recommendations regarding modification of the pretrial schedule.

**IT IS SO ORDERED.**

Dated: September 4, 2024

                                  Hon. David D. Leshner
                                  United States Magistrate Judge

# EXHIBIT A

## Email Accounts & Domains to Investigate

| Email Addresses |
| --- |
| admin@isdc-sandiego.com |
| Joseph.mechling@yahoo.com |
| Licensing@twinss.com |
| mechling@gmail.com |
| mechling@isdc-sandiego.com |
| n.mechling@isdc-sandiego.com |
| nc@mechtechiwt.com |
| nc@twinsfightgear.com |
| nc@twinsspecial.com |
| nicholas.mechling@aim.com |
| nick.mechling@kickboxingsandiego.com |
| nickmechling@gmail.com |
| nickmechling@isdc-sandiego.com |
| sales@isdc-sandiego.com |
| sales@twinsfightgear.com |
| support@isdc-sandiego.com |
|  |
| **Domain names** |
| isdc-sandiego.com |
| kickboxingsandiego.com |
| mechtechiwt.com |
| twinsfightgear.com |

| twinss.com |
| twinsspecial.com |

### Devices to Investigate

- ...ast one active mobile telephone for Nicholas Mechling (ti... o +1-858-735-███), and one for Christopher Mechling (tied to +1-858-735-███); and any ...ional or prior mobile devices used by either.

- At least one external storage device used by Christopher Mechling to archive and then allegedly restore data after an alleged data loss on his computer in approximately 2021 or 2022.

- The computers currently used by N. Mechling and C. Mechling (possibly a "Mac Mini"), and any prior computers (including the prior computer that suffered a data loss).

- Other tablets and devices on which relevant documents (including communications) may be.

# EXHIBIT B
## Search Terms

1. Twins!
2. King!
3. Avalanche!
4. trademark
5. confusion!
6. invoice!
7. order!
8. revenue!
9. Suppl* w/3 Agreement
10. Suppl* w/3 Contract
11. Distribut* w/3 Agreement
12. Plumtree!
13. Fighting /3 spirit!
14. Licens!
15. P/L!
16. Profit! /s loss!
17. Financial!
18. Balance /s sheet!
19. Scott! /s peck!
20. Copyright!
21. Wise!
22. kohtwins@hotmail.com
23. twins@hotmail.com.co.th
24. simon.j.pouliot@gmail.com
25. Witkin!
26. @privatebankergroup.com!

1. Michael! /s miller!
2. Chris! /s Cocores!
3. admin@isdc-sandiego.com
4. joseph.mechling@yahoo.com
5. licensing@twinss.com
6. mechling@gmail.com
7. mechling@isdc-sandiego.com
8. nc@mechtechiwt.com
9. nc@twinsfightgear.com
10. nc@twinsspecial.com
11. Nicholas.mechling@aim.com
12. Nick.mechling@kickboxingsandiego.com
13. nickmechling@gmail.com
14. nickmechling@isdc-sandiego.com
15. sales@isdc-sandiego.com
16. sales@twinsfightgear.com
17. support@isdc-sandiego.com
18. isdc-sandiego.com
19. kickboxingsandiego.com
20. mechtechiwt.com
21. twinsfightgear.com
22. twins.com
23. TJC!
24. Malham!
25. [redacted]
26. [redacted]
27. [redacted]
28. [redacted]

██

████

████ [3]

---

[3] The entries that have been redacted were provided pursuant the Court's Protective Order and designated as CONFIDENTIAL ATTORNEY'S EYES ONLY. As a result, they are being redacted from the public filing. An unredacted list of the search terms has been provided to, and approved by, all parties.