BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W Broadway Suite 1600
San Diego, CA 92101
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email: sbhandari@buchalter.com
Email: echaidez@buchalter.com
Email: netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br><br>Plaintiff, <br><br>vs. <br><br>TWINS SPECIAL, LLC, et al., <br><br>Defendants. | Case No. 3:23-cv-00223-JO-DDL <br>[Consolidated with Case No. 3:21-cv-00221-JO-DDL] <br><br>**MOTION TO DISMISS AND FOR ENTRY OF DEFAULT** <br><br>Hrg Date: Sept. 10, 2024, 9:30 a.m. <br>Ctrm: 4 (Hon. Jinsook Ohta) <br><br>District Judge: Jinsook Ohta <br>Magistrate Judge: David D. Leshner |
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING, <br><br>Counter-Claimants, <br><br>vs. <br><br>TWINS SPECIAL CO., LTD. <br><br>Counter-Defendants. | |
| AND CONSOLIDATED ACTIONS | |

Based on the inability of Defendant Twins Special LLC ("Twins LLC") to continue in litigation, Plaintiff Twins Special Co., Ltd. ("Twins Thailand") hereby renews and supplements its prior motion to dismiss [Dkt. 194], as follows.

## Factual Background

Less than one month ago, the delays and prejudice caused by Twins LLC's failure to get its affairs in order (*see generally* Dkt. 194 at 1-5) caused this Court to monetarily sanction it. [Dkt. 227] At the August 7, 2024 sanctions hearing, the Court required prompt reporting if Defendants' lack of diligence again threatened the orderly progress of this case. That has now happened.

On August 29, 2024, the California Franchise Tax Board (FTB) revoked [*see* Dkt. 237-1[1]] its March 2020 "Limited Purpose Revivor" [*see* Dkt. 56-8 at 8], which had allowed Twins LLC to pursue bankruptcy and this case. The revocation reactivated Twins LLC's suspension. The parties promptly filed a joint motion acknowledging that this "suspends Twins LLC's ability to participate in this case" and "urgently" seeking the Court's guidance on several issues including pretrial scheduling. [Dkt. 237 at 2] On September 4, this Court granted the motion, setting a briefing schedule and a hearing date of September 18. [Dkt. 238]

Also on September 4, based on continued hearings on Twins Thailand's motion for sanctions for Defendants' alleged discovery misconduct [*see* Dkt. 228-1 (summarizing allegations)], Magistrate Judge Leshner ordered a forensic examination of Defendants' devices and email accounts. [Dkt. 239] Given this

///

---

[1] The FTB filed its revocation in Twins LLC's Chapter 11 proceeding before the U.S. Bankruptcy Court for the Southern District of California. As the parties' joint motion stipulated, see Dkt. 237 at 2 n.1, this Court can take judicial notice of the FTB's filing. Fed. R. Evid. 201(d); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direction relation to matters in issue"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records").

development, Judge Leshner anticipates that the current pretrial schedule cannot hold, and has asked the parties to recommend a new one. [Dkt. 239 at 5]

In sum, this Court's docket and clarification of the parties' rights in this worldwide dispute are yet again substantially injured due to foreseeable issues arising from Defendants' failure to conduct their affairs responsibly—in litigation and in business. Twins Thailand respectfully submits that the Court has seen enough. The current crisis was preceded by several others, and inevitably would be followed by others as Defendants lurch from one sanctions hearing to the next, from one lawyer to the next, in and out of insolvency. Enough is enough. It is time to enter dismissal and default against Twins LLC.

