Stephen B. Morris (SBN 126192)
**The Law Offices of Stephen B. Morris**
147 Elm Avenue
Imperial Beach, California 91932
Tel: (619) 985-4462
smorris@stephenbmorrislaw.com

Attorney for Defendants and cross-claimant

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., a private limited company organized under the laws of Thailand,<br><br>    Plaintiff,<br>vs.<br><br>TWINS SPECIAL, LLC, NICHOLAS MECHLING, an individual, CHRISTOPHER MECHLING, an individual, TWINS SPECIAL, an unincorporated general partnership, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 3:23-cv-00223-JO-DDL<br><br>Related Case No.: 21-cv-221-JO-DDL<br><br>NICHOLAS MECHLING'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO MOTION TO DISMISS AND FOR ENTRY OF DEFAULT |

  Nicholas Mechling, in his capacity as assignee of the rights of Twins Special, LLC (Twins-US), herein, pursuant to that Assignment executed on August 19, 2024, attached to the Declaration of Nicholas Mechling as exhibit "A",

1

---

respectfully opposes the plaintiff's renewed motion to enter default or dismissal of claims against Twins-US.

**Factual Background**

Plaintiff is correct that on August 29, 2024, the FTB revoked Twins-US' "Limited Purpose Revivor." Prior to that time, however, on August 19, 2024, Twins-US assigned to Nicholas Mechling "all of its rights, liabilities, defenses, counterclaims etc. related to all cases…."

Counsel for plaintiff refers, in its "Factual Background," to Judge Leshner ordering a forensic analysis of the Mechlings' electronic devices because of plaintiff's perception that the Mechlings had not been previously forthcoming, presumably to further smear the Mechlings. Counsel fails to mention, however, that the suggestion that this occur *came from counsel for the Mechlings*. Judge Leshner merely approved and authorized Mr. Morris' suggestion and entered an order thereon. This was the result of Judge Lesher making clear that he did not have an adequate record to order any sanctions against the Mechlings. Nothing more. To be sure, further delay will result from plaintiff's insistence to conduct examination of electronic devices, which could have been requested years ago. But this delay should not be placed at the hands of the Mechlings.

Plaintiff's late-in-the-day discovery, which was *not* required by Judge Leshener, but merely *approved* by him, has nothing to do with any delays previously caused by the Mechlings.

### Effect of FTB Suspension

Nicholas Mechling does not dispute that Twins-US, as a suspended entity, cannot participate in this litigation, at least not at this time. As reflected in the Declaration of Mr. Nicholas Mechling, efforts are ongoing to address the suspension. However, the point is moot because of the assignment by Twins-US of all its rights in this litigation to Mr. Mechling. No delay need ensue whatsoever.

### Effect of Assignment of Rights

As reflected in the uncontradicted declaration of Mr. Mechling, and the Assignment itself, the Assignment provided to Mr. Mechling the unlimited ability to further the crossclaims originally brought by Twins-US and to defend those claims brought by plaintiff against Twins-US.

Counsel for plaintiff speculates about the date of execution of the Assignment, asserting, without any evidence, that the document was backdated. No evidence is offered to refute the August 19, 2024, effective date of the Assignment. To be sure, if the Assignment had occurred after the revocation by

the FTB, it would fail, because, as counsel rightly asserts, "[A]n assignee of a suspended entity takes subject to its disabilities." *Cal-Western Business Services, Inc. v Corning Capital Group*, 221 Cal. App.4th 304 (2013). But this is not the case.

  Plaintiff further speculates that the Assignment was "obviously made to evade CRTC 23301…." and offers further, again without reference to any evidence or statutory support, that it (the Assignment) "is meaningless, whether or not it was backdated."

  Plaintiff attacks the language of the Assignment. Plaintiff argues, in a single sentence, that the Assignment was only triggered, or made effective, if and when Twins-US became unable to participate in the case. Respectfully, this is simply not what the Assignment says.

  There is no basis to deny effectuation of the Assignment to Nicholas Mechling, and no need to realize any further delay in these proceedings, except for those caused by Twins Special Co., Ltd. in seeking examination of electronic devices which could have been requested years ago.  The pending motion for Summary Judgment brought by Twins-US should be heard on behalf of Nicholas Mechling, assignee.

NICHOLAS MECHLING'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO MOTION TO DISMISS AND FOR ENTRY OF DEFAULT

Having failed to offer any evidence whatsoever that the Mechling Assignment is void or unenforceable, plaintiff argues that the claimed inevitable delays justify the imposition of the most egregious sanctions. But this is not the true state of affairs. Fortunately, the Mechlings, in reacting to threats made by Simon Pouliot, in mid-August, took action to protect their interests. (See Mechling Declaration). The Assignment was a reaction to that threat and was not triggered by the later FTB revocation. (Id). Given the timely Assignment, this case can proceed without delay.

## Twins Thailand's Motions

Counsel paints a desperate picture of delay and limited options for the court. Plaintiff suggests, wrongly, that the court has only two options: (1) Enter judgment against Twins LLC, or (2) stay the case for a lengthy and undetermined period. Instead, though, Nicholas Mechling, as Assignee, proposes "full speed ahead," whereby plaintiff must respond to the pending Motion for Summary Judgment and the dates set by this Court remain unaffected except for the delay caused by plaintiff's very late request for inspection of electronic devices.

The case can be stayed as to Twins-US, pending resolution of all issues between the participating parties, and assignee. No delay is required. Plaintiff's effort to portray prejudice and further delay is meaningless because the case can

proceed on track.  Plaintiff admits that the delays which will now ensue result from, "the ongoing forensic examination of Defendants' electronic data." (Plaintiff Brief at page 8, lines 16-17).

## Conclusion

Although plaintiff's "Conclusion" exceeds the agreed upon 7-page limit, it is nevertheless addressed. First, plaintiff's motion should be denied for the reasons set forth herein. Second, the "housekeeping" requests, raised for the first time in its Conclusion, are not appropriately raised by the within motion and should be briefed, if at all, separately with proper notice.

Date: 9/9/24     **The Law Offices of Stephen B. Morris**

s/ Stephen B. Morris

_____
Stephen B. Morris, Attorneys for
Christopher Mechling, Nicholas Mechling

NICHOLAS MECHLING'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO MOTION TO DISMISS AND FOR ENTRY OF DEFAULT