BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W Broadway Suite 1600
San Diego, CA 92101
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email: sbhandari@buchalter.com
       echaidez@buchalter.com
       netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TWINS SPECIAL, LLC, *et al.*, <br><br> Defendants. | CASE NO. 3:23-cv-00223-JO-DDL <br><br> [Consolidated with <br> CASE NO. 3:21-cv-00221-JO-DDL] <br><br> **PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT OF COURT** |
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING <br><br> Counter-Claimants, <br><br> vs. <br><br> TWINS SPECIAL CO., LTD. <br><br> Counter-Defendants. | Presiding Judge: Hon. Jinsook Ohta <br><br> Magistrate Judge: David D. Leshner |
| AND CONSOLIDATED ACTIONS | |

Plaintiff Twins Special Co., Ltd. ("Twins Thailand") brings this contempt motion against Defendants Twins Special, LLC, Nicholas Mechling, Christopher Mechling, and Twins Special. For the reasons below, Plaintiff respectfully requests that this Court issue an order finding Defendants in contempt and imposing appropriate remedies for Defendants' willful obstruction of this Court's September 4, 2024 order.

## I.   FACTUAL BACKGROUND

The Court's September 4, 2024 order [Dkt. 239] required forensic inspection of Defendants' data (devices and accounts) to explore Plaintiff's contention [*see* Dkt. 228] that Defendants intentionally violated prior Court orders on discovery. (Indeed, Plaintiff has previously proffered evidence indicating that Defendants not only failed to comply with prior discovery orders, but also that they submitted false testimony and altered evidence as part of their obstruction of the truth-finding process. *See* Dkt. 228-1 (Plaintiff's status report).)

The following proffer[1] outlines the evidence of Defendants' contempt:

- On September 10, 2024, the forensic examiner sent Defendants a disclosure form and requested their response as quickly possible.
- Defendants never replied to this email.
- On the morning of Friday, September 13, the Examiner sent a follow-up email reminding Defendants that their response was ordered by this Court.

---

[1] Plaintiff previously proffered substantially all of this evidence during the September 20, 2024 discovery conference before Magistrate Judge Leshner. Plaintiff noted that the Examiner was on call to join the conference if anyone contested these facts. Given that the Court has set an in-person evidentiary hearing at which the Examiner and the Mechlings will be present, and many of the facts discussed herein are uncontested (e.g., based on emails between the parties and the Examiner), the facts are provided herein by proffer. Plaintiff will ask Defendants to stipulate to these facts, to avoid further burdening the Court with the consequences of their acts of contempt.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84689924v1

2

**PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT OF COURT –
CASE 3:23-cv-00223-JO-DDL**

- That same day, Plaintiff sent Defense counsel and Defendants a note asking that defense counsel call and email his clients to find out why they did not respond, and noting that the Examiner should call Defendants.
- On Saturday, September 14, Plaintiff sent Defendants and counsel a note asking for confirmation that the forms were returned.
- On Sunday, September 15, the Examiner followed up with Defendants again because the disclosure form had not been received.
- At 5:49 a.m. on Monday, September 16, Plaintiff emailed Defense counsel to ask for his "suggestions on how to solve the problem" regarding Defendants' continued refusal to meet with the Examiner. Plaintiff also emailed Defense counsel a draft request for a discovery conference with Magistrate Judge Leshner to seek sanctions for Defendants' contempt of court.
- On Monday, September 16, at 9:55 a.m., nearly a week after the disclosure form was sent to Defense counsel and Defendants, Defense counsel objected to the form on the grounds that it was unduly burdensome and amounted to "an entire set of special interrogatories."
- Counsel then spoke via phone on September 16, 2024. Plaintiff agreed to postpone seeking relief for Defendants' contempt, allowing Defendants to provide information by telephone to avoid claimed burdensomeness concerns with the disclosure form. Defendants promised (through counsel) to provide those parts of the disclosure form that they were able to complete by Tuesday, September 17, and speak with the Examiner to provide additional information on September 17.
- Defendants committed their next act of contempt by immediately breaching the above agreement. They did not provide disclosure forms by Tuesday, September 17, as promised just one day before. Defendants

then committed contempt of Court by not responding to the Examiner's repeated attempts to contact them.

- On Tuesday, September 17, at 1:47 p.m., the Examiner emailed Defendants and proposed four times for a phone call. He also asked which time worked best for them. In an attempt to accommodate Defendants' time zone, the Examiner proposed calls at either 9:00 p.m. or 6:00 a.m. Bangkok time. The Examiner also noted that he would try to be available at another time if the proposed times did not work for Defendants.

