BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W Broadway Suite 1600
San Diego, CA  92101-8494
Telephone:  (619) 219-5335
Facsimile:   (619) 219-5344
Email:  sbhandari@buchalter.com
Email:  echaidez@buchalter.com
Email:  netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone:  (213) 891-0700
Facsimile:   (213) 896-0400
Email:  mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

Stephen B. Morris (SBN 126192)
The Law Offices of Stephen B. Morris
147 Elm Avenue
Imperial Beach, CA  91932
Telephone:  (619) 985-4462
smorris@stephenbmorrislaw.com

Attorneys for Defendants
TWINS SPECIAL, LLC; NICHOLAS MECHLING
and CHRISTOPHER MECHLING

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| TWINS SPECIAL CO., LTD., | Case No. 3:23-cv-00223-JO-DDL |
|---|---|
| Plaintiff, | [Consolidated with Case No. 3:21-cv-00221-JO-DDL] |
| vs. | **JOINT STATUS REPORT REGARDING DEFENDANTS' COMPLIANCE WITH THIS COURT'S SEPTEMBER 4, 2024 AND SEPTEMBER 20, 2024 ORDERS** |
| TWINS SPECIAL, LLC, et al., | |
| Defendants. | |

Case 3:23-cv-00223-JO-DDL   Document 255   Filed 09/27/24   PageID.2479   Page 2 of 6

| | |
|---|---|
| TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING,<br><br>    Counter-Claimants,<br><br>    vs.<br><br>TWINS SPECIAL CO., LTD.<br><br>    Counter-Defendant. | Presiding Judge: Hon. Jinsook Ohta<br>Magistrate Judge: David D. Leshner |
| AND CONSOLIDATED ACTIONS. | |

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

**JOINT STATUS REPORT**  3:23-CV-00223-JO-DDL

BN 84792787v3

As requested by the Court on September 20, 2024, Plaintiff Twins Special Co., Ltd. ("Twins Thailand") and Defendants Twins Special, LLC, Nicholas Mechling, and Christopher Mechling respectfully submit this Joint Status Report regarding the need for an in person hearing on September 30, 2024.

Plaintiff's Status Report

On September 20, 2024, this Court held a status conference to discuss Defendants' compliance with its prior September 4 order regarding the forensic examination of Defendants' digital devices. Given Defendants' continued unwillingness to meet with the forensic examiner or turn over their digital devices, the Court required the Parties to submit, by September 27, 2024 at noon, a joint status report regarding whether Defendants had complied with the September 4 order. Additionally, the Court scheduled a status conference for September 30, 2024 at 8 a.m. and ordered Defendants to attend in person and be ready to turn over all forensic evidence covered by the forensic order. The Court noted that it would take the September 30, 2024 hearing off calendar if, by September 26, 2024, Defendants had fulfilled all of their duties under Section II(a) of the September 4 order. *See* Docket No. 247 at 2:13-15 ("The Court will vacate the September 30 status conference only if the Mechlings fulfill their obligations under Section II(a) of the Order by not later than September 26, 2024.").

On September 21, 2024, Plaintiff's counsel send an email to Defense counsel, Defendants, and the forensic examiner which outlined this Court's September 20th ruling. Specifically, this email included all future hearing dates relating to the forensic examination issue as well as the steps required by Defendants to comply with this Court's orders. The Examiner replied all to this email and sent a detailed schedule for Defendants' completion of documentation and turning over of devices. He stated he was "currently scheduled to have a follow up conversation with Nick and Chris Mechling next Thursday at 3pm at their request. <u>However, this would not allow sufficient time to complete all the necessary steps required in the order</u>"

(emphasis in original). Additionally, the Examiner stated that "[a]ll documentation must be completed and returned by Monday (September 23) morning Bangkok time," and "[a]ll devices must be handed off to the Bangkok forensic team by Tuesday (September 24) morning local time." On the morning of September 23, Pacific Time, the Examiner sent an email to Defendants stating that the forensic disclosure documents had not been received.

