BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W. Broadway Suite 1600
San Diego, CA 92101
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email: sbhandari@buchalter.com
echaidez@buchalter.com
netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TWINS SPECIAL CO., LTD.,

Plaintiff,

vs.

TWINS SPECIAL, LLC, *et al.*,

Defendants.

TWINS SPECIAL, LLC, NICHOLAS MECHLING, and CHRISTOPHER MECHLING,

Counter-Claimants,

vs.

TWINS SPECIAL CO., LTD.

Counter-Defendant.

AND CONSOLIDATED ACTIONS.

CASE NO. 3:23-cv-00223-JO-DDL

[Consolidated with CASE NO. 3:21-cv-00221-JO-DDL]

**PLAINTIFF'S RESPONSE TO DEFENDANTS' TAX PLAN**

[*Filed concurrently with Declaration of Shellsea Ramos*]

District Judge: Hon. Jinsook Ohta

Magistrate Judge: David D. Leshner

Plaintiff Twins Special Co., Ltd. ("Twins Thailand") responds as follows to the plan [ECF 251 and 251-1] filed by Defendants Twins Special, LLC ("Twins USA"), Nicholas Mechling, and Christopher Mechling pursuant to this Court's order requiring Defendants to provide a "concrete plan" on "how Twins USA plans to pay its taxes and revive its corporate status under California law." [*See* ECF 250 at 1].

The Court's order was specific on what it required. It stated: "Any such plan **MUST** include a declaration from a licensed accountant that provides a concrete plan and timeline for the repayment of the taxes and attests that the Mechling Brothers have the financial capacity to pay the owed taxes." *Id.* (emphasis in original). Despite the Court's bolded, all-caps emphasis on what Defendants **must** do to comply, Defendants did not. They filed no declaration but merely a letter; the letter was not from a licensed accountant but from a tax lawyer; and it had no concrete plan, timeline, or attestations of necessary details including the amount of taxes owed or capacity to pay them. Defendants' filing provides no comfort whatsoever, and is better understood as yet more evidence that if the Court were to adopt Defendants' plan, this case will remain mired in Mechling muck indefinitely.

Once again, Defendants have defied this Court's orders and evaded its questions. They did not even file a motion requesting a stay, much less evidence justifying one. *Compare* ECF 251 (notice of lodgment of a letter). The necessary conclusion is that Defendants cannot supply a concrete plan to revive Twins USA in a reasonable time, and have not moved for a stay because they cannot justify one. The Court should act accordingly. As no stay has been requested or justified, the Court should act now on Twins USA's suspension and resulting inability to participate in litigation. [*See* ECF 240 at 8:3-10.]

## I. PROCEDURAL HISTORY

Twins Thailand incorporates by reference the stipulated facts about Twins USA's August 2024 suspension by California's Franchise Tax Board [*see* ECF 237],

/ / /

and the facts previously submitted concerning the years-long delays caused by Defendants' noncompliance with this Court's orders. [*See* ECF 194 at 1-5.]

The Court ordered Twins USA to brief how it could continue in this case despite its FTB suspension in early September, so the Court could rule at the September 18, 2024 hearing. [ECF 238 at 2.] Twins USA did not. Instead, Defendants tried to defraud the Court by offering an obviously backdated assignment[1] they claimed cured such issues. [ECF 242 and 242-1.] The Court rejected that ploy and ordered Twins USA to file a "concrete plan" including a "declaration from a licensed accountant" by September 25, 2024. [ECF 250 at 1.] As detailed below, Defendants again did not comply.

## II. DISCUSSION

The deficiencies in Defendants' "plan" are well-summarized in the declaration from certified public accountant ("CPA") Shellsea Ramos, filed concurrently with this brief.

Ms. Ramos is a licensed CPA who manages hundreds of tax clients, and has experience with both bookkeeping and tax accounting for entities similar to Twins USA. [Ramos Decl. ¶ 2.] She also has experience working with clients who have been suspended by the FTB. [*Id.* ¶ 4.] She has analyzed Twins USA's "plan" as well as its financials and bookkeeping practices, using both publicly available information and Defendants' own testimony and documents. [*Id.* ¶¶ 3-8.] Ms. Ramos is therefore well-qualified and well-informed to provide helpful expert testimony to the Court on the sufficiency of Twins USA's plan. [*See generally* Fed. R. Evid. 702.]

