| | |
|---|---|
| 1 | BUCHALTER |
| 2 | A Professional Corporation<br>SANJAY BHANDARI (SBN 181920) |
| 3 | 655 W Broadway Suite 1600<br>San Diego, CA 92101 |
| 4 | Telephone: (619) 219-5335<br>Facsimile: (619) 219-5344 |
| 5 | Email: sbhandari@buchalter.com |
| 6 | Attorneys for Plaintiff<br>TWINS SPECIAL CO., LTD. |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br><br>  Plaintiff, <br><br>  vs. <br><br> TWINS SPECIAL, LLC, *et al.*, <br><br>  Defendants. | CASE NO. 3:23-cv-00223-JO-DDL <br><br> [Consolidated with <br> CASE NO. 3:21-cv-00221-JO-DDL] <br><br> **JOINT STATUS REPORT RE: FORENSIC EXAMINATION** <br><br> District Judge: Hon. Jinsook Ohta <br><br> Magistrate Judge: Hon. David D. Leshner |
| TWINS SPECIAL, LLC *et al.*, <br><br>  Counter-Claimants, <br><br>  vs. <br><br> TWINS SPECIAL CO., LTD. <br><br>  Counter-Defendant. | |
| AND CONSOLIDATED ACTIONS. | |

As requested by the Court's September 30, 2024 minute order [Dkt. 260], Plaintiff Twins Special Co., Ltd. ("Twins Thailand") and Defendants Twins Special, LLC, Nicholas Mechling, and Christopher Mechling respectfully submit this Joint Status Report regarding (i) the current status of the forensic examination; (ii) the expected completion date for the entire Protocol; and (iii) the Parties' recommendations regarding modification of the pretrial schedule.

BUCHALTER
A Professional Corporation
San Diego

BN 84989681v1

1

JOINT STATUS REPORT RE: FORENSIC EXAMINATION –
CASE NO. 3:23-cv-00223-JO-DDL

# Plaintiff's Status Report

**(i)  Status of Forensic Examination**

The forensic examination began (and proceeded swiftly) on September 30, when Nicholas Mechling was compelled to be physically present to cooperate with the Examiner. As soon as he was released, he and his brother again ceased cooperation, for days. Though they provided limited information late yesterday (October 6), their communication and cooperation continues to be spotty at best.

At the September 30 status conference held because the Mechlings had not complied with court orders,[1] the following were present: counsel for Plaintiff, counsel for Defendants, Nicholas Mechling,[2] and the forensic examination team. With no objection from Defendants, the Court ordered the parties to proceed to Plaintiff's counsel's office to conduct the forensic examination.

Counsel for both Parties were initially in the room, but left Nicholas Mechling and the forensic team alone around 8:45 a.m. after conferring about the most efficient way to proceed. Nicholas Mechling (and his brother, when reached by telephone that afternoon) responded to the forensic team's questions about data sources and access, and turned over four devices: two Apple iPhones and two Apple computers. The Mechlings also turned over login information for two Gmail accounts and two linked

---

[1] On September 20, 2024, this Court held a status conference to discuss Defendants' compliance with its September 4, 2024 order regarding the forensic examination of Defendants' digital devices and other electronic data. The Court ordered the Parties to file, by September 27, 2024, a joint status report on whether Defendants had complied with the forensic examination order. The Parties submitted their report on September 27. Dkt. 255. The Court then confirmed the in-person status conference previously set for September 30, 2024. Dkt. 256.

[2] While the Court's September 20 order required both Nicholas and Christopher Mechling to attend the September 30 status conference in person, only Nicholas Mechling was present. Dkt. 247. This Court issued an Order to Show Cause ("OSC") regarding Christopher Mechling's failure to appear in-person [Dkt. 258], and the hearing on this OSC is set to be heard concurrently with Plaintiff's motion for a finding of contempt of court on October 15, 2024. Dkt. 258.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84989681v1

2

JOINT STATUS REPORT RE: FORENSIC EXAMINATION –
CASE NO. 3:23-cv-00223-JO-DDL

iCloud accounts. The devices were imaged by the forensic team and returned around 3 p.m. that same day.

Before concluding the day's work, the forensic team asked Nicholas Mechling to promptly forward the information he would shortly receive from Google with links and information needed to continue the forensic examination.[3] Mechling agreed. Because the Gmail collection was completed early on October 2, Nicholas Mechling would have received these emails shortly thereafter. But after being released from the Court's physical presence order, Nicholas Mechling ceased cooperation with the forensic team. Although the team messaged him every two hours for days, he did not respond, and as of the close of business Friday October 4, he had not provided the forensic information from Google. Over the weekend, he began to forward links and cooperate to allow the further downloading needed. That downloading has begun and will likely continue until sometime tomorrow (Oct. 8), assuming no errors arise.

### (ii) Expected Completion Date for Entire Protocol

The data copied on September 30 will be processed with preliminary analysis available by the October 15, 2024 contempt hearing. But this data is only part of the relevant data. Although the Intrepid forensic team has been diligent and efficient, the Mechlings' obstruction of Court orders prevents Plaintiff from being able to estimate when a full examination will be completed, or even assuring that a full examination could ever be completed.

Two illustrations may assist.

First, as mentioned above, as soon as he was released from the Court's physical presence order, Nicholas Mechling again went "radio silent" on the forensic team. He did not forward key information as promised, delaying copying for about six days, leaving the copying process incomplete as of this report.

---

[3] Based on the forensic team's experience, these links and information are crucial. Among other things, they would contain a summary of (i) login attempts, (ii) messages sent and received, and (iii) documents created or edited.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84989681v1

3

JOINT STATUS REPORT RE: FORENSIC EXAMINATION –
CASE NO. 3:23-cv-00223-JO-DDL

Second, the Mechlings have not complied with requests that they provide data that they intentionally withheld. On October 1, 2024, the day after Nicholas Mechling was released from the physical presence requirement, Defense counsel disclosed that "there may be additional documents not previously produced by my clients which may be responsive to your client's discovery requests." *See* Exhibit A. Although the Examiner immediately provided an upload link and Plaintiff repeatedly urged Defendants to promptly provide the withheld documents, through October 5, Defendants had not. Around 10 p.m. PT on October 6 (October 7 Asia time), the Examiner began to get notifications that uploads had begun on the provided upload link. Around 9:14 a.m. PT October 7, Nick Mechling sent the Examiner a note stating he had encountered some upload errors. As of this report, the Examiner is unsure whether all withheld evidence was uploaded, and has not begun analysis of it.

There are thus two buckets of data that remain uncertain (beyond the device-based data that was copied on September 30). First, there is cloud-based data the Mechlings disclosed but whose examination remains in process because of Mechling noncooperation. Second, there is data the Mechlings withheld, the existence of which is clear (*see* Exhibit A), but the nature, size, locations, and causes of which remain uncertain, again due to Mechling noncooperation. Plaintiff notes that Exhibit A represents just one category of such intentionally undisclosed data; Plaintiff is investigating several such categories.

### (iii) Recommendations re Modifications of Pretrial Order

Because of continued Mechling obstruction through today, Plaintiff cannot estimate how long this case will remain mired in muck. The Mechlings' untimely disclosures likely require additional discovery including depositions.[4] In addition,

---

[4] Those depositions should be paid for by Defendants given that they are required by Mechling misconduct; and payment should be in advance given Defendants' failure to even pay court-ordered sanctions to compensate Twins Thailand for their prior misconduct. This is true for the last round of depositions too: Twins Thailand should not bear the costs of Mechling misconduct.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84989681v1

4

JOINT STATUS REPORT RE: FORENSIC EXAMINATION –
CASE NO. 3:23-cv-00223-JO-DDL

investigation of the Mechlings' discovery misconduct has revealed grounds for important new legal claims by Twins Thailand (based on true facts discovered to be contrary to what the Mechlings previously claimed), justifying reopened pleadings. (Twins Thailand is prepared to brief the assertion of these claims but has deferred raising it until the examination is complete.) Twins Thailand's time to file dispositive motions also remains to be calendared. In short, the Mechlings' obstruction will require new pretrial proceedings pushing well into 2025.

Plaintiff believes the proper response to the Mechlings' contempt and obstruction is not more burdensome hearings and monetary sanctions that the Mechlings do not pay, but real punishment and remedy for the real wrongdoers and their wrongs: terminating sanctions. A fair resolution of this case on the full facts would be a long way away, and likely beyond any court's ability to ensure given the Mechlings' misconduct.

## Defendants' Status Report

Defendants disagree with plaintiff's counsel's characterizations of what has occurred. Pursuant to the court's order, defendants' electronic devices were delivered to San Diego on September 30, 2024. Nicholas Mechling appeared in person. Mr. Mechling made himself available all day at the Buchalter firm to answer any questions regarding access to the devices. There is no dispute that he was completely cooperative with the Examiner. The hard drive of each device was copied successfully. The passwords previously provided by the Mechlings on September 27, 2024, as ordered, were accurate and were used by the Examiner.

Nicholas Mechling began his homeward journey to Thailand the day after the Examiner copied the hard drives. His trip was long, and he was not able to respond to inquiries from the Examiner while travelling.

Additionally, upon return to Thailand, files which had previously been deleted began being uploaded to a link provided by the Examiner on Sunday October 6, 2024.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84989681v1

5

JOINT STATUS REPORT RE: FORENSIC EXAMINATION –
CASE NO. 3:23-cv-00223-JO-DDL

1  The Mechlings are working with the Examiner to complete the upload. All cloud-based data has been uploaded.

2  Defendants believe that the Examiner should be able to search all copied and uploaded materials with one week and that the MSJ should therefore be placed back on calendar to be heard in November, 2024.

Plaintiff requests additional depositions without even having reviewed the information provided. This has become par for the course. Plaintiff is pressing at every opportunity to extend discovery battles so as to postpone its obligation to respond to defendants' motion for summary judgment (MSJ), which will likely be dispositive of numerous issues in this case. None of the documents provided by defendants will provide a defense to the filed MSJ, which is entirely based on defendants' perfected trademark filings.

There is no reason to delay further the orderly administration of this case. If plaintiff thinks it can make hay out of any documents provided, have at it. Discovery has ended. There is no basis for reopening discovery depositions.

Plaintiff seeks to outspend defendants and crush them under the weight of ill-gotten gains obtained by selling unauthorized and counterfeit goods in the United States. At some point, the merits of this case must be determined, based on the lawfully registered trademarks held by defendants.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

BN 84989681v1

6

JOINT STATUS REPORT RE: FORENSIC EXAMINATION –
CASE NO. 3:23-cv-00223-JO-DDL

In summary, defendants have now provided vast amounts of information to Plaintiff's Examiner, including information, which is personal in nature, and not relevant to the dispute at hand.  Plaintiff's assertion that defendants have been anything other than fully compliant in this last round of inquiry is disingenuous and false.  At some point, the court must let the chips fall where they may and allow the case to move toward trial and pre-trial motions.  The court has indulged plaintiff's constant discovery barrages long enough.

Dated:  October 7, 2024            BUCHALTER
                                   A Professional Corporation


                                   By: */s/ Sanjay Bhandari*
                                       SANJAY BHANDARI

                                   Attorneys for Plaintiff
                                   TWINS SPECIAL CO., LTD.


Dated:  October 7, 2024            THE LAW OFFICES OF STEPHEN B. MORRIS


                                   By: */s/ Stephen B. Morris*
                                       STEPHEN B. MORRIS


                                   Attorney for Defendants
                                   TWINS SPECIAL, LLC; & NICHOLAS and
                                   CHRISTOPHER MECHLING

## LOCAL RULE 5-4.3.4 COMPLIANCE

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

Dated:  October 7, 2024            BUCHALTER
                                   A Professional Corporation


                                   By: */s/ Sanjay Bhandari*
                                       SANJAY BHANDARI

                                   Attorneys for Plaintiff
                                   TWINS SPECIAL CO., LTD.

BUCHALTER
A Professional Corporation
San Diego

BN 84989681v1

7

JOINT STATUS REPORT RE: FORENSIC EXAMINATION –
CASE NO. 3:23-cv-00223-JO-DDL