**Exhibit A to Dkt. 267**
**Timeline of Defendants' August 12, 2024 to October 7, 2024 Contempt of Court Orders**

| Date | Event[1] |
|---|---|
| *Sanctions Order Contempt* | |
| 8/12/24 | Twins Special, LLC disobeys District Judge Ohta's orders (Dkt. 232, 232 (compensating Twins Thailand for Defendants' prior noncompliance with court orders)) to pay first installment of $5,000 in sanctions by 5 p.m. Payment made one day later. |
| 8/21/24-9/17/24 | After Franchise Tax Board's August 21, 2024 suspension of Twins LLC (see Ex. A to Dkt. 237), Twins LLC first admits it cannot continue in litigation (Dkt. 237), then claims a August 19, 2024 Assignment cures this (242 and 242-1), and conditions sanctions payment on the Court's acceptance of the Assignment. (On 9/17, one day after the next $5,000 sanctions payment was due, N. Mechling acknowledged he is "responsible for complying with the court's [sanctions] order" but threatened payment "may not be completed" if the Court rejects the Assignment.) |
| 9/18/24 | District Judge Ohta rejects the Assignment, and orders Twins LLC to pay the overdue $5,000 no later than 9/19. Dkt. 250. |
| 9/19/24 | Twins LLC does not pay $5,000 by 9/19, and has not paid it to date. |
| 9/27/24 | District Judge Ohta, after learning Twins LLC did not pay even by 9/19, orders all Defendants to pay the overdue $5,000 "as soon as possible" and the third installment "on or before October 14." Dkt. 254. |
| 9/28/24 to present | All Defendants in continuous contempt of the 9/27 sanctions order, which remains unpaid. |
| *Forensic Examination Order Contempt* | |
| 9/4/24 | Forensic examination order issues. Dkt. 239. |
| 9/10/24 | Examiner issues disclosure form to Mechlings' email. (Form is never signed, even after Examiner fills it out and provides it based on Defendants' statements on 9/30/24.) |
| 9/10/24 to 9/13/24 | Multiple calls and emails from the Examiner not returned by the Mechlings. |
| 9/13/23 | Plaintiff emails all requesting prompt response to the Examiner. No response. |
| 9/16/23 | Plaintiff emails draft neutral statement for a discovery conference for a finding of contempt. Defendants claim disclosure form confusion. Counsel reach compromise allowing Defendants to provide written forms as best they can, followed by a call with the Examiner to fill in further details. |
| 9/17-9/19/23 | Defendants immediately breach the 9/16 deal, providing no draft disclosure form and refusing to respond to the Examiner's contacts including his |

---

[1] Each fact is believed to be undisputed, and is provable by Defense admissions or court orders.

**Exhibit A to Dkt. 267**
**Timeline of Defendants' August 12, 2024 to October 7, 2024 Contempt of Court Orders**

| | |
|---|---|
| | requests to identify a time for a meeting to go over any concerns. Examiner sends times for a call each day and attends each; the Mechlings do not. |
| 9/19/24, 4 p.m. | Defendants finally connect to a Zoom call with Examiner. They do not say that they do not understand disclosure form, and decline the Examiner's offer of help. They also refuse to provide their Gmail login information, or any other useful information. |
| 9/20/24, approx. 3pm | The Mechlings and Examiner have another call. The Mechlings again refuse to provide any information necessary to begin the examination. |
| 9/20/24 | Magistrate Judge Leshner issues order requiring both Mechlings' in-person cooperation with examination in San Diego if they do not remotely complete section II(a) of the September 4 order by September 26. |
| 9/21/24 | Examiner emails the Mechlings the dates by which information and device turnover would be needed to complete section II(a) in time to avoid in-person examination. The Mechlings do not respond, and do not comply. |
| 9/26/24 | Around 11 p.m. U.S. time (9/27 Asia time), the Mechlings tell the Examiner their questions have cleared and offer device pick-up times the next day. |
| 9/27/24 | The parties file a status report (Dkt. 255); the Court confirms the September 30 in-person examination (Dkt. 256). |
| 9/30/24 | Only N. Mechling (not C. Mechling) complies with the order to appear for in-person cooperation with the examination. (Because the Mechlings have supplied no meaningful information about their devices, the forensic examination team brings three people to San Diego, with multiple devices and capabilities.) Forensic examination begins with disclosures, then proceeds to imaging four devices and starting downloads from cloud-based accounts. N. Mechling released after promising to promptly forward information Google would send him (required to complete the cloud-based copying). |
| 10/1/24 | Defendants confess to withholding evidence. Dkt. 266-1. They are provided upload links for the withheld evidence the same day. |
| 10/4/24 | Plaintiff learns Defendants did not supply withheld evidence, and urges prompt cure. Not done: no uploads on 10/4 or 10/5, or 10/6 until nearly the end of the day. |
| 10/1/24-10/6/24 | N. Mechling does not forward links needed to complete cloud-based copying until weekend of 10/5-6/24. |
| 10/6/24, approx. 10 pm | Uploads begin to the link provided for Mechling upload of withheld evidence. |
| 10/7/24, approx. 9:14 a.m. | N. Mechling tells examination team he is seeing errors using the upload link for withheld evidence. It is unclear whether uploads of withheld evidence are complete as of this filing. |

BN 84994808v1