UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., a private limited company organized under the laws of Thailand,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>TWINS SPECIAL, LLC, NICHOLAS MECHLING, an individual, CHRISTOPHER MECHLING, an individual, TWINS SPECIAL, an unincorporated general partnership, and DOES 1-10, inclusive,<br>　　　　　　　　　　　Defendants. | Case No.: 23-cv-223-JO-DDL<br>Related Case No.: 21-cv-221-JO-DDL<br><br>**ORDER CLARIFYING ORDER ON STIPULATION FOR FORENSIC EXAMINATION** |

　　　　On September 4, 2024, the Court issued an Order on the parties' stipulation for a forensic examination of electronic devices and cloud-based accounts utilized by defendants. Dkt. No. 239. The Order required that the forensic examination "be conducted by an independent forensic examiner" who would "search for and locate documents (if any) relevant to this proceeding that have not been previously produced." *Id.* at 2. The Order further required the parties to "cooperate promptly and fully with the Examiner, including by promptly meeting the Examiner (or his agents) for device turnover at locations reasonably close to the devices' locations, and promptly supplying information, passwords, and credentials required to access and decrypt data." *Id.*

At a motion hearing on October 15, 2024, Plaintiff sought clarification regarding the scope of the forensic examination pursuant to the Order. The Court directed the parties to meet and confer "regarding any addendum to the stipulated order for forensic examination governing the forensic examiner's use of artificial intelligence to identify documents responsive to requests for production" and to file any proposed addendum to the order by not later than October 16, 2024. Dkt. No. 277 at 2.

On October 16, 2024, the parties filed a joint status report containing five jointly requested clarifications to the Order and one clarification requested by Plaintiff but not Defendants. Having considered the parties' joint status report and recent events in this litigation, which include a notification by defense counsel that defendants Nicholas and Christopher Mechling deleted certain responsive documents due to alleged "privacy concerns," the Court clarifies the Order (Dkt. No. 239) as follows:

1. The Examiner is permitted to engage in any tasks he deems necessary in his professional judgment, and in conformity with industry norms, to carry out his duties as set forth in the Order.

2. Without limiting the ability of the Examiner to undertake tasks he deems necessary to carry out his duties, and in addition to the tasks authorized under the Order, the Examiner is permitted to use a list of terms reasonably selected by the Examiner to identify documents responsive to the Requests for Production of Documents previously served on Defendants.

3. Once the Examiner has collected a set of documents through the methods set forth in the Order and herein, the Examiner shall use technology-assisted review (AI) to prioritize and identify the most likely to be responsive documents for production.

4. If the Examiner locates additional avenues of searching, such as the discovery of non-produced devices or data, the Examiner is authorized to use his professional judgment and accepted ESI search protocols to pursue those leads to locate additional data which would be the subject of the Order.

///

5. Once the Examiner has located potentially responsive non-produced documents, he will provide those documents to Defendants' counsel (or to Defendants if they are representing themselves), who shall have three business days to identify any specific documents within that set which Defendants claim are privileged and to provide a privilege log to Plaintiff or to notify Plaintiff that there are no privilege issues. Any documents not identified as privileged within the aforementioned timeframe shall be produced forthwith to Plaintiff and Defendants by the Examiner.

6. The Examiner shall provide to Plaintiff and Defendants (in conformity with Paragraph 5 above) any documents, evidence or data the Examiner locates that demonstrate or are relevant to the claim that the Defendants did not previously comply with Court orders, including evidence demonstrating the destruction, concealment, removal or deletion of data prior to production to the examiner.

**IT IS SO ORDERED.**

Dated: October 17, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge