# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br>     Plaintiff, <br> vs. <br> TWINS SPECIAL, LLC, *et al.*, <br>     Defendants. | CASE NO. 3:23-cv-00223-JO-DDL <br> [Consolidated with <br> CASE NO. 3:21-cv-00221-JO-DDL] <br> **[PROPOSED] ORDER RE OCTOBER 17, 2024 HEARING** |
| TWINS SPECIAL, LLC, <br>     Counter-Claimant, <br> vs. <br> TWINS SPECIAL CO., LTD., <br>     Counter-Defendant. | Presiding Judge:   Hon. Jinsook Ohta <br> Magistrate Judge:  David D. Leshner |
| AND CONSOLIDATED ACTION. | |

On October 17, 2024, the Court issued oral rulings on the motions of Plaintiff Twins Special Co., Ltd. ("Twins Thailand") for dismissal and default [Dkt. 240] and for a finding of contempt [Dkt. 252] against Defendants Twins Special, LLC, Nicholas Mechling, and Christopher Mechling. For the record, the Court now formalizes portions of its oral rulings as follows.

/ / /

The Court, having considered the papers on file and arguments of counsel, for the reasons stated on the record at the October 17 hearing and prior hearings, and for good cause shown, issued orders that included the following findings and judgments:

1. As of on or about August 21, 2024, and continuing to the present, Twins Special, LLC has been suspended by California's Franchise Tax Board. As a suspended entity, under California Revenue and Taxation Code section 23301, Twins Special, LLC may not exercise any corporate "powers, rights and privileges," and therefore "may not prosecute or defend an[y] action" in litigation, including in both state and federal court. *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (1999); *Weinstock v. Sinatra*, 379 F. Supp. 274, 277 (C.D. Cal. 1974). Defendants' offer of a purported August 19, 2024 Assignment as a cure to this suspension [*see* Dkt. 242] was rejected as invalid and/or ineffective. Therefore, in light of Twins Special, LLC's suspension and inability to continue in litigation:

   a. Each of Twins Special, LLC's ten claims against Twins Thailand [*see* Dkt. 81] were dismissed.

   b. Twins Special, LLC's Motion for Summary Judgment [Dkt. 220] was stricken.

   c. Twins Thailand was permitted to seek entry of default judgment on its claims against Twins Special, LLC, through a separately filed, regularly noticed motion.

   d. Defendants' apparent request for a stay to allow revival of its corporate status [Dkt. 251] was rejected, but its time to file a motion for reconsideration of the above was extended to January 7, 2025. Any such motion must include an affidavit from an attorney or CPA certifying that the entity was revived by FTB; that all taxes, penalties and interest were paid; that all monetary sanctions owed to Twins Thailand have been paid; and that counsel for Twins Special, LLC is current on payment of fees.

2.	Twins Special, LLC did not demonstrate good cause for its failure to abide by the Court's orders to timely pay monetary sanctions to Twins Thailand [*see, e.g.,* Dkt. Nos. 232, 250], and therefore was in contempt. However, the Court declined to impose additional monetary sanctions as of October 17, and declined to extend the sanctions obligation to the individual Defendants. Twins Thailand was permitted to request additional monetary sanctions related to Twins Special, LLC's failure to abide by the Court's monetary sanctions orders if Twins Special, LLC files a motion for reconsideration on or before January 7, 2025.

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE JINSOOK OHTA
United States District Court Judge