BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W. Broadway, Suite 1600
San Diego, CA 92101-8494
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email: sbhandari@buchalter.com
       echaidez@buchalter.com
       netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TWINS SPECIAL, LLC, et al., <br><br> Defendants. | CASE NO. 3:23-cv-00223-JES-DDL <br> [Consolidated with <br> CASE NO. 3:21-cv-00221-JES-DDL] <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4** <br><br> Date: December 18, 2024 <br> Time: 11:30 a.m. <br> Courtroom: 4B <br> Judge: Hon. James E. Simmons, Jr. |

1
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4**
3:23-CV-00223-JO-DDL

BUCHALTER
A Professional Corporation
San Diego

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Neutral Summary of the Parties' Dispute

Plaintiff Twins Thailand is a Thailand-based family-run company that "created brands of boxing gear and martial arts equipment under the names TWINS SPECIAL and KING PROFESSIONAL." [ECF 81, ¶ 150.][1] In 2009, Twins Thailand and Defendants Nicholas and Christopher Mechling (the "Mechlings") began working together on distribution of goods in North America. [*Ibid.*] This led to two contracts: a 2010 Agreement that led to the formation of Defendant Twins USA [*Id.* ¶¶ 153-54], and a 2013 Agreement that reallocated shares in Twins USA. [*Id.* ¶ 158.][2] The parties disagree about the effect of these contracts and governing law. A central issue is whether Twins Thailand may sell goods internationally as Defendants admit it always has, before and after these contracts.

### B. Procedural History

Twins Thailand filed this case on March 22, 2022. [ECF 1.] From service of process on,[3] Defendants' misconduct has hindered the progress of this case. This misconduct includes them not paying or communicating with their counsel of record;[4] not abiding by court orders to promptly obtain new counsel;[5] not paying

---

[1] Twins Thailand derives this neutral summary of the parties' claims from defendants' answer [ECF 81] and plaintiff's complaint [ECF 78]. (The operative complaint was filed March 29, 2023 [ECF 78], and answered by defendants on April 12, 2023 [ECF 81].)
[2] The 2010 Agreement consists of two documents attached as Exhibit 1 and 2 to Defendants' answer [ECF 81]; the 2013 Agreement consists of the one-page document attached as Exhibit 3 to it [*Id.* ¶¶ 154, 158.]
[3] The Mechlings told their first attorneys to refuse to accept service, requiring Plaintiff to spend months tracking down the Mechlings (who live overseas) for in-person service of process. [ECF 194 at PDF page 9-10 (Mem. at 1:25-2:7)].
[4] *Id.* at PDF pages 10-12; *see also* ECF 124, 176. Both of Twins USA's previous attorneys withdrew due to issues including failure to communicate with the Mechling brothers and obtain payment from them. [*See* ECF 108-2, ¶ 2; ECF 163, ¶ 3.] Twins USA's current counsel filed a declaration on October 14, 2024 stating Twins USA is delinquent on payment of fees. [ECF 271].
[5] ECF 194 at PDF pages 10-12 (Mem. at 2-4).

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

2
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4
3:23-CV-00223-JO-DDL

monetary sanctions as ordered;[6] and discovery misconduct that led to a court-ordered forensic examination, which found that Defendants withheld hundreds of thousands of documents, destroyed evidence, and otherwise did not comply with court orders.[7] Because of Defendants' misconduct, the scheduling order has been indefinitely suspended,[8] and Judge Leshner set a December 4, 2024 (subsequently continued to December 10) evidentiary hearing on whether Defendants' discovery misconduct should result in contempt and terminating sanctions. [*See generally* ECF 288-1 and 290.] These delays (and the misconduct that caused them) have been very costly to Twins Thailand, amounting to well over $400,000 in fees and costs [ECF 288-3 at 13-14], and at least the same in business harms from years of customer confusion.[9]

On August 21, 2024, the California government suspended Twins USA, which the parties agreed cut off Twins USA's ability to prosecute or defend this case. [*See* ECF 237 and 237-1.][10] When Twins USA failed to present the Court a viable plan to

---

[6] ECF 254 (minute order directing Defendant Twins USA to promptly pay delinquent sanctions payments).

[7] ECF 288-2 (Decl. of D. Thankachan (forensic examiner), attesting that the forensic examination provides solid evidence that the Mechlings withheld "massive amounts of evidence" from discovery (¶ 4(a)), obstructed the court-ordered forensic examination (¶ 3(b)), and wiped devices while under a court order to provide those devices for examination (¶ 4(b)), among other misconduct).

[8] Twins USA's failure to retain counsel led to significant delays in the case calendar (compare ECF 91 (initial scheduling order, setting, e.g., expert discovery cutoff of January 18, 2024) with ECF 179 (amended scheduling order setting expert discovery cutoff of July 19, 2024)), many burdensome hearings for Judge Leshner, Judge Ohta, and other parties, and other prejudice detailed below. The current scheduling order (ECF 179) will have to be amended again due to Twin -US LLC's failure to cooperate in discovery throughout this litigation. [*See* ECF 288.]

[9] This business harm was detailed in prior filing, incorporated herein by reference, see ECF 194 at PDF p. 12-13 (mem. of points and authorities at 4-5) and ECF 194-1 (Bhandari Decl.) (documenting worldwide litigation and customer confusion).

[10] *See generally* Fed. R. Civ. P. 17(b)(2) (entity's capacity to sue or be sued is determined "by the law under which it was organized"); Cal. Rev. & Tax Code § 23301 (suspension bars entities from exercising any corporate "powers, rights and privileges"); *Palm Valley Homeowners Ass'n, Inc. v. Design MTC*, 85 Cal. App. 4th 553, 556 (2000) ("The rule is clear that a corporation suspended for nonpayment of taxes may not defend itself in litigation."); *Grell v. Laci Le Beau Corp.,* 73 Cal. App. 4th 1300, 1306 (1999) (suspended California entity "may not prosecute or defend an action," including filing motion in court); *Smith v. Vanowen Canoga Apartments, LLC*, No. 14-cv-07828, 2015 WL 401360, at *1 (C.D. Cal. Jan. 28, 2015) (applying CRTC 23301 to strike answer of California LLC).

3
BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4**
3:23-CV-00223-JO-DDL

remove this suspension, the Court struck Twins USA's counterclaims, answer, and pending motion for summary judgment.[11] [ECF 284.] The Court entered default against Twins USA, and ordered Twins Thailand "to file a renewed motion for default judgment specifying and supporting the relief requested." [*Id.*; *see also* ECF 285 (Clerk's entry of default).]

## II. **LEGAL STANDARD**

Twins Thailand seeks default judgment only on the two claims on which Twins USA is the only defendant: claims 3 and 4 for cancellation of Twins USA's trademark registrations.[12]

Courts apply the following test in deciding whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). Well-pleaded factual allegations of the complaint are taken as true, except on the amount of damages, on which evidence is required. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987); *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

---

[11] The Court made this ruling after allowing Twins USA the opportunity to provide a concrete plan detailing how Twins USA planned to pay its taxes and revive its corporate status under California law. [ECF 250.]

[12] Twins Thailand limits this motion to those two claims because of its understanding that courts will not enter default judgment on claims against multiple defendants when only one defendant has defaulted. *Neilson v. Chang (In re First T.D. & Investment, Inc.)*, 253 F.3d 520, 532 (9th Cir. 2001) ("[W]hen a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."). For the same reason, Twins Thailand has not moved for default judgment against Twins Special (the general partnership), which defaulted in March 2024. [ECF 160 (clerk's entry of default).]

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

4

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4**
3:23-CV-00223-JO-DDL

## III. DISCUSSION

### A. *Eitel* Factors Analysis

The *Eitel* factors favor entry of judgment: Twins Thailand will be prejudiced by further delay (factor 1); its claims are meritorious and well-pleaded, with no reasonable possibility of a dispute concerning material facts (factors 2, 3 and 5); only injunctive relief is requested (factor 4); and Twins USA's conduct is not excusable (factor 6); which overcomes (factor 7) the policy favoring decisions on the merits.

#### 1. Prejudice

The first factor presumptively favors default. *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) ("As to the first factor, plaintiffs would suffer prejudice if the default judgment is not entered because plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."). Beyond this presumption, the facts summarized above establish prejudice. Twins USA has threatened and confused customers around the world through its improperly obtained, misused trademark registrations. Prejudice is both proven and presumptively in favor of default.

#### 2. Merits and Sufficiency (Factors 2, 3 and 5)

In weighing merits and sufficiency (usually considered together), courts examine whether Plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). If so, these factors favor default judgment. *Id.* A well-pled complaint also dispels the likelihood of a dispute of material facts. *Elektra*, 226 F.R.D. at 393 ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *PepsiCo*, 238 F. Supp. 2d at 1177.

/ / /

/ / /

5
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4**
3:23-CV-00223-JO-DDL

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

Twins Thailand's third and fourth claims seek the cancellation of Twins USA's our trademark registrations[13] on two independent bases: (1) that the Registrations should be cancelled pursuant to 15 U.S.C. § 1064(3) due to material misrepresentations made to the United States Patent and Trademark Office in connection with obtaining the Registrations; and (2) that the Registrations should be cancelled pursuant to 15 U.S.C. § 1064(3) because Twins USA misrepresented the source of the goods on which the marks are used.

Courts have concurrent jurisdiction with the Patent and Trademark Office over cancellation proceedings and may "determine the right to registration, order the cancellation of registrations … and otherwise rectify the register with respect to the registrations of any party to the action." *Philip Morris United States v. King Mt. Tobacco Co.*, 569 F.3d 932, 944 (9th Cir. 2007) (quoting 15 U.S.C. § 1119).

Material misrepresentations made in connection with the application for a trademark registration warrant the cancellation of the registration. *AECOM Energy & Constr., Inc. v. Ripley*, 348 F. Supp. 3d 1038, 1059 (C.D. Cal. Nov. 18, 2018), citing *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990). The applicant must have: (1) made a false representation regarding a material fact; (2) knowing it was false; (3) intending to induce reliance; and (4) the misrepresentation caused reasonable reliance; that (5) proximately caused damage. *Id.*

As evidenced by the well-pleaded allegations of the Second Amended Complaint, now taken as true, Twins USA and Booster Budo Fitness B.V.B.A. (Twins USA's predecessor in interest with respect to Registration No. 3,749,271) made many material misrepresentations to the Trademark Office in connection with the prosecution of the Registrations:

- The representations made as to the first use of the applied for marks by the applicants was inaccurate and materially misleading. Twins USA claimed

---

[13] U.S. Registration Nos. 4,848,711; 4,848,712; 4,848,713 and 3,749,271 (collectively, the "Registrations").

6

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4**
3:23-CV-00223-JO-DDL

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

first use dates of February 2003 (Registration Nos. 4,848,711 and 4,848,713) and February 2006 (Registration 4,848,712). The cited dates do not reflect Twins USA's use of the marks, but rather *Twins Thailand's* first use of the marks in the United States [ECF 78, ¶ 51] ("Each of the applications filed by Twins US in 2010 includes a date of first use of February 2003 and February 2006. These dates are prior to the formation of Twins US. In fact, the relied upon dates of first use are actually the dates of first use of the marks by Plaintiff in the United States"). Twins USA has conceded that the first use dates included in the trademark applications pre-date the formation of Twins USA. [ECF 81, ¶ 51] ("Defendants admit that the Claimed Date of First Use is prior to the formation of Twins LLC"). This admission by Defendants significantly reduced the possibility of a dispute regarding material facts.

- The applications that led to the issuance of the Registrations also represented that no other entity was using, or was entitled to use, the applied-for marks in commerce. This was inaccurate and misleading. When the applications for each of the Registrations were filed, and when post-registration declarations of use were filed with the Trademark Office, Twins USA and Booster Budo knew that Twins Thailand maintained rights in the applied-for marks and was selling goods bearing the marks in the United States. [ECF 78, ¶¶ 55, 56] (when the trademark applications were filed, "Twins US was aware of Plaintiff's rights in the mark which were the subject of the applications, knew that Plaintiff retained all rights to the applicable marks in Thailand, and knew that Plaintiff was continuing to sell products bearing the marks in the United States."). These facts were concealed from the Trademark Office by Twins USA and Booster Budo in order to secure the Registrations [ECF 78, ¶ 62].

- In connection with its post-registration declarations of use filed with the Trademark Office, Twins USA represented that Twins USA's rights were not subject to challenge. That was inaccurate and misleading. Third parties had challenged Twins USA's rights in the marks. [ECF 78, ¶ 62] ("[A]t the time Twins US made these representations, it was no longer using the Marks in commerce and at least one third party had challenged Twins US's claim of ownership of the Marks. Despite its knowledge as to these matters, Twins US concealed the true facts from the U.S. Trademark Office for the purpose of obtaining its Section 8 and 15 renewal.")

The Registrations are also subject to cancellation because Twins USA used the Registrations to pass off its own goods as originating from Twins Thailand. *McDonnell Douglas Corp. v. National Data Corp.*, 228 USPQ 45, 46 (T.T.A.B. 1985) (cancellation is appropriate where the user of a mark engages in the "blatant, aggressive misuse of a registered mark … in order to trade upon the renown and reputation" of the party seeking cancellation."). Twins Thailand's Second Amended Complaint sufficiently alleges that Twins USA has passed off its own goods as those of Twins Thailand for the purpose of deceiving consumers.[14] Twins USA's repeated efforts to deceive customers into believing Twins USA's goods bearing the marks were manufactured by and originated with Twins Thailand offers an independent basis for cancellation pursuant to 15 U.S.C. § 1064(3).

The well-pleaded allegations in Twins Thailand's Second Amended Complaint, which are deemed admitted, establish that cancellation of the Registrations is warranted based on the material misrepresentations made by Twins

---

[14] *See* ECF 78, ¶¶ 28-33 ("[D]espite the fact that it no longer has any or sufficient goods manufactured by Plaintiff in its possession, Defendants continued to make representations that the goods they were selling originated from the Plaintiff"; "Defendant's website also include references to certifications that Plaintiff's goods had received from various bodies" … Defendants continued to feature its purported continued ties to Plaintiff in promotional materials related to Plaintiff, including a promotional video featuring Plaintiff's products.").

8
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4**
3:23-CV-00223-JO-DDL

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

USA, its efforts to pass off its goods as those of Twins Thailand, and the harm caused thereby. [ECF 78, ¶¶ 28, 30-33, 55-65.]

### 3. Damages/Injunctive Relief (Factor 4)

Damages can requires additional proof and proceedings, but if only injunctive relief is sought, this factor weighs in favor of default judgment. *U.S. v. Barnes*, No. CV 14-5621 SJF(PLAx), 2015 WL 2386190, at 6 (C.D. Cal. Apr. 3, 2015). Because only injunctive relief is sought, this factor favors default judgment.

### 4. Excusable Neglect (Factor 6)

Excusable neglect is presumed to be absent where a defendant was properly served, resulting in this factor weighing in favor of default judgment. *Elektra*, 226 F.R.D. at 393; *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Defendant Twins USA was not only properly served, but litigated this case before default. Further, Defendant's litigation conduct has been inexcusable, from repeatedly violating court orders to destroying evidence. Judge Ohta's ruling denying Twins USA's request for a stay puts Twins USA's conduct outside the scope of excusable neglect: its principals knew since 2018 of Twins USA's suspended status but never cured it, and when given instructions by Judge Ohta on how to avoid default, Twins USA failed to follow those instructions. [ECF 250, 284.] This factor therefore favors default judgment.

### 5. Policy Favoring Decisions on the Merits (Factor 7)

Although this factor usually weighs against default judgments, it is neutralized where, as here, a party culpably fails to litigate. *J & J Sports Prods, Inc. v. Concepcion*, No. 10-CV-05092, 2011 U.S. Dist. LEXIS 60607, at *5, 2011 WL 2220101 (N.D. Cal. June 7, 2011) ("although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where defendants refuse to litigate"); *Phillip Morris USA, Inc., v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) (noting "the mere existence of Fed. R.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

9

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4**
3:23-CV-00223-JO-DDL

Civ. P. 55(b) indicates that [this] *Eitel* factor is not alone dispositive"); *PepsiCo*, 238 F. Supp. 2d at 1177; *Elektra*, 226 F.R.D. at 393.

## IV. CONCLUSION

For the reasons discussed above, given Defendant Twins USA's egregious misconduct and default, and resulting prejudice to Plaintiff, this Court, and tribunals worldwide, the Court should enter default judgment on Claims 3 and 4, for which Twins USA is the only defendant.

Specifically, Twins Thailand requests that an order be entered cancelling the Registrations and that said order be certified to the Director of the Patent and Trademark Office so that an appropriate entry may be made upon its records reflecting the cancellation of the Registrations. *See* 15 U.S.C. § 1119; *One True Vine, LLC v. Wine Group, LLC*, 2009 U.S. Dist. LEXIS 102489, *7 (N.D. Cal. Nov. 3, 2009).

DATED: November 18, 2024         BUCHALTER
                                 A Professional Corporation


                                 By: */s/ Sanjay Bhandari*
                                     SANJAY BHANDARI
                                     MATTHEW SEROR

                                     Attorneys for Plaintiff
                                     TWINS SPECIAL CO., LTD.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

10
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON CLAIMS 3 AND 4
3:23-CV-00223-JO-DDL