BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W. Broadway, Suite 1600
San Diego, CA 92101-8494
Telephone: (619) 219-5335
Facsimile: (619) 219-5344
Email: sbhandari@buchalter.com
       echaidez@buchalter.com
       netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TWINS SPECIAL, LLC, et al., <br><br> Defendants. | CASE NO. 3:23-cv-00223-JES-DDL <br><br> [Consolidated with CASE NO. 3:21-cv-00221-JES-DDL] <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS** <br><br> Date: December 10, 2024 <br> Time: 9:00 a.m. <br> Courtroom: 3A <br><br> District Judge: Hon. James E. Simmons, Jr. <br><br> Magistrate Judge: Hon. David D. Leshner |

## I. INTRODUCTION

Defendants' Opposition does not meet the Court's stated requirements to justify an evidentiary hearing. Nor does it meet the minimum thresholds of Rule 11 and 28 U.S.C. § 1927.

Instead of supplying evidence to put facts in dispute (as Ninth Circuit law requires, and the Court required in the November 8, 2024 pre-hearing conference), the Opposition consists entirely of evidence-free allegations. These allegations are often not even made in the text of the brief, but merely in argument headings. For example, the argument header at ECF 295, page 2, lines 23-26 claims that the Mechlings moved data but didn't destroy it, and later provided all data. But the text under this subheading says not one word about this, instead ruminating about what title the Examiner should have and the merits of artificial intelligence. ECF 295 at 2-3. The Court and Plaintiff are supplied no evidence putting in issue any part of the Examiner's sworn testimony. That testimony established that the Mechlings (1) did destroy data on their phones, (2) have at least one computing device they never provided, and (3) refused to confirm to the Examiner that they provided all data, despite multiple requests. *See* ECF 288-2 at 4-7.

There is no doubt that Defendants' obfuscation is intentional. For example, at page 3, lines 17-22, they say they "will provide clear details at the hearing" about their relationships with third parties (i.e., the sublicensees discussed in Plaintiff's papers). Defendants just refuse to reveal the yarns they plan to spin.

After observing these problems with the Defense's papers, Plaintiff asked Defense counsel to revise the Opposition to comply with Rule 11 and 28 U.S.C. § 1927. Defense counsel briefly withdrew his papers, but then refiled them with the same frivolous and vexatious arguments that had been called to his attention. The costs to Plaintiff and the burdens on this Court from these tactics over the past several months have been enormous. The Court's very dignity requires a strong response.

## II. ARGUMENT

### A. Defendants Waived Any Right to An Evidentiary Hearing

Under Ninth Circuit authority, this Court's local rules, and this Court's pre-hearing direction to the parties, each party was required to submit sworn affidavits putting in issue any contested fact.[1] Defendants supplied none. This was not an oversight, but an intentional attempt to corrupt and vexatiously prolong these proceedings. At the last contempt hearing, Defendants' counsel first stipulated to the Court ruling on the papers concerning contempt, and then when the Court's questions suggested that contempt would likely be found, counsel claimed that he had just received text messages from his client that shed additional light on the Examiner's contacts with Defendants. Now counsel has not only failed to supply those allegedly compelling messages, but stated in writing that Defendants intend to withhold any evidence until the hearing. ECF 295 at 3:19-22. This is unacceptable. At a minimum, it is an intentional waiver of any right to supply evidence to contest matters put in issue by Plaintiff's opening papers.

---

[1] "An evidentiary hearing is required [only] when the litigants offer proof 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude' that a contested issue of fact is in question." *Diaz v. San Jose Unified Sch. Dist.*, 861 F.2d 591, 597 (9th Cir. 1988) (affirming district court's denial of evidentiary hearing where plaintiffs "failed to file any declarations or affidavits supporting their position"). The purpose of an evidentiary hearing "is to resolve inconsistent portrayals of a fact, the resolution of which will bear on a court's decision. Thus, in order for a court to conduct an evidentiary hearing, the parties must (1) properly place before the court (2) inconsistent portrayals of (3) a material fact." *United States v. Moran-Garcia*, 783 F. Supp. 1266, 1269 (S.D. Cal. 1991) (holding that "before a court can identify the existence of a material, factual dispute . . . each party must properly place its portrayal of that fact before the court."); *see also* S.D. Cal. Civ. LR 7.1(f)(3)(b) (opposition papers "must contain a brief and complete statement of all reasons in opposition to the position taken by the movant . . . and [include] copies of all documentary evidence upon which the party in opposition relies.").

### B. Defendants Actions Were Not "Blunders" That Could Be Tardily Cured With No Consequences

Although Defendants are not entitled to any response to their evidence-free assertions, to assist the Court, Plaintiff below supplies authority dealing with the essence of Defendants' excuses.

First, Defendants seem to claim that significant sanctions are unwarranted because their conduct amounted to "procedural discovery blunders," ECF 295 at 2:10, arising from "extreme duress" and the "short amount of time allowed to the Mechlings" as pro se litigants to comply with discovery. *Id.* at 4-5. No evidence is cited, and none of this is true: the Mechlings had over a year to comply[2] as well as competent counsel who withdrew in part out of frustration with the Mechlings' failure to communicate about discovery, *see* ECF 163 at para. 2.

The evidence submitted shows that in document productions, in sworn depositions, in the Forensic Examination, and in their papers for this very hearing, Defendants have long and intentionally sought to misrepresent and obfuscate. *See generally* ECF 288-3, 295 at 3-4, 9-11. Terminating sanctions are fully justified. But for monetary sanctions, such corrupt intent is not required[3]: the failure to comply alone not only authorizes but *requires* monetary sanctions. *See infra* Section II.D.

---

[2] Defendants' discovery conduct first became an issue in this case 19 months ago, in May 2023, when they submitted their initial disclosures. *See* ECF 288-3 at 5. Defendants' document productions were brought to the Court's attention in August 2023. *See* ECF 105. Despite repeated opportunities and orders to properly supplement their production, Defendants spent the latter part of 2023 and all of 2024 in defiance of the rules. The issue was not time, but will.

[3] Rule 26(g) and Rule 37's mandatory fee shifting provisions do not require a finding of willfulness or bad faith. *Van Osten v. Home Depot, U.S.A., Inc.*, No. 19CV2106 TWR (BGS), 2021 WL 3471581, at *1 (S.D. Cal. May 4, 2021) (citing *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843-44 (9th Cir. 1976)). However, "evidence that the defendant acted willfully or recklessly in thwarting discovery and this court's subsequent investigation into alleged improprieties . . . nonetheless is relevant to the determination of the particular measures imposed to deal with the defendant's various

Second, Defendants claim lack of prejudice because the evidence has allegedly now been obtained; but this is both unconvincing and irrelevant even if it were true.[4]

Third, Defendants urge that sanctions should be tailored to the withheld evidence's "impact upon the determination of the case on its merits," ECF 295 at 4. However, they cite no authority supporting this claim, and Rule 26 and 37 caselaw is clear that monetary sanctions for noncompliance are based on expenses caused by the noncompliance. *See infra* Section II.D.

Fourth, Defendants claim that the forensic examination order was too vague to hold them accountable for well-meaning attempts to comply. This argument has no merit in light of the record evidence proving that Defendants intended to obstruct. This obstruction took place through refusals to tell the Examiner what devices they used; refusals to provide the devices; refusals to provide passwords and other information when directly asked; intentional deletions of devices; false claims to the Examiner about non-use of encrypted channels of communication; intentional removal of data from the Examiner's ability to examine; refusal to talk to the Examiner about whether the uploads of this removed data were completed; and other corrupt means. Any lack of a finite date of compliance does not render the Court's forensic examination order incomprehensible or unenforceable. Defendants' argument makes no sense in light of the fact that they never acted in good faith, and

---

transgressions." *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554 (N.D. Cal. 1987).

[4] Defendants claim their conduct created no prejudice because they *eventually* provided the forensic examiner with all responsive data. But this claim is highly suspicious given their repeated prior assertions on this issue which have been proven to be false. *See, e.g.*, ECF 288-3, Ex. A at 9 (Defendants' certification that, as of February 9, 2024, they had fully complied with Plaintiff's RFPs and the Court's order compelling production). Even so, belated compliance with court orders does not cure prejudice. *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997) ("Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts.").

still have not fully complied with the forensic examination order's directives, months after they should have.

### C. Collateral Estoppel Does Not Apply

Defendants' collateral estoppel argument is completely frivolous: not just unsupported but also a red herring. As the proponent of collateral estoppel, Defendants must prove its elements,[5] including the previously decided fact sought to be relitigated. Not only have Defendants offered no evidence about the finality of the order they cite (a preliminary injunction, to which collateral estoppel generally does not apply[6]), or the privity they allege (without evidence), but there is no relevant fact being relitigated at the December 10 hearing. Even if that order did establish that Defendants "are the rightful owners of the Marks" as alleged, ECF 295 at 8, this is irrelevant to the discovery misconduct being litigated. It is also duplicative of the pleadings in this case and the records of the U.S. Patent and Trademark Office.

### D. Plaintiff's Requested Monetary Sanctions Request Are Mandatory

Again, without citing any authority, Defendants claim that the Court should cut Plaintiffs' requested sanctions as unreasonable. The Court need not occupy itself with Defendants' discretion arguments because the monetary sanctions sought are mandatory: upon proof of noncompliance, resulting expenses must be awarded.[7]

---

[5] Collateral estoppel applies only "where (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005).

[6] Rutter Group, Fed. Civ. Proc. Before Trial [13:179.5]; *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

[7] *See* Fed. R. Civ. P 37(b)(2)(C) ("[T]he court *must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added); *see also Ruelas v. Alameda Cnty.*, No. 19-CV-07637-JST (SK), 2022 WL 21769762, at *2 (N.D. Cal. Nov. 1, 2022) ("While most sanctions for failure to comply with a discovery order are discretionary, awarding attorney's fees is mandatory."). Rule 26(g)(3) also mandates sanctions when a party

Defendants have not submitted any opposition to Plaintiffs' calculations of expenses, or to the fact that those expenses were caused[8] by Defendants' noncompliance. The Court has vast discretion in assessing both.[9] Widespread misconduct of the sort

---

submits and signs a false discovery disclosure, request, response, or objection. *See* Fed. R. Civ. P. 26(g)(3) ("[T]he court . . . must impose an appropriate sanction . . . The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."). A document production in response to a request for a production of documents is a discovery "response" under Rule 26(g). *See Owen v. Hyundai Motor Am.*, 344 F.R.D. 531, 537 (E.D. Cal. 2023); *see also Zox LLC v. Zox*, No. 221CV01609PASKX, 2021 WL 8649853, at *2 (C.D. Cal. Dec. 14, 2021).

[8] Courts use a "but-for" causation test to determine which fees are compensable as a result of discovery misconduct. *See Azamar v. Stern*, 278 F.R.D. 23, 25 (D.D.C. 2011) (citing *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1179 (D.C. Cir. 1985)); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017) (holding that, in determining the amount of sanctions pursuant to a court's inherent authority, "[t]he court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct. The award is then the sum total of the fees that, except for the misbehavior, would not have accrued.").

[9] In determining the precise amount of sanctions, courts "need not, and indeed should not, become 'green-eyeshade accountants.' The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Goodyear Tire*, 581 U.S. at 110. Here, the Court must impose fees for all the attorney work and costs arising from Defendants' failure to comply (the "triggering event") with the Court's February 9, 2024 order compelling the production of documents. *See* ECF 152. Instead of voluntarily complying, Defendants withheld massive amounts of responsive documents. *See* Declaration of Sheila Grela (filed contemporaneously herewith) at ¶ 4. This failure to obey a court order—a violation of Rule 37(b)(2)(C)—was the but-for cause of extensive briefing, further court orders and hearings, and forensic examination of hundreds of thousands of potentially-responsive documents. The causal chain is simple. Had Defendants provided all responsive documents regarding communications with sublicensees of Twins LLC as well as the Company's financial records as ordered by the Court in its February 9, 2024 order, there would have been no need for each of the following: (1) further discovery conferences to discuss the inadequacies of Defendants' supplemental production; (2) multiple hearings and status conferences regarding the forensic examination of Defendants' data and devices; (3) attorney time spent coordinating the logistics of the forensic examination and attempting to corral the Defendants into compliance; (4) numerous motions and

proven here consistently resulted in six and seven figure sanctions awards similar to the one requested here.[10] Plaintiff stands by its request and intends to supplement it with additional fees and costs through the December 10 hearing that Defendants unnecessarily provoked.

## III. CONCLUSION

Defendants' opposition papers intentionally fail to supply any reason to not award the sanctions Plaintiff has requested, and in fact further justifies sanctions

---

hearings for sanctions and contempt of court and the associated research and briefing costs; (5) the costs associated with the months-long forensic examination process; and (6) the attorney time and logistical costs of compelling and conducting further depositions of the Mechlings. In sum, but-for Defendants' continued refusal to play by the rules of discovery, none of the above costs and fees would have accrued. Rule 37(b)(2)(C) mandates Plaintiff to be reimbursed in full.

Monetary sanctions are also justified under Rule 26(g)(3), triggered by Defendants' many false certifications of the completeness of their document productions, including as to sublicensee-related documents on December 5, 2023. *See* Grela Decl. at ¶ 5 (collecting false certifications). As a result of these false certifications and deficient productions, costs and fees are due for the work by Plaintiff between December 5, 2023 and the present to track down documents and other information from the Defendants regarding sublicensees. *See id.* ¶ 10-16.

Finally, Rule 37(c)(1)(A) allows for the imposition of fees and costs arising out of a party's failure to comply with its initial disclosure obligations under Rule 26(a) and (e). The initial disclosures provided by Defendant on May 16, 2023, *see* Grela Decl. ¶ 5, provided no hint of the evidence they were hiding, and affirmatively misled Plaintiff, causing costs in the form of attorney time spent preparing and attending discovery conferences and drafting status reports in the latter half of 2023, *see* ECF 129, 134, 139, as well as researching and briefing a motion to compel supplemental disclosures, *see* ECF 147.

[10] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 32 (1991) (upholding a nearly $1 million fees award because party's fraudulent pleadings as well as discovery delay and harassment undermined credibility of entire case); *Env't Mfg. Sols., LLC v. Peach State Labs, Inc.*, 274 F. Supp. 3d 1298, 1331 (M.D. Fla. 2017) (granting attorneys' fees and costs in the amount of $593,907.82 because "the ramifications of [the] misconduct extended into the parties' retention of expert witnesses, their cross motions for summary judgment, pre-trial preparation . . . and extensive discovery into the misconduct.").

because of their frivolousness and intentional disobedience of binding instructions from this Court concerning the December 10, 2024 hearing.

Dated: December 6, 2024

BUCHALTER
A Professional Corporation

By: */s/ Sanjay Bhandari*
SANJAY BHANDARI
MATTHEW L. SEROR
EMILY S. CHAIDEZ
NEUSHA ETEMAD

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# EXHIBIT A

Query    Reports    Utilities    Help    Log Out

AO279,JANTZ,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.1) (Chicago)
### CIVIL DOCKET FOR CASE #: 1:21-cv-01538

Nicholas Mechling et al v. Operator of website muaythaifactory.com, The
Assigned to: Honorable Franklin U. Valderrama
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 03/19/2021
Date Terminated: 04/01/2022
Jury Demand: Defendant
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Nicholas Mechling**     represented by    **Amy Crout Ziegler**
Greer, Burns & Crain Ltd.
200 W Madison St
Ste 2100
Chicago
Chicago, IL 60606
312-987-2926
Email: aziegler@gbc.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin R. Gaudio**
Greer, Burns & Crain Ltd.
200 West Madison St
Suite 2100
Chicago, IL 60606
312-987-2922
Fax: 312-360-9315
Email: jgaudio@gbc.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jake Michael Christensen**
701 S. Wells Street
Ste Apt 1608
Chicago, IL 60607
847-431-9893
Email: jake.christensen@temu.com
*ATTORNEY TO BE NOTICED*

**Martin Francis Trainor**
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, IL 60606
708-475-1127
Email: mtrainor@gbc.law
*TERMINATED: 02/28/2022*

**Plaintiff**

**Christopher Mechling**     represented by    **Amy Crout Ziegler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                   **Justin R. Gaudio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jake Michael Christensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Martin Francis Trainor**
(See above for address)
*TERMINATED: 02/28/2022*

V.

**Defendant**

**Operator of website muaythaifactory.com, The**     represented by    **Joseph Giovanni Chu**
JCIP
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
(323) 983-2293
Fax: Pro Hac Vice
Email: joseph@jciplawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Adam Schaul**
JCIP
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
(323) 983-2293
Fax: Pro Hac Vice
Email: josh.schaul@jciplawyers.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michele Sharon Katz**
Advitam IP, LLC
150 S. Wacker Drive
Suite 2400
Chicago, IL 60606
312-332-7710
Fax: Not a member
Email: mkatz@advitamip.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2021 | 1 | COMPLAINT filed by Nicholas Mechling, Christopher Mechling; Jury Demand. Filing fee $ 402, receipt number 0752-18039046. (Attachments: # 1 Exhibit 1)(Gaudio, Justin) ( Linked document has the incorrect case number.). (Docket Text Modified by Clerk's Office) Modified on 3/19/2021 (aee, ). (Entered: 03/19/2021) |
| 03/19/2021 | 2 | AMENDED complaint by Nicholas Mechling, Christopher Mechling against The Operator of Website [REDACTED] (Attachments: # 1 Exhibit 1)(Gaudio, Justin) (Entered: 03/19/2021) |
| 03/19/2021 | 3 | EXHIBIT by Plaintiffs Christopher Mechling, Nicholas Mechling *Schedule A* regarding amended complaint 2 (Gaudio, Justin) Modified on 9/7/2021 (exr, ). (Entered: 03/19/2021) |

| | | |
|---|---|---|
| 03/19/2021 | 4 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for leave to file *under seal* (Gaudio, Justin) (Entered: 03/19/2021) |
| 03/19/2021 | 5 | CIVIL Cover Sheet (Gaudio, Justin) (Entered: 03/19/2021) |
| 03/19/2021 | 6 | ATTORNEY Appearance for Plaintiffs Christopher Mechling, Nicholas Mechling by Justin R. Gaudio (Gaudio, Justin) (Entered: 03/19/2021) |
| 03/19/2021 | 7 | ATTORNEY Appearance for Plaintiffs Christopher Mechling, Nicholas Mechling by Amy Crout Ziegler (Ziegler, Amy) (Entered: 03/19/2021) |
| 03/19/2021 | 8 | ATTORNEY Appearance for Plaintiffs Christopher Mechling, Nicholas Mechling by Jake Michael Christensen (Christensen, Jake) (Entered: 03/19/2021) |
| 03/19/2021 | 9 | ATTORNEY Appearance for Plaintiffs Christopher Mechling, Nicholas Mechling by Martin Francis Trainor (Trainor, Martin) (Entered: 03/19/2021) |
| 03/19/2021 | | CASE ASSIGNED to the Honorable Franklin U. Valderrama. Designated as Magistrate Judge the Honorable Beth W. Jantz. Case assignment: Random assignment. (exr, ) (Entered: 03/19/2021) |
| 03/22/2021 | 10 | MAILED trademark report to Patent Trademark Office, Alexandria VA (ec, ) (Entered: 03/22/2021) |
| 03/23/2021 | 11 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court grants Plaintiffs' Motion for Leave to File Under Seal 4 , and directs Plaintiffs to file Schedule A attached to the Amended Complaint and Exhibit 2 to the Declaration of Christopher Mechling under seal. Mailed notice (axc). (Entered: 03/23/2021) |
| 03/23/2021 | 12 | MAILED to plaintiff(s) counsel Lanham Mediation Program materials(ec, ) (Entered: 03/23/2021) |
| 03/25/2021 | 13 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for temporary restraining order *Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery* (Gaudio, Justin) (Entered: 03/25/2021) |
| 03/25/2021 | 14 | MEMORANDUM by Christopher Mechling, Nicholas Mechling in support of motion for temporary restraining order 13 (Gaudio, Justin) (Entered: 03/25/2021) |
| 03/25/2021 | 15 | DECLARATION of Justin R. Gaudio regarding memorandum in support of motion 14 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Gaudio, Justin) (Entered: 03/25/2021) |
| 03/25/2021 | 16 | DECLARATION of Christopher Mechling regarding memorandum in support of motion 14 (Attachments: # 1 Exhibit 1)(Gaudio, Justin) (Entered: 03/25/2021) |
| 03/25/2021 | 17 | EXHIBIT by Plaintiffs Christopher Mechling, Nicholas Mechling *Exhibit 2* regarding declaration 16 (Attachments: # 1 Exhibit 2)(Gaudio, Justin) Modified on 9/7/2021 (exr, ). (Entered: 03/25/2021) |
| 03/25/2021 | 18 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) (Gaudio, Justin) (Entered: 03/25/2021) |
| 03/25/2021 | 19 | MEMORANDUM by Christopher Mechling, Nicholas Mechling in support of motion for miscellaneous relief 18 (Gaudio, Justin) (Entered: 03/25/2021) |
| 03/25/2021 | 20 | DECLARATION of Justin R. Gaudio regarding memorandum in support of motion 19 (Attachments: # 1 Exhibit 1)(Gaudio, Justin) (Entered: 03/25/2021) |
| 03/25/2021 | 21 | NOTICE by Christopher Mechling, Nicholas Mechling re MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) 18 , MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for temporary restraining order *Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery* 13 (Gaudio, Justin) (Entered: 03/25/2021) |
| 03/25/2021 | 22 | Notice of Claims Involving Trademarks by Christopher Mechling, Nicholas Mechling (Gaudio, Justin) (Entered: 03/25/2021) |
| 04/01/2021 | 23 | MINUTE Entry before the Honorable Franklin U. Valderrama: Plaintiffs Nicholas Mechling and Christopher Mechling allege claims for trademark infringement and counterfeiting, and false designation of origin against Defendant. The Court grants the following motions: (i) Plaintiffs' Ex Parte Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery 13 ; and (ii) Plaintiffs' Motion for Electronic Service of Process 18 . Mailed notice (axc). (Entered: 04/01/2021) |

| Date | # | Description |
|---|---|---|
| 04/01/2021 | 24 | TEMPORARY RESTRAINING ORDER Signed by the Honorable Franklin U. Valderrama on 04/01/2021. Mailed notice (axc). Modified on 9/7/2021 (exr, ). (Entered: 04/01/2021) |
| 04/02/2021 | | BOND in the amount of $ 1,000 check, Receipt No.: 4624255057, posted by Greer, Burns & Crain, Ltd., on behalf of Christopher Mechling, Nicholas Mechling. (cp, ) (Entered: 04/08/2021) |
| 04/12/2021 | | SUMMONS Issued as to Defendant The Operator of Website muaythaifactory.com. (acm, ) (Entered: 04/12/2021) |
| 04/12/2021 | 25 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for preliminary injunction (Gaudio, Justin) (Entered: 04/12/2021) |
| 04/12/2021 | 26 | MEMORANDUM by Christopher Mechling, Nicholas Mechling in support of motion for preliminary injunction 25 (Attachments: # 1 Declaration of Justin R. Gaudio, # 2 Exhibit 1)(Gaudio, Justin) (Entered: 04/12/2021) |
| 04/12/2021 | 27 | NOTICE by Christopher Mechling, Nicholas Mechling re MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for preliminary injunction 25 (Gaudio, Justin) (Entered: 04/12/2021) |
| 04/12/2021 | 28 | SUMMONS Returned Executed by Nicholas Mechling, Christopher Mechling as to The Operator of Website [REDACTED] on 4/12/2021, answer due 5/3/2021. (Attachments: # 1 Declaration of Martin F. Trainor) (Trainor, Martin) (Entered: 04/12/2021) |
| 04/23/2021 | 29 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for extension of time *for Defendant to Respond to the Complaint* (Trainor, Martin) (Entered: 04/23/2021) |
| 04/26/2021 | 30 | The parties' unopposed motion for extension of time for defendant to respond to the complaint 29 is granted. Defendant's responsive pleading due on or before 6/2/2021. Mailed notice (axc). (Entered: 04/26/2021) |
| 05/26/2021 | 31 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for extension of time *for Defendant to Respond to the Complaint* (Trainor, Martin) (Entered: 05/26/2021) |
| 05/27/2021 | 32 | MINUTE entry before the Honorable Franklin U. Valderrama: Parties' unopposed motion for extension of time for defendant to respond to the complaint 31 is granted. Defendant's responsive pleading is due on or before 06/28/2021. Mailed notice (axc). (Entered: 05/27/2021) |
| 06/28/2021 | 33 | ANSWER to amended complaint *and Affirmative Defenses* by The Operator of Website [REDACTED] (Katz, Michele) (Entered: 06/28/2021) |
| 07/01/2021 | 34 | MINUTE Entry before the Honorable Franklin U. Valderrama: The Court directs counsel for Defendant to file an Appearance on or before 07/08/2021, pursuant to Local Rule 83.16. Additionally, on or before 07/15/2021, the parties shall file a joint initial status report. A template for the Joint Initial Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov/Judges.aspx by clicking on Judge Valderrama's name and then again on the link entitled 'Joint Initial Status Report'. In the report, the parties shall also include a proposed briefing schedule on Plaintiff's motion for preliminary injunction 25 . The parties are further ordered to review all of Judge Valderrama's standing orders and the information available on his webpage. Mailed notice (cn). (Entered: 07/01/2021) |
| 07/05/2021 | 35 | ATTORNEY Appearance for Defendant The Operator of Website [REDACTED] by Michele Sharon Katz (Katz, Michele) (Entered: 07/05/2021) |
| 07/15/2021 | 36 | STATUS Report by Christopher Mechling, Nicholas Mechling (Gaudio, Justin) (Entered: 07/15/2021) |
| 07/27/2021 | 37 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18504206. (Chu, Joseph) (Entered: 07/27/2021) |
| 07/28/2021 | 38 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorney Joseph Giovanni Chu's motion for leave to appear pro hac vice 37 is granted. Mailed notice (axc). (Entered: 07/28/2021) |
| 07/29/2021 | 39 | RESPONSE by The Operator of Website [REDACTED]in Opposition to MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for preliminary injunction 25 (Attachments: # 1 Declaration Declaration of Joshua Schaul)(Katz, Michele) (Entered: 07/29/2021) |
| 08/02/2021 | 40 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18523768. (Schaul, Joshua) (Entered: 08/02/2021) |
| 08/03/2021 | 41 | MINUTE entry before the Honorable Franklin U. Valderrama: Attorney Joshua Adam Schaul's motion for leave to appear pro hac vice 40 is granted. Mailed notice (axc). (Entered: 08/03/2021) |

| | | |
|---|---|---|
| 08/04/2021 | 42 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court directs Plaintiffs to file a reply in support of their motion for preliminary injunction 25 on or before 08/12/2021. Mailed notice (axc). (Entered: 08/04/2021) |
| 08/05/2021 | 43 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for leave to file *Second Amended Complaint Instanter* (Gaudio, Justin) (Entered: 08/05/2021) |
| 08/05/2021 | 44 | *Second* AMENDED complaint by Nicholas Mechling, Christopher Mechling against The Operator of Website [REDACTED] (Attachments: # 1 Exhibit 1)(Gaudio, Justin) (Entered: 08/05/2021) |
| 08/05/2021 | 45 | EXHIBIT by Plaintiffs Christopher Mechling, Nicholas Mechling *Schedule A* regarding amended complaint 44 (Gaudio, Justin) (Entered: 08/05/2021) |
| 08/06/2021 | 46 | MINUTE Entry before the Honorable Franklin U. Valderrama: The Court denies Plaintiffs' motion for leave to file second amended complaint instanter 43 without prejudice, because counsel has failed to indicate in the title and the body of the motion whether the motion is opposed or unopposed. Pursuant to the Court's Standing Order, "[b]efore filing a motion, the movant's counsel must ask opposing counsel whether there is an objection to the motion. Whether the motion is opposed or unopposed should be so identified in the title and body of the motion." Plaintiffs may file another motion for leave, and in that motion, counsel must indicate in the title and the body of the motion whether the motion is opposed or unopposed. The Court also strikes Plaintiffs' second amended complaint 44 and exhibit to the complaint 45 . Mailed notice (axc). (Entered: 08/06/2021) |
| 08/12/2021 | 47 | REPLY by Christopher Mechling, Nicholas Mechling to response in opposition to motion, 39 (Gaudio, Justin) (Entered: 08/12/2021) |
| 08/12/2021 | 48 | NOTICE by Christopher Mechling, Nicholas Mechling re reply to response to motion 47 (Gaudio, Justin) (Entered: 08/12/2021) |
| 08/16/2021 | 49 | ATTORNEY Appearance for Defendant Operator of website muaythai-fighting.com by Joseph Giovanni Chu (Chu, Joseph) (Entered: 08/16/2021) |
| 09/01/2021 | 50 | MEMORANDUM Opinion and Order Signed by the Honorable Franklin U. Valderrama: For the reasons stated in the Opinion and Order, the Court grants Plaintiffs' Motion for Entry of a Preliminary Injunction 25 . Enter preliminary injunction order. Mailed notice (axc). (Entered: 09/01/2021) |
| 09/03/2021 | 51 | PRELIMINARY INJUNCTION ORDER signed by the Honorable Franklin U. Valderrama on 9/3/2021. Mailed notice (cn). (Entered: 09/03/2021) |
| 09/03/2021 | 52 | MINUTE entry before the Honorable Franklin U. Valderrama: The court refers discovery supervision, including setting deadlines, and settlement to Magistrate Judge Jantz. Greer, Burns & Crain, Ltd. is ordered to add all Defendant names listed in the Schedule A to the docket within three business days. Instructions can be found on the court's website located at https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_cmecf/pdfs/v60/Add_Terminate_Instructions.pdf Mailed notice (Attachments: # 1 Add-Terminate Party Instructions) (cn). (Entered: 09/03/2021) |
| 09/03/2021 | 53 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Beth W. Jantz for the purpose of holding proceedings related to: discovery supervision, including setting deadlines, and settlement. (cn) Mailed notice. (Entered: 09/03/2021) |
| 09/03/2021 | 54 | MINUTE entry before the Honorable Beth W. Jantz: This matter has been referred to the Magistrate Judge for discovery scheduling and supervision and for purposes related to settlement 53 . The parties are directed to review Judge Jantz's standing orders on initial status conferences and reports, and on settlement conferences. A joint status report is due 9/16/2021. A telephonic initial status conference is scheduled for 09/22/2021 at 1:00 p.m. To join the status conference by phone, counsel shall dial 888-273-3658 and enter access code 2217918. Members of the public and media will be able to call in to listen to this hearing as well. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (as, ) (Entered: 09/03/2021) |
| 09/15/2021 | 55 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for leave to file *Second Amended Complaint Instanter* (Gaudio, Justin) (Entered: 09/15/2021) |
| 09/15/2021 | 56 | *Second* AMENDED complaint by Nicholas Mechling, Christopher Mechling against Operator of website muaythaifactory.com, The (Attachments: # 1 Exhibit 1, # 2 Schedule A)(Gaudio, Justin) (Entered: |

| | | |
|---|---|---|
| | | 09/15/2021) |
| 09/16/2021 | 57 | STATUS Report by Christopher Mechling, Nicholas Mechling (Gaudio, Justin) (Entered: 09/16/2021) |
| 09/16/2021 | 58 | MINUTE entry before the Honorable Franklin U. Valderrama: Plaintiff's unopposed motion for leave to file second amended complaint instanter 55 is granted. Plaintiffs are directed to file their second amended complaint as a separate docket entry. Defendant's responsive pleading is due by 10/05/2021. Mailed notice (axc). (Entered: 09/16/2021) |
| 09/20/2021 | 59 | *Second* AMENDED complaint by Nicholas Mechling, Christopher Mechling against Operator of website muaythaifactory.com, The (Attachments: # 1 Exhibit 1, # 2 Schedule A)(Gaudio, Justin) (Entered: 09/20/2021) |
| 09/20/2021 | 60 | MINUTE entry before the Honorable Beth W. Jantz: Telephonic status set for 09/22/2021 is cancelled and reset to 10/12/2021 at 10:15 a.m. Mailed notice. (as, ) (Entered: 09/20/2021) |
| 09/22/2021 | 61 | ANSWER to amended complaint , ANSWER to amended complaint by Operator of website muaythaifactory.com, The(Schaul, Joshua) (Entered: 09/22/2021) |
| 10/12/2021 | 62 | MINUTE entry before the Honorable Beth W. Jantz: Status hearing held on 10/12/2021 and continued until 10/18/21 at 2 p.m. CT. Defendant did not appear for the status hearing. To join the continued status hearing, dial 888-273-3658 and enter access code 2217918. Before the next status hearing, the parties should meet and confer telephonically on the status of discovery and any settlement negotiations. Mailed notice. (ym, ) (Entered: 10/12/2021) |
| 10/12/2021 | 63 | ENTERED IN ERROR. (ym, ) Modified on 10/12/2021 (ym, ). (Entered: 10/12/2021) |
| 10/12/2021 | 64 | NOTICE of Correction regarding document 63 . (ym, ) (Entered: 10/12/2021) |
| 10/19/2021 | 65 | MINUTE entry before the Honorable Beth W. Jantz: Status hearing held on 10/18/21. The parties report that written discovery is ongoing and that they anticipate that there will be 3-5 depositions. The parties are directed to submit a joint status report by 12/9/21 (a) confirming or nearing completion on written discovery, (b) a schedule for completing the depositions by their proposed, and now adopted, fact discovery close of 2/28/22, and (c) any interest in a settlement conference with the Court. Any amendments to the pleadings due by 1/27/22. Mailed notice. (as, ) (Entered: 10/19/2021) |
| 12/09/2021 | 66 | STATUS Report by Christopher Mechling, Nicholas Mechling (Gaudio, Justin) (Entered: 12/09/2021) |
| 12/10/2021 | 67 | MINUTE entry before the Honorable Beth W. Jantz: The Court has reviewed the parties' joint status report 66 . The parties are directed to submit another JSR by 1/14/22 addressing the status of the parties' settlement agreement. If dismissal papers are on file in advance of the next JSR date, the parties need not file the JSR. Mailed notice. (as, ) (Entered: 12/10/2021) |
| 12/16/2021 | 68 | MOTION by Defendant Operator of website muaythaifactory.com, The to stay (Attachments: # 1 Declaration)(Katz, Michele) (Entered: 12/16/2021) |
| 12/17/2021 | 69 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court strikes Defendant's Motion to Stay 68 . Defendant's motion violates Local Rule 5.2(e), which states that line spacing for any filed document shall be at least 2.0 lines and that size of the type in the body of the text shall be 12 points. By 12/22/2021, Defendant may file another motion to stay that complies with Local Rule 5.2. Mailed notice (axc). (Entered: 12/17/2021) |
| 12/17/2021 | 70 | MOTION by Defendant Operator of website muaythaifactory.com, The to stay (Attachments: # 1 Declaration)(Katz, Michele) (Entered: 12/17/2021) |
| 12/20/2021 | 71 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court sets the following briefing schedule on Defendant's motion to stay as follows: Plaintiffs' response is due by 01/10/2022; Defendant's reply is due by 01/24/2022. Mailed notice (axc). (Entered: 12/20/2021) |
| 01/10/2022 | 72 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for leave to file *under seal* (Gaudio, Justin) (Entered: 01/10/2022) |
| 01/10/2022 | 73 | RESPONSE by Christopher Mechling, Nicholas Mechlingin Opposition to MOTION by Defendant Operator of website muaythaifactory.com, The to stay 70 (Attachments: # 1 Declaration Jake M. Christensen, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Gaudio, Justin) (Entered: 01/10/2022) |
| 01/10/2022 | 74 | SEALED EXHIBIT by Plaintiffs Christopher Mechling, Nicholas Mechling *Exhibit 4* regarding response in opposition to motion, 73 (Gaudio, Justin) (Entered: 01/10/2022) |

| Date | # | Description |
|---|---|---|
| 01/11/2022 | 75 | MINUTE entry before the Honorable Beth W. Jantz: In light of the parties' recent filings, a status hearing is set for 1/21/22 at 10:00 a.m. The parties should be prepared to discuss the status of their settlement agreement. To join the hearing, dial 888-273-3658 and enter access code 2217918. In light of this status hearing, no JSR need be filed on 1/14/22. Mailed notice. (as, ) (Entered: 01/11/2022) |
| 01/19/2022 | 76 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court grants Plaintiff's Motion for Leave to File Under Seal 72 . Mailed notice (axc). (Entered: 01/19/2022) |
| 01/21/2022 | 77 | MINUTE entry before the Honorable Beth W. Jantz: Status hearing held on 1/21/22 and continued until 2/4/22 at 10:45 a.m. The parties continue to negotiate terms of a settlement agreement, but report that there have been delays on both sides. Plaintiff to respond to defendant's latest draft settlement agreement by 1/26/22. At the next status hearing, the parties should be prepared to discuss the state of their settlement negotiations. If the parties' settlement negotiations have been unsuccessful, a discovery schedule will be reset on 2/4/22, unless and until a stay is granted by the District Judge. To join the next hearing, dial 888-273-3658 and enter access code 2217918. Mailed notice. (as, ) (Entered: 01/21/2022) |
| 01/24/2022 | 78 | REPLY by Operator of website muaythaifactory.com, The to response in opposition to motion, 73 (Attachments: # 1 Declaration of Joshua A. Schaul, # 2 Exhibit to Declaration of Joshua A. Schaul)(Schaul, Joshua) (Entered: 01/24/2022) |
| 02/04/2022 | 79 | MINUTE entry before the Honorable Beth W. Jantz: Status hearing held on 2/4/22 and continued until 2/18/22 at 9:30 a.m. The parties report that they are close to finalizing their settlement agreement. If the parties finalize their agreement in advance of the next hearing, they may jointly email the Courtroom Deputy and the hearing will be stricken. To join the next hearing, dial 888-273-3658 and enter access code 2217918. Mailed notice. (as, ) (Entered: 02/04/2022) |
| 02/18/2022 | 80 | MINUTE entry before the Honorable Beth W. Jantz: Status hearing on settlement held on 2/18/22 and continued until 3/8/22 at 10:45 a.m. The parties report that they are close to an executed settlement agreement. If dismissal papers are on file before the next hearing, the hearing will be stricken and no one need call in. To join the next hearing, dial 888-273-3658 and enter access code 2217918. Mailed notice. (as, ) (Entered: 02/18/2022) |
| 02/24/2022 | 81 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling to compel (Trainor, Martin) (Entered: 02/24/2022) |
| 02/24/2022 | 82 | DECLARATION of Martin F. Trainor regarding motion to compel 81 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Trainor, Martin) (Entered: 02/24/2022) |
| 02/25/2022 | 83 | MOTION by Attorney Martin F. Trainor to withdraw as attorney for Christopher Mechling, Nicholas Mechling. No party information provided (Gaudio, Justin) (Entered: 02/25/2022) |
| 02/28/2022 | 84 | MINUTE entry before the Honorable Franklin U. Valderrama: For the reasons stated in the motion, the Court grants Justin R. Gaudio's Motion to Withdraw Martin F. Trainor as Counsel 83 . Martin F. Trainor is withdrawn as counsel for Plaintiffs Nicholas Mechling and Christopher Mechling. Mailed notice (axc). (Entered: 02/28/2022) |
| 03/08/2022 | 85 | MINUTE entry before the Honorable Beth W. Jantz: Status hearing held on 3/8/22. The parties report that they anticipate finalizing a settlement agreement in the coming days. Defendant's response to plaintiffs' motion to compel 81 is due by 3/31/22. The response date will be stricken if dismissal papers are on file in advance of the due date. Mailed notice. (as, ) (Entered: 03/08/2022) |
| 03/29/2022 | 86 | Agreed Motion for Entry of a Consent Judgment by Christopher Mechling, Nicholas Mechling (Christensen, Jake) Modified on 4/1/2022 (cc, ). (Entered: 03/29/2022) |
| 04/01/2022 | 87 | MINUTE entry before the Honorable Franklin U. Valderrama: The Court grants the parties' Agreed Motion for Entry of a Consent Judgment 86 . Enter Consent Judgment. Pursuant to the Consent Judgment, this case is dismissed with prejudice, with each party to bear its own attorneys' fees and costs. The Court terminates Defendant's motion to stay 70 and Plaintiffs' motion to compel 81 as moot. This civil case is terminated. Mailed notice (cc, ) (Entered: 04/01/2022) |
| 04/01/2022 | 88 | CONSENT JUDGMENT Signed by the Honorable Franklin U. Valderrama on 4/1/2022. Mailed notice(cc, ) (Entered: 04/01/2022) |
| 04/01/2022 | 89 | MINUTE entry before the Honorable Beth W. Jantz: In light of minute entry 87 , all matters relating to the referral being completed, the referral is closed and Magistrate Judge Beth W. Jantz is no longer on the case. Mailed notice. (as, ) (Entered: 04/01/2022) |

| | | |
|---|---|---|
| 04/01/2022 | 90 | ENTERED JUDGMENT Mailed notice(cc, ) (Entered: 04/01/2022) |
| 04/04/2022 | 91 | MAILED trademark report with certified copy of closing order dated 4/1/2022 to Patent Trademark Office, Alexandria VA (exr, ) (Entered: 04/04/2022) |
| 11/30/2022 | 92 | MOTION by Plaintiffs Christopher Mechling, Nicholas Mechling for Release of Bond (Christensen, Jake) (Entered: 11/30/2022) |
| 12/01/2022 | 93 | ORDER TO RELEASE BOND: The Court grants Plaintiffs' Motion for Release of Bond 92 . The one thousand dollar ($1,000) cash bond posted by Plaintiffs Nicholas Mechling and Christopher Mechling ("Plaintiffs"), including any interest minus the registry fee, is hereby released to Justin R. Gaudio of Greer, Burns & Crain, Ltd. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court to Justin R. Gaudio of Greer, Burns & Crain, Ltd. 300 South Wacker Drive, Suite 2500, Chicago, IL 60606 by check made out to the Greer, Burns & Crain IOLTA account. Signed by the Honorable Franklin U. Valderrama on 12/1/2022. Mailed notice (axc). (Entered: 12/01/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/06/2024 17:15:54 | | | |
| **PACER Login:** | davidwilson415 | **Client Code:** | T4152-6 |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cv-01538 |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |