BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W. Broadway, Suite 1600
San Diego, CA  92101-8494
Telephone:  (619) 219-5335
Facsimile:   (619) 219-5344
Email:  sbhandari@buchalter.com
        echaidez@buchalter.com
        netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone:  (213) 891-0700
Facsimile:   (213) 896-0400
Email:  mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD.,<br><br>    Plaintiff,<br><br>    vs.<br><br>TWINS SPECIAL, LLC, *et al.*,<br><br>    Defendants. | CASE NO. 3:23-cv-00223-JES-DDL<br>[Consolidated with<br>CASE NO. 3:21-cv-00221-JES-DDL]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR 18 U.S.C. § 1927 SANCTIONS**<br><br>*Per Chambers Rules, No Hearing Date Currently Set; Hearing and Briefing Schedule to be set by Chambers*<br><br>Courtroom:        3A<br>Magistrate Judge:  David D. Leshner |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Twins Special Co., Ltd. ("Twins Thailand") will and hereby does move this Court to award sanctions against counsel for Defendants under 28 U.S.C. § 1927, with respect to counsel's conduct at hearings before this Court on October 15, 2024, December 10, 2024, and December 11, 2024, and a brief counsel filed twice, on November 26, 2024 [ECF 293] and November 29, 2024 [ECF 295].

Per Chambers rules and instruction by the clerk on February 3, 2025, this motion is submitted without a hearing date or briefing schedule. Both will be determined by the Court as appropriate.

The parties met and conferred about these matters in November 2024, after which counsel withdrew his brief, *see* ECF 294 (withdrawing ECF 293), but then reconsidered and resubmitted as ECF 295 substantially the same brief, with the same violations that had been called to counsel's attention by Plaintiff's counsel. *See* ECF 301 at 2 ("After observing these problems with the Defense's papers, Plaintiff asked Defense counsel to revise the Opposition to comply with Rule 11 and 28 U.S.C. § 1927. Defense counsel briefly withdrew his papers, but then refiled them with the same frivolous and vexatious arguments that had been called to his attention."). Lead counsel also met and conferred by telephone on February 3, 2025, which resulted in the sanctions request herein dropping from $10,000 to $1 (or nonmonetary relief in the Court's discretion).

This motion relies upon and incorporates by reference on prior briefing regarding how counsel's conduct unreasonably and vexatiously multiplied these proceedings, including the discussion at ECF 301 at 1-5, and ECF 321 at 16-18. These grounds include:

- Asserting on October 15, 2024 a false claim of the existence of last-minute evidence that must be considered before this Court could issue a fair ruling on a matter counsel had just agreed was submitted; then not

submitting any such evidence. This is not just a legal waiver of the right to contest Plaintiff's briefing, but a vexatious multiplication proceedings on the thereby delayed question of whether Defendants had promptly and fully cooperated with the forensic examiner. *See* ECF 301 at 1-2.

- Intentionally (*see* ECF 295 at 3 ("The Mechlings will provide clear details at the hearing…") refusing to provide evidence and argument defending against Plaintiff's assertions. *See generally* ECF 295 (throughout providing only vague outlines of positions, often merely in captions without discussion in the text, *see* ECF 301 at 1-2. This deliberate obfuscation prevented efficient and fair testing of both sides' contentions, multiplying the burdens on the Court and Plaintiff. It was also contrary to the Court's ruling on November 8, 2024 that the parties must support their contentions with affidavits, not just a proffer of evidence. There is no doubt this reflected an intentional decision by counsel. Not only was the lack of factual support for counsel's assertions raised by Plaintiff during the meet and confer that preceded counsel's withdrawal of ECF 293, but counsel actually deleted reference to evidence the refiled brief, ECF 295. While ECF 293 referenced a declaration of Nicholas Mechling (*see* ECF 293 at 9:2 ("The Mechlings tell a different story and explain themselves in detail. (See Nicholas Mechling Decl., para.4).") that would support the factual positions in the brief, ECF 295 removed that reference in favor of a statement that the Mechlings would in the future "explain themselves in detail." ECF 295 at 7:14-15.

- Using this intentional sandbagging to assert frivolous factual assertions, again without any evidentiary support, specifically, the claims that only 11 or 13 documents of the hundreds of thousands recovered were material, and that no data was destroyed.

- Asserting legally frivolous arguments regarding collateral estoppel allegedly barring Plaintiff's claims and obviating sanctions for obstructing or disobeying court orders, *see* ECF 301 at 6.

Bad faith multiplication of proceedings, whether due to subjective intent or objective frivolousness of the means, merits sanctions under section 1927. *In re Peoro*, 793 F.3d 1048, 1051 (9th Cir. 1986); *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Both subjective intent and objective frivolousness are present. Counsel's opposition brief contained no evidence supporting numerous factual contentions, in direct violation of this Court's November 8 order. Many of the brief's factual contentions (including putting in issue whether Defendants cooperated with the Examiner before September 20) were not supported by any evidence at the hearing. Counsel's brief confessed the intent to withhold clear contentions until the December 10 evidentiary hearing, and even withdrew an earlier plan to present a declaration stating those contentions. The brief maintained this lack of a reasonable basis despite Plaintiff's calling it to counsel's attention. Counsel exploited this deliberate misconduct through frivolous surprise arguments about the evidence at the hearing and the December 11 oral argument. The evidentiary arguments were frivolous, contrary to the record, and reflected abdication of counsel's due to reasonably investigate factual contentions before putting them to the Court. Counsel's brief also advanced frivolous legal arguments, including concerning alleged collateral estoppel effects of a proceeding in which Twins Thailand was not even a party. Counsel's conduct unreasonably multiplied proceedings—at a minimum, regarding the issue of whether Defendants promptly and fully cooperated with the Court's forensic examination order before September 20, 2024, which on October 15, 2024, counsel stopped the Court from ruling on after having submitted the matter to the Court.

Twins Thailand recognizes that counsel has difficult clients. Defendants have burned through multiple lawyers, who withdrew in part due to breakdown in relations

with Defendants. Defendants have clearly decided to take actions contrary to Court orders, including by deleting evidence, putting counsel in a very difficult position. Counsel has sometimes recognized that duties to the Court override any request by clients to act illegally or otherwise contrary to Court orders. Twins Thailand therefore did not seek sanctions previously, despite counsel stepping over the line many times, and instead chose to ask counsel to reconsider, as reflected in ECF 301 at 2.

However, defense counsel has allowed Defendants' desire to break the law to override his duty to the Court sufficiently often, including in recent filings, that a warning from the Court is overdue. Plaintiff therefore requests that a nominal award be made—$1 (far less than the costs caused, *see* ECF 321-1 at para. 23), or a nonmonetary action in the Court's discretion—as a deterrent against inevitable future requests by Defendants to override counsel's duties.

Dated: February 3, 2025   BUCHALTER
A Professional Corporation

By: */s/ Sanjay Bhandari*
SANJAY BHANDARI
MATTHEW L. SEROR
EMILY S. CHAIDEZ
NEUSHA ETEMAD

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.