BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN 181920)
EMILY S. CHAIDEZ (SBN 297283)
NEUSHA ETEMAD (SBN 329455)
655 W. Broadway, Suite 1600
San Diego, CA  92101-8494
Telephone:  (619) 219-5335
Facsimile:   (619) 219-5344
Email:  sbhandari@buchalter.com
        echaidez@buchalter.com
        netemad@buchalter.com

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone:  (213) 891-0700
Facsimile:   (213) 896-0400
Email:  mseror@buchalter.com

Attorneys for Plaintiff
TWINS SPECIAL CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWINS SPECIAL CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>TWINS SPECIAL, LLC, et al.,<br><br>Defendants. | Case No. 23-cv-00223-JES-DDL<br>Related Case No. 21-cv-00221-JES-DDL<br><br>**RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW AND FOR AN EXTENSION OF TIME**<br><br>District Judge:  James E. Simmons, Jr.<br>Magistrate Judge:  David D. Leshner<br><br>Hearing: May 28, 2025, 10 a.m.<br>Courtroom: 4B |

Per this Court's order [ECF 336], Plaintiff Twins Special Co., Ltd. ("Twins Thailand" or "we") respectfully responds as follows to Defendants' motion [ECF 335] for withdrawal of counsel and extension of time for objections to Magistrate Judge Leshner's May 5, 2025 Report and Recommendation ("R&R") [ECF 333].

We must begin on a human level: we wish Mr. Morris a speedy and full recovery. On learning of his diagnosis, we immediately conveyed our sympathy and desire to help, including accommodating his treatment. We began helping by emailing him our research on what remains in this case: basically just briefs on the form of judgment. *See* ECF 335 at 3 (terminating sanctions function as default).

Given this, we are unaware of any actual conflict between Mr. Morris' treatment and the imminent end of this case. Mr. Morris says that "upcoming" treatments may pose a problem, but not when. [ECF 334-1 ¶ 3]. He does not say he must immediately withdraw from all cases, e.g., for long-term hospitalization. Any significant conflict seems far off. We can move any date that conflicts with treatment, and wrap up quickly: our judgment papers can be filed in a week. After Defendants respond, the Court can rule on the papers. Very soon, this case will be over.

Courts are reluctant to allow withdrawal at critical stages, particularly in cases long in the tooth.[1] They weigh prejudice[2] and a party's contribution to delay[3] against such requests. This case is at a critical stage, and has been pending for over three

---

[1] "The stage of the litigation is a factor that courts often emphasize when evaluating the request to withdraw. Courts are…less willing [to permit withdrawal] where the case is late in the proceedings or when deadlines are imminent because of increased prejudice." *Gaynor v. Slade*, No. 21cv777-NLS, 2022 WL 4487999, at *2 (S.D. Cal. Sept. 27, 2022).

[2] "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-CV-2540-IEG-WVG, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013). "An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance,* 810 F.Supp. 275, 276 (C.D. Cal.1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott,* No. C 97-4737, 2004 U.S. Dist. LEXIS 28264, at *4 (N.D.Cal. Dec. 1, 2004); S.D Cal. L.R. 83.3(f)(3).

[3] *Echostar Satellite, L.L.C. v. Viewtech, Inc.*, No. 07-CV-1273 W (AJB), 2010 WL 11509159, at *2 (S.D. Cal. Apr. 16, 2010) (denying motion to withdraw where case was pending for nearly three years and much delay was due to defendants' tactics).

years, with heavy delays due to Defendants' conduct. [ECF 194 at 1-5; ECF 240 at 2-3; ECF 233 (R&R) at 3-9]. Tribunals around the world await this Court's ruling, which will affect proceedings in Canada, the United Kingdom, and the European Union. [ECF 194-1 at ¶ 2 and Ex. A.] When asked to consent to delay, we asked if Defendants would halt these worldwide proceedings. Defendants did not answer and instead filed their motion, seeking delay without addressing its prejudice.

In ruling on withdrawal, courts must balance hardships.[4] Given the minimal work left in this case, and the flexibility we (and no doubt the Court) would offer Mr. Morris, actual hardship or conflict with treatment is highly unlikely. Even if a few weeks of juggling schedules is needed, that does not outweigh the heavy burdens withdrawal with delay would impose on the Court, other tribunals, Twins Thailand, and customers awaiting resolution. If counsel wishes to withdraw after a few weeks, instead of handling any appeal, we see no problem. But withdrawal should be briefly postponed.

We must also point out that Defendants' two prior changes in counsel caused many months of delay.[5] As a result, this Court repeatedly held that no further delays would be granted, whether or not Defendants had counsel, or counsel wanted more

---

[4] *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (ruling on a motion to withdraw "must involve a balancing of the equities"). In *Robinson*, the court denied withdrawal because the case was in its final stages after years, and "it would be very difficult for Plaintiff to obtain new counsel in a timely manner." 2010 WL 3259384 at *2. The court decided it could not "reasonably permit counsel to withdraw at this point in the litigation": a five day trial had been held, with post-trial briefing due. *Id*. at *2-3.

[5] Defendants needed about 5.5 months and 2.5 months previously. Defendants' first counsel moved to withdraw on September 22, 2023 [ECF 108] after having told Defendants' four months earlier to find new counsel because they had not paid their bills [ECF 108-2, ¶ 3]. Their second counsel appeared on November 9, 2023 [ECF 125] and moved to withdraw on March 19, 2024 because Defendants would not communicate and didn't pay bills. [ECF 163 and 163-2, ¶ 3]. Their third counsel (Mr. Morris) appeared on June 6, 2024 [ECF 196].

time.[6] The response now should be the same: this case should continue without delay, whether or not Defendants have counsel.

Relatedly, there is no good reason to delay ruling on Judge Leshner's R&R. Defendants' request, filed the same day their objections were due, gives no reason why counsel's May 8 diagnosis prevented any work needed to file objections to the May 5 R&R. [ECF 194-1 at 2]. Nor does it suggest there are meritorious objections. The evidence is clear and conceded that Defendants disobeyed Court orders:

> **The Court [Magistrate Judge Leshner]**: … I'll let you continue, Mr. Morris, but I think I need to be clear with you from the outset. I have grave concerns about the integrity of the discovery process in this case that have been created by your clients' actions. And I know… that's not a question so much as a statement. But I…and I cannot put this serious enough – grave concerns at this point.
> …
> **The Court**: … [Twins Thailand's] motion is based under Rule 37(b)(2), which provides the authority for the issuance of sanctions for failure to comply with a court order. And I – how does the testimony not plainly establish that your clients failed to comply with the court orders to produce all responsive documents in their possession? And that they failed to comply with the order to participate in the forensic examination. Not just by delaying and obfuscating but by deleting documents off of the device before they're turned over.
>
> I mean, how are those not failures to comply with court orders and deserving of some remedy, whether it's terminating sanctions or not?...
>
> **Attorney Morris**: Right.
>
> **The Court**: But I think that's probably where you best focus your argument, Mr. Morris. Because I am having a very difficult time coming to any conclusion other than your clients did not obey court orders.
>
> **Attorney Morris**: *And I would not make the argument that they did*.

---

[6] In his April 5, 2024 order granting the second defense team's motion to withdraw, noting "that this is the second motion to withdraw filed by Defendants' counsel," Judge Leshner ruled that the Court "will not grant further continuances of the pretrial schedule absent a showing of exceptional circumstances." *Id.* ECF 176 at 5. The April 8 Amended Scheduling Order reiterated: "The Court will not grant further continuances of the pretrial schedule absent a showing of exceptional circumstances." [ECF 179 at 2]. When Mr. Morris entered the case and asked for a 120-day extension of all deadlines (to get up to speed and accommodate a family vacation) [ECF 202], the Court continued one disclosure deadline, but denied the motion in all other respects. [ECF 208].

*See* Ex. A (Transcript), at 31:2 to 32:13 (emphasis added). In sum, the May 8 diagnosis did not prevent the May 19 deadline from being respected, especially given the closed record; and there is no reason to question the R&R. Defendants had four opportunities to present their evidence and arguments against sanctions: the November 2024 briefing cycle; the December 10, 2024 evidentiary hearing; the December 11, 2024 oral argument; and the January 2025 briefing cycle. *See* R&R at 9-10; ECF 320. Their evidence and arguments were thoroughly considered in Judge Leshner's lengthy and thoughtful decision, which gave neither side exactly the ruling for which they argued. *See* ECF 233 (R&R) at 18-37. Defendants were heard, and a just result was reached.[7]

For the above reasons, we respectfully request that the Court deny Defendants' motion, adopt Judge Leshner's R&R, and set expedited briefing on the one remaining motion (on the form of judgment that will issue). This will allow this case to rapidly wrap up, avoiding any meaningful burden on Mr. Morris.

Dated:  May 23, 2025            BUCHALTER
                                A Professional Corporation


                                By: */s/ Sanjay Bhandari*
                                    SANJAY BHANDARI
                                    MATTHEW L. SEROR
                                    EMILY S. CHAIDEZ
                                    NEUSHA ETEMAD

                                    Attorneys for Plaintiff
                                    TWINS SPECIAL CO., LTD.

BN 89298502v2

---

[7] If the Court nonetheless decides to grant an extension, it should be minimal, taking into account the ten days between May 19 and the May 28 hearing date.