## Effect of FTB Suspension

As stipulated in the Joint Motion to Shorten Time, suspended entities such as Twins LLC cannot participate in litigation. [Dkt. 237 at 2.] Twins LLC can neither prosecute nor defend claims. Fed. R. Civ. P. 17(b)(2) (entity's capacity to sue or be sued is determined "by the law under which it was organized"); Cal. Rev. & Tax Code ("CRTC") § 23301 (suspension bars entities from exercising any corporate "powers, rights and privileges"); *Palm Valley Homeowners Ass'n, Inc. v. Design MTC*, 85 Cal. App. 4th 553, 556 (2000) ("The rule is clear that a corporation suspended for nonpayment of taxes may not defend itself in litigation."); *Grell v. Laci Le Beau Corp.,* 73 Cal. App. 4th 1300, 1306 (1999) (suspended California entity "may not prosecute or defend an action," including filing motion in court); *Smith v. Vanowen Canoga Apartments, LLC*, No. 14-cv-07828, 2015 WL 401360, at *1 (C D. Cal. Jan. 28, 2015) (applying CRTC § 23301 to strike the answer of California limited liability company).[2]

---

[2] This applies to Twins LLC not just in California state and federal courts but wherever capacity to act is governed by the law of the entity's formation. *See, e.g., Kirby v. Coastal Sales Ass'n, Inc.*, 82 F. Supp. 2d 193, 197 (S.D.N.Y. 2000) (New York contract was voidable under CRTC § 23301 due to "limitations on corporate capacity imposed by California law on a California corporation"); *Urgent Care Nurses Registry, Inc. v. Comm'r of Internal Revenue*, 112 T.C.M. 480 (T.C. 2016)

## Effect of Assignment of Rights

On September 4, Defendants emailed Plaintiff Twins Thailand a purported August 19, 2024 assignment of rights (*see* Ex. A) from Twins LLC to Nicholas Mechling, which Defendants apparently plan to argue cures all woes. It does not.

Even if the assignment were valid and not backdated (as it certainly appears to be, given the parties' September 3 stipulation of disability), it would not cure the disability in issue. An assignee of a suspended entity takes subject to its disabilities. *Cal-Western Business Services, Inc. v. Corning Capital Group*, 221 Cal. App. 4th 304 (2013). Beyond "the general rule that the assignee stands in the shoes of the assignor," *id.* at 310-11, courts read CRTC § 23301 as barring such attempts to evade the statutory incentive for delinquent entities to pay up. *Id.* at 314. To do otherwise "would allow the suspended corporation to circumvent the restrictions imposed by the Revenue and Taxation Code on litigation-related activities and would remove the statutory incentive that is in place to induce the corporation into paying its delinquent taxes." *Id.* at 313. The lack of capacity imposed under CRTC § 23301 is not to be played with. It is a crime for anyone to "attempt[] or purport[] to exercise the powers, rights, and privileges of a corporation that has been suspended pursuant to Section 23301," CRTC § 19719, and even attorneys risk sanctions if they aid suspended entities. *Palm Valley*, 85 Cal. App. 4th at 559 (sanctioning counsel for "participating in discovery" and "participating in litigation" without sufficient candor regarding entity's suspension). In light of this strong public policy, Defendants' assignment, which was obviously made to evade CRTC § 23301, and conveys from an essentially defunct and bankrupt two-brother LLC to one of the two brothers, is meaningless, whether or not it was backdated.[3]

---

(suspended California business lacked capacity to litigate in tax court); *Computer Prod. Int'l, Inc. v. United States*, 26 Cl. Ct. 518, 525 (1992) (same for U.S. Claims Court, now known as the Court of Federal Claims).

[3] If it was backdated, that raises serious concerns that may justify sanctions, even against counsel involved in the assignment's creation and presentation.

Even as an attempt at backdating, the assignment fails: the transfer of rights was to occur only "in the event that Twins Special LLC is unable to continue" in litigation. Ex. A. Any assignment thus occurred only after disability had attached.

Defendants have long evaded their responsibilities through such tricks.[4] But the FTB has run out of patience with Defendants, and trickery will not work to get past the resulting suspension of Twins LLC. Litigation incapacity will remain until Twins LLC pays its long-delinquent taxes and files its past-due tax returns.[5] In assessing any claim by Twins LLC that it will do so promptly, the Court should demand a detailed factual showing, given Twins LLC's long history of not paying as promised, as reflected by its 2020 bankruptcy filing and its failure to make the payments and quarterly reports envisioned by the reorganization plan the bankruptcy court adopted in June 2022.[6]

## Twins Thailand's Motions

Twins LLC's inability to participate in litigation leaves the Court two options: either enter judgment against Twins LLC, or stay the case for a lengthy and undetermined period to let Twins LLC try to cure its woes.

Ordinarily a short stay would be a reasonable response, *United States v. 2.61 Acres of Land, More or Less*, 791 F.2d 666, 670-71 (9th Cir. 1985), and Twins

---

[4] For example, former Twins LLC employee Simon Pouliot (plaintiff in related case 21-cv-221) alleged that the Mechlings' claim that Twins LLC owes them $5m+, which anchored their secured claim to Twins LLC's assets in bankruptcy as well as the exclusive license from Twins LLC to them, "is a fraud" that was "never mentioned to me during my employment with" Twins even though his "role required scrutinizing [Twins'] historical profitability, finances and capital structure extensively and over many months with [Twins'] CPA." *In re Twins Special LLC*, Case No. 20-01230-CL11 (Bankr. S.D.Cal.), Docket No. 90, at 13.
[5] The ability of Twins LLC to prepare tax returns for filing is itself in doubt due to Twins LLC's testimony given in deposition testimony that it does not have complete financial records for any period of time after 2020.
[6] The Final Order confirming the plan was entered on June 1, 2022. *In re Twins Special LLC*, Case No. 20-01230-CL11 (Bankr. S.D.Cal.), Docket No. 368, confirming October 1, 2021 reorganization plan [Dkt. 262]. The docket in Twins LLC's bankruptcy case reflects that none of the required quarterly filings have been made, and no monthly operating reports have been filed since February 2023. On information and belief, creditors including Mr. Pouliot are not being paid.

Thailand did not oppose short stays in the past to allow Twins LLC to right its ship. However, at this late stage, given the difficulty of undoing FTB's suspension and the long history of Twins LLC's lack of diligence causing delays and prejudice [*see* Dkt. 194 at 1-5], Twins Thailand recommends dismissal. The Court has discretion to dismiss rather than stay, based on four factors: 1) Twins LLC's diligence, 2) usefulness of a stay (i.e., likelihood it would allow the case to proceed), 3) prejudice to the Court and parties, 4) prejudice from denial of stay. *2.91 Acres of Land*, 791 F.2d at 670-71. "No one factor is dispositive," and the district court's decision is reviewed for abuse of discretion. *Id.* at 671.[7]

*Diligence*. Twins LLC has long known of the need to cure its tax deficiency: the FTB reviver was issued in early 2020 to allow that cure post-reorganization. In over four years, Twins LLC did not cure. That alone proves lack of diligence. *2.91 Acres of Land*, 791 F.2d at 671. This case has suffered egregious delays (*see* Dkt. 194 at 1-5) caused by Defendants' lack of diligence. Since the Court last reviewed that record, it has darkened further: Magistrate Judge Leshner recently ordered a forensic examination of Defendants' devices and accounts based on doubt about their discovery compliance, requiring further delay. In sum, Twins LLC cannot show diligence, and certainly not the good cause required for the scheduling order changes again required by its failure to keep its affairs in order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (diligence can only be shown if Rule 16 schedule issue was due to factors that "could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference").

*Usefulness*. Twins LLC appears to have many years of delinquent tax filings and/or payments. Its principals have testified under oath that they lack any financial

---

[7] These factors are quite similar to the factors recently considered by the Court in ruling on whether Twins LLC's failure to timely obtain counsel merited dismissal. *See* Dkt. 194 at 7, 10 (listing similar multi-factor tests for dismissal or default).

1  records after 2020. It does not appear that it can cure the FTB's suspension at all,
2  much less reasonably promptly. Its general lack of diligence gives no basis for
3  optimism about the usefulness of a stay of any reasonable length.
4       *Prejudice from Stay*. The Court has already held that its docket and Twins
5  Thailand have been severely harmed by Twins LLC's failure to act with diligence.
6       *Prejudice from Denial*. Dismissal would of course be adverse to Twins LLC,
7  but it is well within the Court's discretion at this stage under Rule 16 (as a result of
8  Twins LLC's inability to meet the scheduling order), Rule 41 (based on Twins
9  LLC's failure and inability to prosecute), and Rule 55 (based on Twins LLC's
10 inability to defend, and its default after the striking of its answer). If Twins LLC is
11 able to cure its FTB suspension within a reasonable period, there would be no
12 prejudice because it could apply to set aside the default and dismissal recommended
13 herein. *See, e.g.,* Fed. R. Civ. P. 55(c). If it cannot cure in a reasonable period, then
14 dismissal would be confirmed as the correct course. In *Smith*, Judge Klausner of the
15 Central District considered the options and concluded dismissal was the right one.
16 Even though *Smith* involved a case at a much earlier stage (just after the LLC's
17 answer), Judge Klausner rejected the LLC's proposal of a 60-day stay so it could
18 try to reinstate itself, as there was "no assurance that [the LLC] will be able to
19 successfully reinstate itself within that time period." *Smith,* 2015 WL 401360 at *2.
20 Such dismissals are the earned outcome of suspended entities' own acts. *Weinstock*
21 *v. Sinatra*, 379 F. Supp. 274, 277 (C.D. Cal. 1974) (An entity whose lack of
22 diligence leads to suspension "must suffer the consequences of its own act—upon
23 application of the plaintiff, the entry of default judgment against it.").

## Conclusion

25       This Court has already tried monetary sanctions as an alternative to
26 dismissal. Not only did the message not get through, but the amount of sanctions
27 had to be limited to $5,000 monthly based on Twins LLC's claim that it could not
28 pay more. Meaningful monetary sanctions are not possible, and would do nothing

1  to address Plaintiff's rights worldwide in this trademark-related dispute, or the
2  impact on this Court's docket of Twins LLC's lack of diligence.

3  In sum, based on the above and the full record, including Twins Thailand's
4  prior motion papers, Twins Thailand asks that the Court: 1) dismiss all
5  counterclaims (all counterclaims were filed solely by Twins LLC, *see* Dkt. 81); 2)
6  enter default judgment on Twins Thailand's Claims 3 and 4 (on which Twins LLC
7  is the sole defendant); 3) strike Twins LLC's pending motion for summary
8  judgment (filed solely by Twins LLC, and relating in large part to counterclaims
9  that should be dismissed) [Dkt. 220]; and 4) require Defendants to refile their
10 answer, striking any claims, defenses or other assertions by Twins LLC.

11 Twins Thailand has two additional housekeeping requests.

12 First, Twins Thailand recommends that the case between Mr. Pouliot and the
13 Mechlings (Case No. 21-cv-0221), which involves no discovery issues, no motions
14 and no need for delay, be unconsolidated and allowed to proceed to pretrial
15 conference and trial. Any litigation between Twins Thailand and the Mechlings will
16 be delayed by the ongoing forensic examination of Defendants' electronic data,
17 which will take several weeks at a minimum. Pretrial scheduling should be
18 addressed once that timing becomes clearer.

19 Second, Twins Thailand asks that the August 21, 2024 sanctions judgment be
20 amended to include each Defendant jointly and severally.[8]

Dated:  September 5, 2024

BUCHALTER
A Professional Corporation

By: /s/Sanjay Bhandari
SANJAY BHANDARI
Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

BN 84342567v2

---

[8] This request is timely, *see* Fed. R. Civ. P. 59(e), and justified given a) that Twins LLC is in dire condition, b) that it has a history of debt evasion, and c) that the Mechlings were responsible for the delays that resulted in sanctions.