- When Defendants did not respond to the Examiner's email, the Examiner scheduled four calls via Microsoft Teams, and provided log-in information for each: one for Wednesday, September 18; one for Thursday, September 19; and two for Friday, September 20, listing the Bangkok timing of each call. The Examiner attended each scheduled call. Defendants did not.

- At approximately 4 p.m., PT on Thursday, September 19, Defendants finally joined a call with the Examiner. During this call, Defendants did not say that they did not understand the disclosure form, and refused the Examiner's offer of help in understanding or going through the form. They refused to provide any information or cooperation, stating effectively that they would not cooperate until they clarified questions that they did not state. The Examiner asked them to provide their log-in credentials to their main Gmail account in order to get the process started. Defendants refused to answer or otherwise cooperate, beyond agreeing to reappear at 3:00 p.m., PT on September 20 when the Examiner asked that they at least agree on a time to speak next.

- When they reconvened on Friday, September 20, Defendants again refused to provide the Examiner with the necessary information in order

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84689924v1

4

**PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT OF COURT –
CASE 3:23-cv-00223-JO-DDL**

to begin the examination.

- The Examiner has contacted Defendants multiple times since the September 20, 2024 discovery conference, asking for their cooperation in completing the inspection process. Defendants have not responded.
- As of the filing of this motion on Monday, September 23, 2024, Defendants have provided the Examiner with no information or devices.

## II.     ARGUMENT

### A.    Legal Standard

Civil contempt of court is shown where there is a clear and definite court order, the contemnor knows of the order, and he or she fails to take all reasonable steps within their power in order to comply with the order. *United States v. Rose*, 806 F.2d 931, 933 (9th Cir. 1986). A contempt sanction "both vindicates the Court's authority and punishes the contemnor." *Kelly v. Wengler*, 979 F. Supp. 2d 1104, 1108 (D. Idaho 2013), aff'd, 822 F.3d 1085 (9th Cir. 2016) (citing *United States v. Doe*, 125 F.3d 1249, 1256 (9th Cir. 1997)). "A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). To find a party in civil contempt, the contempt must be shown by clear and convincing evidence.

Courts also have "broad equitable power to order appropriate relief in civil contempt proceedings," *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). When considering a sanction to make a defendant comply with a court order, the court should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947).

### B.    The Court's September 4, 2024 Order Was Clear and Definite

Here, the first element of civil contempt has been met. The Court's September 4 order stated "[a]ll parties must cooperate promptly and fully with the Examiner,

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84689924v1

5

**PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT OF COURT –
CASE 3:23-cv-00223-JO-DDL**

including by promptly meeting the Examiner (or his agents) for device turnover at locations reasonably close to the devices' locations, and promptly supplying information, passwords, and credentials required to access and decrypt data." Forensic Order p. 2. This excerpt outlines, in concrete, definite language, that Defendants had a duty to meet and work with the forensic examiner and to do so in a timely fashion. While the order did not set a hard deadline given Plaintiff's initial need to locate and retain a qualified examiner, the order was unambiguous in stating that Defendants could not simply sit on their hands and take no action. Nor could they refuse to join calls organized by the Examiner, not respond to his emails, not respond to his voicemails. Nor could they refuse to provide information when directly asked for information by the Examiner and his agents on September 19 and 20. Given that the Court's forensic examination order imposed an affirmative obligation on Defendants to promptly provide the Examiner with the necessary information and devices, the order was "clear and definite"; certainly clear and definite enough to preclude any reasonable person from believing Defendants' conduct would comply with the Court's order. *See Rose*, 806 F.2d at 933.

      C.    <u>Defendants Knew of the Court's Order</u>

Though Twins Thailand doubts that Defendants wish to contest this factor, it will briefly outline the evidence in support of it. Defendants undoubtedly were aware of the Court's forensic examination order. Their counsel stipulated to the protocols of the forensic examination and, since the issuance of the September 4 order, communicated several times with Plaintiff in ways that confirmed Defendants' awareness of and intentions concerning the September 4 order. These communications included the September 16 objections (that the disclosure form was supposedly burdensome) and the September 16 compromise (that Defendants would supply a partially completed form and join a call with the Examiner to supply the remaining information). Further, the Examiner and Plaintiff's counsel both emailed Defendants directly, many times, seeking their cooperation with the examination

process. The Examiner also met (via remote means) with the Defendants to ask for their cooperation. Defendants were thus on notice of their need to comply with this order and to promptly respond to the forensic examiner's inquiries. This element is satisfied. *See id.*

### D. Defendants Failed to Take All Reasonable Steps to Comply

Finally, Defendants have undoubtedly failed to take "all reasonable steps" to comply with the Court's order. Since the order was issued, Defendants have flatly refused to (1) respond to the Examiner's emails; (2) show up to calls which the Examiner scheduled at convenient times; and (3) fill out the disclosure form or provide any other information sought by the Examiner. Critically, even after nine days of silence, Defendants—upon finally joining a call with the examiner—still refused to provide the examiner with any forensic information or devices necessary to carry out the inspection. During this call, Defendants never once stated or otherwise indicated that their refusal to comply stemmed from confusion about the examination form or an inability to provide or obtain the required information. Rather, Defendants were simply unwilling to comply.

In light of Defendants' egregious and continuous disregard for this Court's September 4 order, Plaintiff respectfully submits that no other finding is possible on this evidence: the Court must find that Defendants have failed to take "all reasonable steps" to comply with the order. Accordingly, given that all three elements of civil contempt have been satisfied, a contempt order is necessary. *See Rose*, 806 F.2d at 933.

### E. Defendants Prior Contempt of Court

It should not escape the Court's attention that Defendants' current contempt of court (failing to comply with forensic examination) arises in the context of a fact-finding process to determine whether Defendants previously committed contempt of court by obstructing the discovery process. As part of that process, on July 17, 2024, this Court had ordered Defendants, by no later than July 26, 2024, to "produce all

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84689924v1

7

**PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT OF COURT –
CASE 3:23-cv-00223-JO-DDL**

documents responsive to Plaintiff's requests for production that can be located following a diligent search and a reasonable inquiry. These responsive documents include, but are not limited to, all communications involving sub-licensees and all financial data for sales involving products with the TWINS SPECIAL, KING and KING PROFESSIONAL marks." Dkt. 216. In response to this order, Defendants' additional production included only a 24 page PDF document which consisted of a two page unsigned and undated Memorandum of Understanding and twenty-two pages of undated photographs of the Mechlings at the Twins Thailand facility in Thailand. Not a single email was produced. Not a single sales record was produced. No communications or financial information was included in the production. Given that Defendant Christopher Mechling has previously conceded that responsive emails and communications "naturally exist," and given the many other irregularities and implausible testimony summarized in Plaintiff's discovery status report (*see* Dkt. 228-1), Plaintiff submits that there is significant reason to believe that Defendants' current refusal to comply with forensic inspection is an attempt to continue their pattern of obstructing the truth-finding process, including through contempt of court.

Plaintiff also notes that Defendants' contempt of this Court's discovery orders comes at the same time that Defendants are also in contempt of Judge Ohta's order requiring the payment of monetary sanctions for Defendants' dilatory conduct and obstruction of the efficient conduct of this case.

F. <u>Appropriate Relief</u>

Given the severe and continuous nature of Defendants' contempt, the pattern of Defendants' obstruction of the truth-seeking process, and Defendants' pattern of not even respecting Court orders awarding monetary sanctions, Plaintiff submits that the Court must consider all available sanctions to ensure that the dignity and integrity of this proceeding are restored. *See Hickey*, 322 F.3d at 1128 (stating that courts have "broad equitable power to order appropriate relief in civil contempt proceedings"). Although Defendants should certainly be ordered to make Defendants whole for

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84689924v1

8

**PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT OF COURT –
CASE 3:23-cv-00223-JO-DDL**

monetary injury caused by their conduct, the remedy should not be limited to money. Rather, Plaintiff submits that the Court must consider case termination and evidentiary sanctions, as briefed in Plaintiff's prior motions on discovery sanctions, which are incorporated herein by reference. Even if the full termination of the case is not ordered, at a minimum, Defendants should be barred from further abusing this Court's processes to prosecute their counterclaims against Plaintiff. Plaintiff respectfully submits that the exact range of appropriate sanctions should be briefed after the evidence is fully developed at the October 15 hearing, and reserves the right to seek all sanctions up to and including terminating sanctions on both Defendants' counterclaims and Plaintiff's claims against Defendants.

### III.   CONCLUSION

For the above reasons, Plaintiff Twins Thailand respectfully requests that this Court find Defendants Twins US in contempt of court, and impose appropriate sanctions.

Dated:  September 23, 2024     BUCHALTER
                               A Professional Corporation

                               By: */s/ Sanjay Bhandari*
                               SANJAY BHANDARI
                               MATTHEW L. SEROR
                               EMILY S. CHAIDEZ
                               NEUSHA ETEMAD

                               Attorneys for Plaintiff
                               TWINS SPECIAL CO., LTD.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84689924v1

9

**PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT OF COURT –
CASE 3:23-cv-00223-JO-DDL**