On Tuesday, September 24, Defendants sent the Examiner a lengthy email outlining their prior failures to meet with the Examiner and stating their intent to meet with him on September 26 "to address any additional questions that may arise, with the hope that we would be able to deliver the completed disclosure form Friday or soon afterward."

On September 26, the Examiner and his assistant attended the scheduled call with the Mechlings. The Mechlings did not attend that call.

After the scheduled time for the call on September 26, Chris Mechling wrote to the Examiner saying that he had "anticipated being on the line with [the Examiner] this morning to discuss making arrangements for delivery of the devices," but could not attend the call because of conflicts with his father's medical care.

At 11:21 p.m. on September 26, Nick Mechling emailed the Examiner, offering that unspecified "devices are ready for pickup," providing an address, and saying he would be "available for the next five hours to facilitate delivery."

Plaintiff hereby confirms its position that the Examiner has not received the cooperation required by the Court's September 4 and September 20 Orders; the Court's requirement that "the Mechlings fulfill their obligations under Section II(a) of the Order by not later than September 26, 2024" was not met; and the September 30, 2024 in person hearing should proceed as ordered. Plaintiff and the Examiner have gone to great lengths to try to avoid inconvenience to Defendants, but the Mechlings did not cooperate. Additionally, given the lack of meaningful

4

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

JOINT STATUS REPORT

3:23-CV-00223-JO-DDL

BN 84792787v3

communication between the Mechlings and the Examiner, the Examiner has represented to Plaintiff's counsel that he is not confident that the option provided by the Mechlings will lead to the successful completion of the forensic examination. The highest likelihood of success in completing the collection process requires the Mechlings to be present with the forensic team while they conduct the examination. To the extent that the Mechlings' literally eleventh hour email on September 26th reflects a request that Plaintiff and the Court again forgive their noncompliance (which Plaintiff believes is fairly characterized as contempt of court) and again extend deadlines, that request should be denied.

Though it is hardly necessary given the duties placed on all counsel who appear before this Court, Plaintiff hereby expressly asks that Defense counsel speak with both Nicholas and Christopher Mechling at the earliest possible time to remove any doubt that each Mechling brother is aware of their obligation to comply with the Court's September 20 Order by being in San Diego in person on September 30, 2024, with all required devices and information.

## Defendants' Status Report

All passwords were delivered by email to the Examiner on September 26, 2024.

The requested devices were made available for pickup on September 26, 2024, at a specified location near Bangkok. Nicholas Mechling indicated that he was available at that location for a service to pick up the devices for 5 hours. While late in the day Pacific time, the offer to make the devices available for pickup was made around 8 a.m. Thai time and so it was a reasonable time for pickup.

The Examiner's agent, Jerry Bui, responded by asking if there was a window of time over the weekend at the same address. Within minutes, Nicholas Mechling provided times over the weekend where he would make the devices available at the same address.

Defendants made the devices available per the order of the court and will ensure the devices are delivered to the Examiner's agent as requested and scheduled by Mr. Bui.

Given that the Mechlings tendered the passwords and made the devices available for pickup within the window set by the court, and will ensure pickup of the devices per the request of Mr. Bui, there is no reason to require the Mechlings to be in San Diego on September 30, 2024.

## Joint Conclusion

Plaintiff does not agree that the conditions have been met to take the September 30, 2024, hearing off calendar. Defendants, on the other hand, assert that they tendered the devices timely, but that the Examiner's agent was not available to arrange pickup of the devices. Defendants assert they have made a good faith effort to deliver the items, and that they will be delivered as soon as the Examiner's agent schedules pickup, obviating the need for any hearing on Monday September 30, 2024.

Dated: September 27, 2024

BUCHALTER
A Professional Corporation

By: /s/Sanjay Bhandari
SANJAY BHANDARI
MATTHEW L. SEROR
EMILY S. CHAIDEZ
NEUSHA ETEMAD
Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

Dated: September 27, 2024

THE LAW OFFICES OF STEPHEN B. MORRIS

By: /s/Stephen B. Morris
STEPHEN B. MORRIS
Attorney for Defendants TWINS SPECIAL, LLC, NICHOLAS MECHLING and CHRISTOPHER MECHLING