Ms. Ramos' conclusion is that "Defendants' submission on their plan to revive [Twins USA] is not sufficient or credible." [*Id.* ¶ 8.] She reaches this conclusion based on numerous complications and deficiencies glossed over in Defendants'

---

[1] Plaintiff recommends that the Court require an inquiry into the creation and submission of that assignment, as it appears to be a calculated effort to commit a fraud on the Court.

submission,[2] in defiance of this Court's order that Defendants provide specific details under oath from a licensed accountant with personal knowledge. These deficiencies include the following:

- Defendants likely face the need to prepare tax returns and pay taxes for "at least eight years" based on when FTB suspended Twins USA [*id.* ¶ 4];
- Just gathering the records needed to file eight years of returns and calculate taxes, penalties and interest owed is likely to require "several weeks, if not months" and may "never succeed[]" based on Ms. Ramos' experience with similar entities, Defendants' deposition testimony about their bookkeeping and lack of financial records, and analysis of the limited financial records produced by Defendants in discovery [*id.* ¶ 5];
- A competent professional would likely charge at least $11,000 for this time-intensive exercise, and require an up-front retainer given Defendants' history of not paying professionals (including lawyers and accountants), but there is no evidence such retainer arrangements have been or can be made [*id.* ¶ 5];
- Delays in FTB's response to any submission are unpredictable and are even more so in this case due to the unusual posture of Twins USA being suspended after being revived [*id.* ¶ 6], and;

---

[2] Defendants' submission is silent on all key issues including the amount of taxes Twins USA owes, the number of years of back taxes, and whether Defendants have the funds to pay their back taxes. It also contradicts itself, at one point stating without any basis that Twins USA will be relieved in approximately three months, and then later stating that the process will take three months or longer, but it is unclear because "we cannot know precisely how long the Franchise Tax Board will take to process the returns." [ECF 251-1 at ¶ 5.] The letter also admits that it is unclear what the FTB would do after processing the filings, assuming such filings occurred, and whether a revivor would be allowed and when. [ECF 251-1 at ¶ 7.]

- No lifting of the FTB suspension could occur until all back taxes, penalties and interest are paid, but there is no evidence in Defendants' submission of the amount due, or that those funds will be available, much less actually transferred to a professional's trust account as Ms. Ramos require before being able to credibly assure a court that the tax, penalties and interest will be paid, especially in light of Defendants' history of bankruptcies, nonpayment of professionals and other creditors, and even non-compliance with court orders to pay monetary sanctions [*id.* ¶ 7].

The Court has given Defendants not just one but two bites at this apple: the briefing for the September 18 hearing and the current round of briefing. In their first round of briefs, Defendants tried to defraud the Court and made no attempt to justify a stay to allow revival. In their second round of briefs, Defendants defied the Court's bolded all-caps directives and again made no motion for a stay. It is Defendants' burden to persuade the Court to issue a stay or other leniency to avoid the consequences of their suspension. They have failed to carry that burden. It is hard to view their "notice of lodgment" and accompanying letter as anything other than a confession (1) that no attorney could argue for a stay consistent with Rule 11's requirements, and (2) that Defendants chose to first try to defraud the Court and then disobeyed the Court's demand for specific facts because the true facts damn them.[3] Defendants failed in business, failed to meet their bankruptcy plan, and repeatedly failed even to comply with this Court's orders. It is not reasonable to believe that

[3] *Cf. U.S. v. Roberson*, 233 F.2d 517, 519 (5th Cir. 1956) ("Unquestionably the failure of a defendant in a civil case to testify or offer other evidence within his ability to produce and which would explain or rebut a case made by the other side, may, in a proper case, be considered as a circumstance against him and may raise a presumption that the evidence would not be favorable to his position."); *Singh v. Gonzales*, 491 F.3d 1019, 1024 (9th Cir. 2007) ("When a party has relevant evidence in his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him.").

they could put together a viable plan for a "hail Mary" avoidance of the consequences of their many failures. The record points in only one direction: dismissal. *Smith v. Vanowen Canoga Apartments, LLC*, No. 14-cv-07828, 2015 WL 401360, at *1-2 (C.D. Cal. Jan. 28, 2015) (applying CRTC 23301 to strike the answer of California limited liability company, and rejecting 60-day stay as there was "no assurance that [the LLC] will be able to successfully reinstate itself within that time period"); *Weinstock v. Sinatra*, 379 F. Supp. 274, 277 (C.D. Cal. 1974) (entity whose lack of diligence leads to suspension "must suffer the consequences of its own act—upon application of the plaintiff, the entry of default judgment against it").

## III. CONCLUSION

For the reasons stated above and in prior briefings about this matter, Plaintiff respectfully requests that the Court promptly issue the orders required by Federal Rule of Civil Procedure 17(b)(2) and California Revenue and Taxation Code section 22301 in light of Defendant Twins USA's suspension, inability to proceed in litigation, and inability to revive itself in any reasonable period. Specifically, as previously briefed [ECF 240 at 8:3-10], the Court should: 1) dismiss all counterclaims (all counterclaims were filed solely by Twins USA [*see* ECF 81]); 2) enter default judgment on Twins Thailand's Claims 3 and 4 (on which Twins USA is the sole defendant [*see* ECF 78 at 16-23]); 3) strike Twins USA's pending motion for summary judgment (filed solely by Twins USA, and relating in large part to counterclaims that should be dismissed) [ECF 220]; and 4) require Defendants to refile their answer, striking any claims, defenses or other assertions by Twins USA.

Dated: October 2, 2024

BUCHALTER
A Professional Corporation

By: */s/ Sanjay Bhandari*
SANJAY BHANDARI

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD